IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| TOUCH AMERICA HOLDINGS, INC., et al., ) | Bk. No. 03-11915 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ENTECH LLC, ) | Adv. No. 04-52935 (KJC) |
| ) | |
| Plaintiff, ) | |
| ) | |
| OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | C.A. No. 04-1336-SLR |
| ) | |
| WESTMORELAND COAL COMPANY, ) | |
| a Delaware corporation, and ) | |
| WESTMORELAND MINING LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that the undersigned counsel has received the Proof of Service of National City Bank, attached as Exhibit A, which certifies that National City Bank, Attention: Records Custodian, 4100 West 150th Street, Cleveland, Ohio 44139, was served on

April 13, 2005 with the Subpoena issued by the United States District Court for the Northern District of Ohio, attached as Exhibit B.

Dated: Wilmington, Delaware
April 14, 2005

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Christian Douglas Wright*

Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Christian Douglas Wright (No. 3554)
Matthew B. McGuire (No. 4366)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Co-counsel to the Plaintiff

# EXHIBIT A

AO88 (Del. Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | April 13, 2005 | 4100 W. 150th Street, Cleveland, OH 44139 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| National City Bank | accepted by Judy Nelson |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marilyn Stewart | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on April 13, 2005
DATE

*Marilyn H. Stewart*
SIGNATURE OF SERVER

CEFARATTI GROUP
4608 St. Clair Ave.
CLEVELAND, OHIO 44103
ADDRESS OF SERVER

---

Rule 45. Federal Rules of Civil Procedure. Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# EXHIBIT B

AO88 (Del. Rev. 7/00) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OHIO

SUBPOENA IN A CIVIL CASE

In re:  
TOUCH AMERICA HOLDINGS, INC., et al., Debtors

CASE NUMBER: 03-11915 (KJC)  
United States Bankruptcy Court, District of Delaware

ENTECH LLC, Plaintiff,  
v.  
WESTMORELAND COAL COMPANY, and  
WESTMORELAND MINING LLC, Defendants

Adversary Proceeding No. 04-52935 (KJC)  
C.A. No. 04-1336-SLR  
United States District Court, District of Delaware

TO:   National City Bank  
      Attention: Records Custodian  
      4100 West 150th Street  
      Cleveland, OH 44139

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed in the attached Schedule A at the place, date, and time specified below.

| PLACE   Brouse McDowell, LPA<br>c/o Michael C. Brink, Esquire<br>1001 Lakeside Avenue<br>Suite 1600<br>Cleveland, OH 44114-1151 | DATE AND TIME<br>April 29, 2005 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>/s/ Christian Douglas Wright<br>Attorney for Plaintiff | DATE<br>04/12/05 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER  
Christian Douglas Wright, Esquire; Young Conaway Stargatt & Taylor, LLP; The Brandywine Building; 1000 West Street; 17th Floor; P.O. Box 391; Wilmington, DE 19899-0391; (302) 571-6691

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

AO88 (Del. Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | April 13, 2005 | 4100 W. 150th Street, Cleveland, OH 44135 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| National City Bank | Accepted by Judy Nelson |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marilyn Stewart | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  April 13, 2005
DATE

*Marilyn H. Stewart*
SIGNATURE OF SERVER

CEFARATTI GROUP
4608 St. Clair Ave.
CLEVELAND, OHIO 44103
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

1. All financial statements provided by Westmoreland, including but not limited to (i) the Historical Statements referred to in Section 6.1.9 of the Credit Agreement or in Section 5.9 of the Term Loan Agreement, and (ii) the financial statements listed in Schedule 6.1.9 of the Credit Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

2. All documents or communications that relate or refer to any financial statements provided by Westmoreland, including but not limited to (i) the Historical Statements referred to in Section 6.1.9 of the Credit Agreement or in Section 5.9 of the Term Loan Agreement, and (ii) the financial statements listed in Schedule 6.1.9 of the Credit Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

3. All documents or communications that relate or refer to the representation and warranty in either of Section 6.1.9 of the Credit Agreement and Section 5.9 of the Term Loan Agreement that the Historical Statements (as defined in Section 6.1.9 of the Credit Agreement and Section 5.9 of the Term Loan Agreement) "are correct and complete and fairly represent the financial condition of WECO and Northwestern as of their dates and the results of operations for the fiscal periods then ended and have been prepared in accordance with GAAP consistently applied, subject (in the case of the Interim Statements) to normal year-end audit adjustments and the absence of footnotes."

4. Any "Confidential Offering Memorandum" provided by Westmoreland pursuant to Section 6.1.11 of the Credit Agreement or Section 5.11 of the Term Loan Agreement.

5. All documents or communications that relate or refer to any "Confidential Offering Memorandum" provided by Westmoreland pursuant to Section 6.1.11 of the Credit Agreement or Section 5.11 of the Term Loan Agreement.

6. All documents or communications that relate or refer to any "Multiemployer Plan" or "Multiple Employer Plan" (as those terms are used in Section 6.1.23 of the Credit Agreement or in Section 5.23 of the Term Loan Agreement) of Westmoreland or Parent, which involve, concern, or relate in any way to Westmoreland or the Companies.

7. All "updates to Schedules" (as that term is used in Section 6.2 of the Credit Agreement) provided by Westmoreland pursuant to Section 6.2 of the Credit Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

8. All documents or communications that relate or refer to any "updates to Schedules" (as that term is used in the Credit Agreement) provided by Westmoreland pursuant to Section 6.2 of the Credit Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

9. All documents or communications that relate or refer to any "books of record and account" (as that term is used in Section 8.1.8 of the Credit Agreement), which involve, concern, or relate in any way to Westmoreland or the Companies.

10. All documents or communications that relate or refer to the "purchase price adjustment" referenced in Section 8.1.21 of the Credit Agreement and Section 9.1(t) of the Term Loan Agreement.

11. All documents or communications that relate or refer to the compliance by the Loan Parties with the requirements concerning "Plans and Benefit Arrangements" set forth Section 8.2.11 of the Credit Agreement.

12.     All monthly, quarterly or annual financial statements provided by any of the Loan Parties, Obligors, or Parent, including but not limited to those provided pursuant to Sections 8.3.1, 8.3.2, and 8.3.3 of the Credit Agreement or pursuant to Section 7.1 of the Term Loan Agreement.

13.     All documents or communications that relate or refer to any monthly, quarterly or annual financial statements provided by any of the Loan Parties, Obligors, or Parent, including but not limited to those provided pursuant to Sections 8.3.1, 8.3.2, and 8.3.3 of the Credit Agreement or pursuant to Section 7.1 of the Term Loan Agreement.

14.     All "Compliance Certificates" provided by Westmoreland pursuant to Section 8.3.4 of the Credit Agreement or Section 7.1(d) of the Term Loan Agreement.

15.     All documents or communications that relate or refer to any "Compliance Certificates" provided by Westmoreland pursuant to Section 8.3.4 of the Credit Agreement or Section 7.1(d) of the Term Loan Agreement.

16.     Any "notice of all actions, suits, proceedings or investigations" within the meaning of Section 8.3.6 of the Credit Agreement or Section 7.1(f) of the Term Loan Agreement which have been provided to National City Bank, which involve, concern, or relate in any way to Westmoreland or the Companies.

17.     All documents or communications that relate or refer to any "notice of all actions, suits, proceedings or investigations" within the meaning of Section 8.3.6 of the Credit Agreement or Section 7.1(f) of the Term Loan Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

18.     All budgets, forecasts, and any other report, document, or information provided by Westmoreland pursuant to Section 8.3.8 of the Credit Agreement or Section 7.1(h) of the

Term Loan Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

19. All documents or communications that relate or refer to any budgets, forecasts, and any other report, document, or information provided by Westmoreland pursuant to Section 8.3.8 of the Credit Agreement or Section 7.1(h) of the Term Loan Agreement, which involve, concern, or relate in any way to Westmoreland or the Companies.

20. All annual reports and accompanying schedules, actuarial reports, and any other financial information referred to in Section 8.3.9.2 of the Credit Agreement and provided by Westmoreland.

21. All documents or communications that relate or refer to any annual reports and accompanying schedules, actuarial reports, and any other financial information referred to in Section 8.3.9.2 of the Credit Agreement and provided by Westmoreland.

22. All "Financial Projections" provided by Westmoreland pursuant to Section 5.9 of the Term Loan Agreement.

23. All documents or communications that relate or refer to any "Financial Projections" provided by Westmoreland pursuant to Section 5.9 of the Term Loan Agreement

24. To the extent not addressed in or called for by Items 1 through 23 above, all document or communications provided by Westmoreland from April 1, 2000 to the present, which involve, concern, or relate in any way to Westmoreland's acquisition of the Companies, including, without limitation, any documents or communications relating to the accounting books and records of any of the Companies.

4

## INSTRUCTIONS

1.    This Subpoena applies to all documents in your possession, custody or control, wherever located.

2.    References in this Subpoena to any person or entity shall include the person or entity and his, her, or its present and former corporate parents, predecessors in interest, successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on his, her, or its behalf.

3.    If, in responding to this Subpoena, you claim any ambiguity in interpreting a request, or any applicable definition or instruction, you may not utilize that claimed ambiguity as a basis for refusing to respond. Rather, you shall set forth as part of your response the language deemed ambiguous, and the interpretation you used in responding to that request.

4.    A request for a document shall be deemed to include a request for the original and final versions of the document, all drafts, alterations, modifications, changes and amendments thereto, as well as all non-identical copies or drafts of such documents, including any copy bearing non-identical markings or notations of any kind, as well as and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document.

5.    Any document described herein is to be produced as it is kept in the ordinary course of business, in its original file folder, with all labels or similar markings intact, and with the name of the Person from whose files it was produced. Documents stored electronically shall be produced in electronic format as stored and/or copied exactly onto medium such as diskettes, "Zip" disks, CD-ROM, DVD-ROM, or the like.

6. In the event that any responsive document is maintained in computer-readable form, such document shall be produced: (i) in hard copy form, in a format generally used in the ordinary course of business; and (ii) on disk, tape, or other computer storage medium, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

7. Each request herein should be construed independently and not with reference to any other request for the purpose of limitation.

8. If it is not possible to produce any document called for by this Request, or if any part of this Request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

9. If a document responsive to any request is no longer in your possession, custody or control, state what disposition was made of the document and the date of such disposition, and identify all Persons having knowledge of the document's contents.

10. If a document responsive to any request is no longer in your possession, but a copy of said document has been maintained by your agent, advisor or consultant (such as, but not limited to, any of your accountants, auditors, attorneys, financial advisors, or experts), include such document in your production.

11. If any document responsive to any request has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the Person who destroyed the document or ordered or authorized such destruction.

12. If you claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested documents, furnish a list identifying

each document for which the privilege or protection is claimed, together with the following information:

    (a)    type of document(s) (*e.g.*, memorandum, letter);

    (b)    date of the document(s);

    (c)    length of the document(s);

    (d)    author or sender of document(s);

    (e)    addressee and all other Persons to whom copies of the document(s) were furnished, together with their job titles;

    (f)    general subject matter of the document(s);

    (g)    basis for withholding the document(s); and

    (h)    the specific Request to which such document(s) is (are) responsive.

When one writing is responsive to more than one specific request, only one identical copy of the writing need be produced.

    13.    Any documents responsive to any request which you deem to be confidential will be maintained as confidential pursuant to the terms of District of Delaware Local Rule 26.2, which provides that until such time as an appropriate protective order is in effect, production of confidential information is limited to members and employees of trial counsel who have entered an appearance in the litigation and who have, where appopriate, been admitted *pro hac vice*, with such persons being obligated to keep such documents confidential and use them only for purposes of litigating the case. Once an appropriate protective order is in effect, any confidential documents produced will be subject to the protections provided by that protective order.

    14.    Unless otherwise specified, the relevant time period applicable to these document requests is January 1, 1999 to present.

### DEFINITIONS

For purposes of this Subpoena, the following terms shall have the following meanings:

7

WP3:1102575.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　062207.1001

1.  The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Schedule information that might otherwise be construed to be outside its scope; the singular shall include the plural and the plural shall include the singular except as the context may otherwise dictate; the term "any" means "any and all" and the term "all" means "any and all"; the past tense shall include the present tense, and vice versa; and the word "including" means "including without limitation."

2.  "Communication" means any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

3.  "The Companies" means Basin Resources, Inc., Horizon Coal Services, Inc., North Central Energy Company, Northwestern Resources Co., Western Energy Company, and Western SynCoal LLC.

4.  "Credit Agreement" means the $20,000,000 Revolving Credit Facility Credit Agreement dated April 27, 2001 between Westmoreland, the Guarantors and Banks party thereto, and PNC Bank, National Association, as Agent, and any amendments thereto.

5.  "Date" means the exact year, month and date, if known, or, if not, your best approximation thereof.

6.  "Document" shall have the broadest meaning possible under Federal Rules of Civil Procedure 26 and 34. Further, the word "document" is used in the broad sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced of any kind and description, and whether an original, master, duplicate or copy, including but not limited to, papers, notes of conversations, contracts, electronic mail, computer files, agreements, drawings,

telegrams, tape recordings, communications of any kind whatsoever (including inter-office and intra-office memoranda), reports, studies, working papers, corporate records, minutes of meetings (including meetings of boards of directors or committees thereof), notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, meetings or conferences, or things similar to any of the foregoing, and include any data, information or statistics contained within any data storage modules, tapes, discs or other memory device or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs. The word "document" also includes data compilations from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modification copy or non-identical copy is a separate "document."

7. "National City Bank" or "your" or "you" means National City Bank, and its affiliates, subsidiaries, agents, representatives, officers, directors, partners, associates and employees.

8. "Including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

9. "Loan Parties" means Westmoreland, WECO, and Northwestern.

10. "Northwestern" means Northwestern Resources Co., a guarantor under the Credit Agreement and a guarantor and obligor under the Term Loan Agreement.

11. "Obligors" means WECO and Northwestern.

12.    "Parent" means Westmoreland Coal Company, Inc. and any of its predecessors, successors, parent corporation, subsidiaries, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

13.    "Person" means any individual, natural person, firm, partnership, association, corporation, limited liability company, limited partnership, joint venture, or any other legal, business or governmental entity of any type whatsoever.

14.    "Purchasers" has the meaning set forth in the Term Loan Agreement.

15.    "Relate to" or "relating to" mean concerning, regarding, referring to, discussing, supporting, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting or mentioning, directly or indirectly, in whole or in part.

16.    "Term Loan Agreement" means the Term Loan Agreement concerning Westmoreland Mining LLC $20,000,000 Floating Rate Senior Guaranteed Secured Notes, Series A, due June 30, 2002 and $100,000,000 9.39% Senior Guaranteed Secured Notes, Series B, due December 31, 2008, dated April 27, 2001, and any amendments thereto.

17.    "WECO" means Western Energy Company, a guarantor under the Credit Agreement and a guarantor and obligor under the Term Loan Agreement.

18.    "Westmoreland" means Westmoreland Mining LLC and any of its predecessors, successors, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

## CERTIFICATE OF SERVICE

I, Kimberly A. Beck, hereby certify that I am not less than 18 years of age, and that on April 14, 2005, I caused a copy of the foregoing **Notice of Service of Subpoena** (National City Bank) to be served upon the parties identified below in the manner indicated thereon.

_____
Kimberly A. Beck

Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
***By Hand Delivery***

John G. Hutchinson, Esq.
Sidley Austin Brown & Wood LLP
787 Seventh Avenue
New York, NY 10019
***By First Class Mail***

Rolf S. Woolner, Esq.
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
***By First Class Mail***

Christopher A. Ward, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
***By Hand Delivery***

C. MacNeil Mitchell, Esq.
Piero A. Tozzi, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
***By First Class Mail***

National City Bank
Attn: Records Custodian
4100 West 150th Street
Cleveland, OH 44139
***By First Class Mail***