IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| TOUCH AMERICA HOLDINGS, INC., et al., ) | Bk. No. 03-11915 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ENTECH LLC, ) | |
| ) | Adv. No. 04-52935 (KJC) |
| Plaintiff, ) | |
| ) | |
| OFFICIAL COMMITTEE OF UNSECURED ) | |
| CREDITORS, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | C.A. No. 04-1336-SLR |
| ) | |
| WESTMORELAND COAL COMPANY, ) | |
| a Delaware corporation, and ) | |
| WESTMORELAND MINING LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |

## ORDER

THIS ___ day of _____, 2005, upon consideration of plaintiff's Motion to Compel, together with all responses thereto, IT IS HEREBY ORDERED that the Motion to Compel is GRANTED. Defendants are hereby ORDERED to:

(1) Produce, with five (5) business days from entry of this Order, all responsive, non-privileged documents relating to:

    (a) any valuation of the Companies[1] (Request for Production No. 9);

---

[1] Capitalized terms used herein are used as defined in plaintiff's Opening Brief in support of the Motion to Compel.

(b) any work performed by KPMG with respect to the Transaction Financing Agreements (Request for Production No. 11);

(c) the accounting and tax treatment, methods, or procedures used by Westmoreland with respect to the Companies from April 30, 2001 to the present day (Request for Production No. 12);

(d) the minutes (including drafts) of or materials presented or provided at, or notes taken by persons present at any meeting of the Westmoreland board of directors at which there was any discussion or consideration of the Transaction, the Objections, the Proof of Claim, the Indemnity Notices, the Financial Materials, the Interim Financial Statements, or the Transaction Financing Agreements (Request for Production No. 15);

(e) any opinion, expression of views, advice, or other communication Westmoreland received relating to the Transaction, the Objections, the Proof of Claim, the Indemnity Notices, the Financial Materials, the Interim Financial Statements, or the Transaction Financing Agreements (Request for Production No. 16);

(f) any meetings or communications between Entech and Westmoreland relating to the Transaction, the Objections, the Proof of Claim, the Indemnity Notices, the Financial Materials, the Interim Financial Statements, or the Transaction Financing Agreements (Request for Production No. 17);

(g) the Section 338(h)(10) Election made by Westmoreland (Request for Production No. 19);

(h) the files of Thomas S. Barta, Westmoreland's Controller, relating to the Transaction, the Objections, the Proof of Claim, the Indemnity Notices, the

Financial Materials, the Interim Financial Statements, or the Transaction Financing Agreements (Request for Production No. 20);

  (i) organizational charts that show the personnel in Westmoreland's Colorado Springs offices from 2000 to the present, and the personnel at Western Energy Company and Northwestern Resources Inc. from April 30, 2001 to the present (Request for Production No. 25); and

  (j) setting forth or reflecting Westmoreland's general document retention policies and those with respect to electronic mail and other electronic data, respectively, from 2000 to the present (Request for Production Nos. 26 and 27).

  (2) Provide, with five (5) business days from entry of this Order, full and complete responses to Interrogatory Nos. 6, 17, 18, and 20. To the extent that defendants elect to respond by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), defendants shall produce any such business records within five (5) business days from entry of this Order; and

  (3) Pay plaintiff's reasonable costs and expenses, including attorneys' fees, incurred in connection with the Motion to Compel.

_____
United States District Judge