# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                                    : Chapter 11
                                                                         : Case No. 03-11915 (KJC)
TOUCH AMERICA HOLDINGS, INC., et al.,   :
                                                                         : Jointly Administered
                                        Debtors.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                         :
ENTECH LLC,                                                              :
                                                                         :
                                        Plaintiff,                       : Adversary No.:  04-52935(KJC)
                                                                         :
                 -- vs. --                                               :
                                                                         : C.A. 04-1336-SLR
WESTMORELAND COAL COMPANY, a          :
Delaware Corporation, and                                                :
WESTMORELAND MINING LLC, a Delaware   :
Limited Liability Company,                                               :
                                                                         :
                                        Defendants.                      :
                                                                         :
                                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**RESPONSES AND OBJECTIONS OF DEFENDANTS WESTMORELAND COAL
COMPANY AND WESTMORELAND MINING LLC TO PLAINTIFF'S FIRST
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule

26.1 of the Local Rules of Civil Practice and Procedure of the United States District Court of the

District of Delaware (the "Local Rules"), Westmoreland Coal Company and Westmoreland

Mining, LLC (collectively, "Westmoreland") through their attorneys, respond and object to the

First Set of Requests for Production of Documents and Things Directed to Defendants (the

"Request") of plaintiff, Entech LLC ("Entech") as follows:

## GENERAL OBJECTIONS

1.    Westmoreland objects to the Request to the extent that it seeks the production of documents or information subject to the attorney client privilege, the work product doctrine or any other applicable privilege or immunity from disclosure.

2.    Westmoreland objects to the Request to the extent that it purports to require Westmoreland to produce confidential documents or information in advance of the entry by the Court of a valid protective order to preserve the confidentiality of the confidential and proprietary documents sought by the Request.

3.    The objection, failure to object or an agreement to produce responsive documents or information does not constitute a representation by Westmoreland that any such responsive documents or information exist or are within its possession, custody or control.

4.    Westmoreland objects to the Request and to each and every specific request set forth therein to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In responding to the Request, Westmoreland does not admit the factual or legal premise underlying any specific request contained therein.

5.    Westmoreland objects to Instruction No. 2 of the Request to the extent that it purports to require Westmoreland to produce electronic materials in both hard copy and electronic format on the ground that it imposes burdens in excess of those permitted by the Federal Rules of Civil Procedure.  In responding to the Request, Westmoreland will produce one copy of information that is stored in electronic form.

6.    Westmoreland objects to Instruction No. 6 of the Request to the extent that it purports to require Westmoreland to produce documents that are not in Westmoreland's

possession, custody or control on the ground that it imposes burdens in excess of those permitted by the Federal Rules of Civil Procedure.

7.      Westmoreland objects to Instruction No. 7 of the Request to the extent that it purports to require Westmoreland to describe responsive documents that have been destroyed in the manner set forth therein on the ground that it imposes burdens in excess of those permitted by the Federal Rules of Civil Procedure.

8.      Westmoreland objects to Instruction No. 8 of the Request to the extent that it purports to require Westmoreland to provide information concerning documents withheld on the grounds of privilege or other immunity from disclosure that is not required by Rule 26 of the Federal Rules of Civil Procedure.  In responding to the Request, Westmoreland will provide sufficient information to satisfy the requirements of Rule 26(b)(5) with respect to each document withheld in whole or in part under a claim of privilege or immunity from disclosure.

9.      Westmoreland objects to Instruction No. 10 of the Request to the extent that it imposes burdens in excess of those permitted by the Federal Rules of Civil Procedure.  In responding to the Request, Westmoreland will comply with Rule 26(e) regarding supplementation and will provide sufficient information to satisfy the requirements of Rule 26(b)(5) with respect to each document withheld in whole or in part under a claim of privilege or immunity from disclosure.

10.      Westmoreland objects to Definition Q of the Request on the grounds that the parties have agreed in a so-ordered stipulation that certain of the Objections submitted by Westmoreland to Entech on July 27, 2001 and subsequently revised in September and November 2001, would be resolved in an independent accounting proceeding and that those objections already have been so resolved and therefore the application of Definition Q to the Request causes

it to be overly broad and unduly burdensome and to seek information that is neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.

11.    Westmoreland objects to Definition T of the Request on the grounds that the parties have agreed in a so-ordered stipulation that certain of the Objections submitted by Westmoreland to Entech on July 27, 2001 and subsequently revised in September and November 2001, would be resolved in an independent accounting proceeding and that those objections already have been so resolved and therefore the application of Definition T to the Request causes it to be overly broad and unduly burdensome and to seek information that is neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.    Westmoreland objects to Definition U of the Request on the grounds that the parties have agreed in a so-ordered stipulation that certain of the Objections submitted by Westmoreland to Entech on July 27, 2001 and subsequently revised in September and November 2001, would be resolved in an independent accounting proceeding and that those objections already have been so resolved and therefore the application of Definition U to the Request causes it to be overly broad and unduly burdensome and to seek information that is neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.

13.    Westmoreland objects to Definition CC of the Request on the grounds that the parties have agreed in a so-ordered stipulation that certain of the objections to the Closing Date Certificate submitted by Westmoreland to Entech on July 27, 2001 and subsequently revised in September and November 2001, would be resolved in an independent accounting proceeding and

that those objections already have been so resolved and therefore the application of Definition Q to the Request causes it to be overly broad and unduly burdensome and to seek information that is neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.

14.    In responding to the Request, Westmoreland does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a.    all objections as to competence, relevance, materiality, admissibility in evidence or other use of the Request or any portions thereof or subject matter thereof, or responses or objections by Westmoreland thereto, or any documents or information produced pursuant thereto, including but not limited to, in motions or the trial of this action;

b.    all objections as to vagueness, ambiguity and undue burden;

c.    all rights to object on any ground to the use of any of said documents, information, requests, responses, or objections, or the subject matter thereof, in these or any other subsequent proceedings;

d.    all rights to object on any ground to any request for further production or responses to these or any other requests for documents or information, or any other discovery requests in, or relating to, this action; and

e.    all rights to move for a protective order.

15.    Westmoreland's responses to the Request are based on the best information presently available to Westmoreland. Westmoreland reserves the right to amend or supplement its responses if it obtains other or additional information.

## RESPONSES TO SPECIFIC REQUESTS

**Request No. 1:**

        All documents relating to each representation and warranty in the Stock Purchase Agreement that Defendants contend is false or was breached by Entech.

**Response:**

        Westmoreland objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 1, Westmoreland will produce non-privileged documents that show the falsity or breach by Entech of any representation or warranty in the Stock Purchase Agreement that is at issue in this action.

**Request No. 2:**

        All documents relating to the Transaction, including but not limited to all documents relating to the negotiation of the Transaction and all documents relating to the due diligence performed by Defendants in connection with the Transaction (whether such due diligence was performed prior to the execution of the Stock Purchase Agreement or up through to the Closing Date).

**Response:**

        Westmoreland objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome and seeks documents and information that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 2, Westmoreland will produce non-privileged negotiating files and due diligence files relating to the Transaction.

**Request No. 3:**

All documents relating to the Objections, including but not limited to all documents relating to the preparation of the Objections and all documents relied upon or referred to in preparing the Objections.

**Response:**

Westmoreland objects to Request No. 3 to the extent that it seeks documents concerning Objections that are not at issue in this proceeding on the grounds that the parties have stipulated and agreed that certain of the Objections would be resolved in a separate independent accountant proceeding, such Objections were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 3, Westmoreland will produce non-privileged documents that relate to the Objections at issue in this proceeding.

**Request No. 4:**

All documents relating to the Proof of Claim, including but not limited to all documents relating to the preparation of the Proof of Claim and all documents relied upon or referred to in preparing the Proof of Claim.

**Response:**

Westmoreland objects to Request No. 4 (i) to the extent that it seeks documents that were "referred to in preparing the Proof of Claim" but that were not actually used to prepare the Proof of Claim, on the ground that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence, and (ii) to the extent that it seeks documents concerning Objections that are not at issue in this proceeding on the grounds

that the parties have stipulated and agreed that certain of the Objections would be resolved in a

separate independent accountant proceeding, such Objections were so resolved and therefore it is

overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and

defenses of the parties to this action nor reasonably calculated to lead to the discovery of

admissible evidence. Subject to the foregoing objections and the General Objections, in

response to Request No. 4, Westmoreland will produce non-privileged documents that were used

to prepare the Proof of Claim insofar as it relates to the Objections at issue in this proceeding.

**Request No. 5:**

All documents relating to the Indemnity Notices, including but not limited to all
documents relating to the preparation of the Indemnity Notices and all documents relied upon or
referred to in preparing the Indemnity Notices.

**Response:**

Westmoreland objects to Request No. 5 (i) to the extent that it seeks documents

"referred to in preparing the Indemnity Notices" that were not actually used to prepare the

Indemnity Notices on the ground that it is overly broad, unduly burdensome and seeks

documents that are neither relevant to the claims or defenses of the parties to this action nor

reasonably calculated to lead to the discovery of admissible evidence, and (ii) to the extent that it

seeks documents concerning Objections that are not at issue in this proceeding on the grounds

that the parties have stipulated and agreed that certain of the Objections would be resolved in a

separate independent accountant proceeding, such Objections were so resolved and therefore it is

overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and

defenses of the parties to this action nor reasonably calculated to lead to the discovery of

admissible evidence. Subject to the foregoing objections and the General Objections, in

response to Request No. 5, Westmoreland will produce non-privileged documents relating to the

8

Objections at issue in this proceeding that were used to prepare the Indemnity Notices insofar as they relate to the Objections at issue in this proceeding.

## Request No. 6:

All documents relating to the Financial Materials, including but not limited to all documents relating to Defendants' evaluation of the Financial Materials, the accuracy of the Financial Materials, or the facts underlying any purported inaccuracies in the Financial Materials.

**Response:**

Westmoreland objects to Request No. 6 to the extent that it seeks documents concerning Objections that are not at issue in this proceeding on the grounds that the parties have stipulated and agreed that certain of the Objections would be resolved in a separate independent accountant proceeding, such Objections were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 6, Westmoreland will produce non-privileged responsive documents that relate to the Objections at issue in this proceeding.

## Request No. 7:

All documents relating to the Closing Date Certificate, including but not limited to all documents relating to Defendants' evaluation of the Closing Date Certificate, the accuracy of the Closing Date Certificate, or the facts underlying any of the purported inaccuracies in the Closing Date Certificate.

**Response:**

Westmoreland objects to Request No. 7 on the ground that matters relating solely to the Closing Date Certificate have already been resolved by an independent accountant.

9

**Request No. 8:**

   All documents relating to the Interim Financial Statements, including but not limited to all documents relating to Defendants' evaluation of the Interim Financial Statements, the accuracy of the Interim Financial Statements, Defendants' reliance on the Interim Financial Statements, or the facts underlying any purported inaccuracies in the Interim Financial Statements.

**Response:**

   Westmoreland objects to Request No. 8 to the extent that it seeks documents concerning Objections that are not at issue in this proceeding on the grounds that the parties have stipulated and agreed that certain of the Objections would be resolved in a separate independent accountant proceeding, such Objections were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 8, Westmoreland will produce non-privileged documents that relate to the Objections at issue in this proceeding.

**Request No. 9:**

   All documents relating to any valuation of the Coal Companies, whether such valuation is directed to any of the Coal Companies separately (including any subsidiaries thereof) or to the Coal Companies as a group.

**Response:**

   Westmoreland objects to Request No. 9 to the extent that it seeks documents "relating to any valuation of the Coal Companies" on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections, in response to Request No. 9, Westmoreland will produce valuations

of the Coal Companies prepared by Westmoreland or at its request in connection with the

Transaction.

<u>**Request No. 10:**</u>

All documents relating to the accounting and tax treatment, methods, or
procedures used with respect to the preparation or evaluation of the Financial Materials, the
Closing Date Certificate, or the Interim Financial Statements.

**Response:**

Westmoreland objects to Request No. 10 (i) to the extent that it seeks documents

concerning the Closing Date Certificate on the ground that matters relating solely to the Closing

Date Certificate have already been resolved by an independent accountant, and (ii) to the extent

that it seeks documents concerning any of the Objections that are not at issue in this proceeding

on the grounds that the parties have stipulated and agreed that certain of the Objections would be

resolved in a separate independent accountant proceeding, such Objections were so resolved and

therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to

the claims and defenses of the parties to this action nor reasonably calculated to lead to the

discovery of admissible evidence. Subject to the foregoing objections and the General

Objections, in response to Request No. 10, Westmoreland will produce non-privileged

documents that relate to the Financial Materials, the Interim Financial Statements and the

Objections at issue in this proceeding.

<u>**Request No. 11:**</u>

All documents relating to any work performed by KPMG with respect to the
Financial Materials, the Closing Date Certificate, the Interim Financial Statements, or the
Transaction Financing Agreements.

**Response:**

      Westmoreland objects to Request No. 11 (i) to the extent that it seeks documents

concerning the Closing Date Certificate on the ground that matters relating solely to the Closing

Date Certificate have already been resolved by an independent accountant, and (ii) to the extent

that it seeks documents concerning any of the Objections that are not at issue in this proceeding

on the grounds that the parties have stipulated and agreed that certain of the Objections would be

resolved in a separate independent accountant proceeding, such Objections were so resolved and

therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to

the claims and defenses of the parties to this action nor reasonably calculated to lead to the

discovery of admissible evidence.  Subject to the foregoing objections and the General

Objections, in response to Request No. 11, Westmoreland will produce non-privileged

responsive documents that relate to the Financial Materials, the Interim Financial Statements and

the Objections at issue in this proceeding.

**Request No. 12:**

      All documents relating to the accounting and tax treatment, methods, or
procedures used by Defendants with respect to the Coal Companies from April 30, 2001 to the
present day, including but not limited to any management representation letters, internal
workpapers related to Defendants' audited financial statements, and tax returns and related
workpapers.

**Response:**

      Westmoreland objects to Request No. 12 on the grounds that it is overly broad,

unduly burdensome and seeks documents that are neither relevant to the claims and defenses of

the parties to this action nor reasonably calculated to lead to the discovery of admissible

evidence.  Subject to the foregoing objections and the General Objections, in response to Request

No. 12, Westmoreland will produce non-privileged responsive documents that relate to the

Objections at issue in this proceeding and the accounting treatment applied immediately

following the Closing of the Transaction in connection with Westmoreland's purchase price

accounting.

**Request No. 13:**

All documents relating to Defendants' disclosures to third Persons (including, but not limited to, Persons providing banking or financing advice or services to Defendants) in which Defendants' have included, referred to, or incorporated, in whole or in part, the Financial Materials, the Closing Date Certificate, the Interim Financial Statements, or any information contained therein.

**Response:**

Westmoreland objects to Request No. 13 to the extent that it seeks documents

concerning any of the Objections that are not at issue in this proceeding on the grounds that the

parties have stipulated and agreed that certain of the Objections would be resolved in a separate

independent accountant proceeding, such Objections were so resolved and therefore it is overly

broad, unduly burdensome and seeks documents that are neither relevant to the claims and

defenses of the parties to this action nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to the foregoing objections and the General Objections, in

response to Request No. 13, Westmoreland will produce non-privileged responsive documents

that relate to the Objections at issue in this proceeding.

**Request No. 14:**

All documents relating to any requests for information, documents, or materials received by Defendants from any of the banks which are or were parties to the Transaction Financing Agreements (or any of their successors or assigns), which in any way relate to the Transaction or to the Financial Materials, the Closing Date Certificate, the Interim Financial Statements, or any information contained therein.

**Response:**

   Westmoreland objects to Request No. 14 to the extent that it seeks documents

concerning any of the Objections that are not at issue in this proceeding on the grounds that the

parties have stipulated and agreed that certain of the Objections would be resolved in a separate

independent accountant proceeding, such Objections were so resolved and therefore it is overly

broad, unduly burdensome and seeks documents that are neither relevant to the claims and

defenses of the parties to this action nor reasonably calculated to lead to the discovery of

admissible evidence.  Subject to the foregoing objections and the General Objections, in

response to Request No. 14, Westmoreland will produce non-privileged responsive documents

that relate to the Objections at issue in this proceeding.

**Request No. 15:**

   All documents relating to (a) the minutes of, including but not limited to drafts of
minutes of, or (b) materials presented or provided at, or notes taken by Persons present at, any
meeting of the Boards of Directors at which there was any discussion or consideration of the
Transaction (including the Stock Purchase Agreement, the Guiding Principles Agreement, and
the $5 Million Adjustment Agreement), the Objections, the Proof of Claim, the Indemnity
Notices, the Financial Materials, the Closing Date Certificate, the Interim Financial Statements,
or the Transaction Financing Agreements.

**Response:**

   Westmoreland objects to Request No. 15 to the extent that it seeks documents

concerning any of the Objections that are not at issue in this proceeding, the Guiding Principles

Agreement, the $5 Million Adjustment Agreement or the Closing Date Certificate on the grounds

that the parties stipulated and agreed that these matters would be resolved in a separate

independent accountant proceeding, such matters were so resolved and therefore it is overly

broad, unduly burdensome and seeks documents that are neither relevant to the claims and

defenses of the parties to this action nor reasonably calculated to lead to the discovery of

admissible evidence. Subject to the foregoing objections and the General Objections, in

response to Request No. 15 Westmoreland will produce non-privileged portions of Board

materials that relate to the Objections at issue in this proceeding.

**Request No. 16:**

        All documents relating to any opinion, expression of views, advice or other
communication, whether written or oral, prepared or provided by or directed to any Person,
including any officer, director, employee, agent or advisor (including investment bankers,
financial advisors and/or accountants) of Defendants, relating to the Transaction (including the
Stock Purchase Agreement, the Guiding Principles Agreement, and the $5 Million Adjustment
Agreement), the Objections, the Proof of Claim, the Indemnity Notices, the Financial Materials,
the Closing Date Certificate, the Interim Financial Statements, or the Transaction Financing
Agreements.

**Response:**

        Westmoreland objects to Request No. 16 to the extent that it seeks documents

concerning any of the Objections that are not at issue in this proceeding, the Guiding Principles

Agreement, the $5 Million Adjustment Agreement or the Closing Date Certificate on the grounds

that the parties stipulated and agreed that these matters would be resolved in a separate

independent accountant proceeding, such matters were so resolved and therefore it is overly

broad, unduly burdensome and seeks documents that are neither relevant to the claims and

defenses of the parties to this action nor reasonably calculated to lead to the discovery of

admissible evidence.   Subject to the foregoing objections and the General Objections, in

response to Request No. 16 Westmoreland will produce non-privileged responsive documents

that relate to the Objections at issue in this proceeding.

**Request No. 17:**

        All documents relating to any meetings or communications between Defendants
and Entech, including but not limited to the November 5, 2001 meeting in Denver, Colorado,
relating to any of the Transaction (including the Stock Purchase Agreement, the Guiding
Principles Agreement, and the $5 Million Adjustment Agreement), the Objections, the Proof of

Claim, the Indemnity Notices, the Financial Materials, the Closing Date Certificate, or the Interim Financial Statements.

**Response:**

Westmoreland objects to Request No. 17 to the extent that it seeks documents concerning any of the Objections that are not at issue in this proceeding, the Guiding Principles Agreement, the $5 Million Adjustment Agreement or the Closing Date Certificate on the grounds that the parties stipulated and agreed that these matters would be resolved in a separate independent accountant proceeding, such matters were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 17 Westmoreland will produce non-privileged responsive documents that relate to the Objections at issue in this proceeding.

**Request No. 18:**

All documents relating to the pension-related issues set forth in Defendants' Counterclaims, including but not limited to IRS Form 5310-A (and any drafts thereof), actuarial reports, any correspondence with the Northwestern Resources and Western Energy Pension Plan or with the trustee thereof or any actuary, consultant, or other advisor with respect thereto, and all documents produced by Defendants in the Pension Plan Action.

**Response:**

Subject to the General Objections, Westmoreland will produce non-privileged responsive documents in response to Request No. 18.

**Request No. 19:**

All documents relating to the Section 338(h)(10) Election, including but not limited to any related purchase accounting documents.

**Response:**

Westmoreland objects to Request No. 19 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 20:**

All documents from the files of Thomas S. Barta, Westmoreland Coal's Controller (including but not limited to notes, reports, memoranda to file, electronic mail, phone logs, and records of communications) relating to the Transaction (including the Stock Purchase Agreement, the Guiding Principles Agreement, and the $5 Million Adjustment Agreement), the Objections, the Proof of Claim, the Indemnity Notices, the Financial Materials, the Closing Date Certificate, the Interim Financial Statements, or the Transaction Financing Agreements.

**Response:**

Westmoreland objects to Request No. 20 to the extent that it seeks documents concerning any of the Objections that are not at issue in this proceeding, the Guiding Principles Agreement, the $5 Million Adjustment Agreement or the Closing Date Certificate on the grounds that the parties stipulated and agreed that these matters would be resolved in a separate independent accountant proceeding, such matters were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections and the General Objections, in response to Request No. 20 Westmoreland will produce non-privileged responsive documents that relate to the Objections at issue in this proceeding in response to Request No. 20.

**Request No. 21:**

All documents relating to the changes and revisions between the Initial Objections and the September 2001 Objections, including but not limited to the reasons for them.

**Response:**

Westmoreland objects to Request No. 21 to the extent that it seeks documents concerning any of the Objections that are not at issue in this proceeding on the grounds that the parties have stipulated and agreed that certain of the Objections would be resolved in a separate independent accountant proceeding, such Objections were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 21 Westmoreland will produce non-privileged responsive documents that relate to the Objections at issue in this proceeding.

**Request No. 22:**

All documents relating to the changes and revisions between the September 2001 Objections and the November 2001 Objections, including but not limited to the reasons for them.

**Response:**

Westmoreland objects to Request No. 22 to the extent that it seeks documents concerning any of the Objections that are not at issue in this proceeding on the grounds that the parties have stipulated and agreed that certain of the Objections would be resolved in a separate independent accountant proceeding, such Objections were so resolved and therefore it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 22 Westmoreland will produce non-privileged responsive documents that relate to the Objections at issue in this proceeding.

**Request No. 23**:

All documents relating to the events described in and the claims, defenses, and allegations of any of the Complaint, the Answer, the Counterclaims and the Reply to Counterclaims.

**Response:**

Westmoreland objects to Request No. 23 (i) on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence, (ii) it fails to describe requested documents with any degree of specificity and (iii) it is vague.

**Request No. 24**:

All documents relating to the amount and computation of any damages or Adverse Consequences allegedly suffered by Defendants on account of any alleged act, omission, error, breach or failure by Entech.

**Response:**

Subject to the General Objections, Westmoreland will produce non-privileged responsive documents in response to Request No. 24.

**Request No. 25**:

All organization charts that show the personnel in Defendants' offices in Colorado Springs, Colorado, from 2000 to the present, and the personnel at Western Energy Company or Northwestern Resources Company from April 30, 2001 to the present.

**Response:**

Westmoreland objects to Request No. 25 on the grounds that it is overly broad and unduly burdensome and seeks documents that are neither relevant to the claims or defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request

No. 25 Westmoreland will produce documents sufficient to show the officers and directors of

Westmoreland Coal Company for each of the years 2001, 2002 and 2003.

**Request No. 26:**

All documents setting forth or reflecting Defendants' document retention policies from 2000 to the present.

**Response:**

Westmoreland objects to Request No. 26 on the grounds that it seeks documents

that are neither relevant to the claims or defenses of the parties to this action nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 27:**

All documents setting forth or reflecting Defendants' retention policies concerning electronic mail and other electronic data and information, from 2000 to the present.

**Response:**

Westmoreland objects to Request No. 27 on the grounds that it seeks documents

that are neither relevant to the claims or defenses of the parties to this action nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 28:**

All documents upon which Defendants intend to rely at trial.

**Response:**

Westmoreland objects to Request No. 28 on the grounds that (i) it seeks the

disclosure of information that is protected by the work product doctrine and (ii) it is premature.

In response to Request No. 28, Westmoreland states that it will comply with any order of the

Court governing the disclosure or production of trial exhibits.

Request No. 29:

    All documents relied upon or referred to in responding to these Requests.

Response:

    Westmoreland objects to Request No. 29 on the grounds that it is overly broad, unduly burdensome and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 30:

    All documents relied upon or referred to in responding to Plaintiffs' First Set of Interrogatories Directed to Defendants, served contemporaneously with this Request.

Response:

    Westmoreland objects to Request No. 30 to the extent that it seeks the production of documents that were "referred to in responding to Plaintiffs' First Set of Interrogatories Directed to Defendants" ("Plaintiffs Interrogatories") but that furnished no information that was used to respond to Plaintiffs' Interrogatories on the grounds that it is overly broad and seeks documents that are neither relevant to the claims and defenses of the parties to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and the General Objections, in response to Request No. 30, Westmoreland will

produce non-privileged documents that furnished information that was used to prepare Westmoreland's responses to Plaintiffs' Interrogatories.

Dated: Wilmington, Delaware
       March 23, 2005

POTTER ANDERSON & CORROON LLP

By: *Rebecca S Beste*

    Laurie Selber Silverstein (No. 2396)
    Elihu E. Allinson (No. 3476)
    Rebecca S. Beste (No. 4154)
    Hercules Plaza
    1313 N. Market Street
    Wilmington, Delaware 19801
    (302) 984-6000
    (302) 658-1192 (Fax)

        – and –

    SIDLEY AUSTIN BROWN & WOOD LLP
    John G. Hutchinson
    Lee S. Attanasio
    787 Seventh Avenue
    New York, New York 10019
    (212) 839-5300
    (212) 839-5599 (Fax)

    *Attorneys for Defendants and Counterclaim*
    *Plaintiffs Westmoreland Coal Company and*
    *Westmoreland Mining, LLC*

## CERTIFICATE OF SERVICE

I, Rebecca S. Beste, herby certify that I am not less than 18 years of age and that on this 23rd day of March 2005, I caused to be served a true and correct copy of the foregoing **Responses and Objections of Defendants Westmoreland Coal Company and Westmoreland Mining LLC to Plaintiff's First Request for Production of Documents and Things** to be delivered to the following in the manner indicated:

### By Hand Delivery

Edmon L. Morton, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg.
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Neil B. Glassman, Esquire
Charlene Davis, Esquire
Steven M. Yoder, Esquire
Christopher A. Ward, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE  19801

### By U.S. Mail, First Class, Postage Prepaid

David Neier, Esquire
C. MacNeil Mitchell, Esquire
Piero Tozzi, Esquire
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193

Under penalty of perjury, I declare that the foregoing is true and correct.

*Rebecca S. Beste*
Rebecca S. Beste

PAC675284