# EXHIBIT F

2004 U.S. Dist. LEXIS 14831, *

LEXSEE 2004 US DIST LEXIS 14831

**CORNING INCORPORATED and ARTIFICIAL SENSING INSTRUMENTS ASI AG, Plaintiffs, v. SRU BIOSYSTEMS, LLC, SRU BIOSYSTEMS, INC., and SRU HOLDINGS, LLC, Defendants.**

Civil Action No. 03-633 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2004 U.S. Dist. LEXIS 14831*

**July 7, 2004, Decided**

**SUBSEQUENT HISTORY:** Patent interpreted by *Corning Inc. v. SRU Biosystems, LLC, 2004 U.S. Dist. LEXIS 12738 (D. Del., July 9, 2004)*
Reconsideration denied by *Corning Inc. v. Biosystems, 2004 U.S. Dist. LEXIS 16025 (D. Del., Aug. 13, 2004)*

**PRIOR HISTORY:** *Corning Inc. v. SRU Biosystems, LLC, 223 F.R.D. 189, 2004 U.S. Dist. LEXIS 12784 (D. Del., July 7, 2004)*

**DISPOSITION:** [*1] Plaintiff's second motion to compel production of documents granted. Defendants' motion for protective order denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a civil suit, defendant businesses filed a counterclaim against plaintiff businesses, alleging tortious interference with advantageous relationships. One plaintiff filed a second motion to compel production of documents. Defendants moved for issuance of a protective order pursuant to Fed. R. Civ. P. 26(c).

**OVERVIEW:** Arguing that the documents were relevant to defendants' tortious interference counterclaim, plaintiff sought documents related to a third party's offer to acquire defendants. Defendants responded that the documents were not relevant because defendants did not accept the bid and because the damages defendants claimed were based on lost profits from lost sales, and bids for its acquisition were not relevant to such damages. Plaintiff replied that the third party's bid likely involved an assessment of defendants' sales projections, and that such information would be relevant to defendants' claim of lost sales and profits. The court agreed with plaintiff. Even though the bid did not have a direct relationship to defendants' claim for damages, under the broad discovery standards of Fed. R. Civ. P. 26, the court could not conclude that the bid would not assist in illuminating the reasonableness of defendants' damages claim. Further, after balancing the equities, defendants were not entitled to a protective order. It was unlikely that allowing the discovery would have a "chilling effect" on other acquisition bids, and an existing protective order would protect defendants' interests.

**OUTCOME:** The court granted the motion to compel and denied the motion for a protective order.

**CORE TERMS:** bid, tortious interference, discovery, protective order, acquisition, advantageous, oppression, contractual, production of documents, motion to compel, reasons discussed, disclosure, bidding, obtain discovery, tender offer, reasonableness, counterclaim, third-party, hostile, documents relating, unduly oppressive, tortious, acquire

**LexisNexis(R) Headnotes**

*Civil Procedure > Disclosure & Discovery > Relevance*
[HN1] See Fed. R. Civ. P. 26(b)(1).

*Civil Procedure > Disclosure & Discovery > Relevance*
[HN2] In the Third Circuit, it is well recognized that the federal rules allow broad and liberal discovery.

*Torts > Business & Employment Torts > Interference*

*With Prospective Advantage*
[HN3] A tortious interference with advantageous relationships counterclaim requires that the counterclaim plaintiff establish that it was injured by the counterclaim defendant's allegedly tortious actions.

*Torts > Business & Employment Torts > Interference With a Contract*
*Torts > Business & Employment Torts > Interference With Prospective Advantage*
[HN4] Delaware courts follow the definition of tortious interference with advantageous relationship found in the Restatement (Second) of Torts. Tortious interference with advantageous relationship encompasses two torts: tortious interference with contract and tortious interference with prospective contractual relations. Both tortious interference with contract and tortious interference with prospective contractual relations require a plaintiff to prove damages or injury.

*Civil Procedure > Disclosure & Discovery > Protective Orders*
[HN5] See Fed. R. Civ. P. 26(c).

*Civil Procedure > Disclosure & Discovery > Protective Orders*
[HN6] Fed. R. Civ. P. 26 requires striking a balance between the countervailing legitimate interests and accommodating the needs of both parties.

*Civil Procedure > Discovery Methods > Requests for Production & Inspection*
*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*
[HN7] As provided by Fed. R. Civ. P. 26(e), a litigant is subject to a continuing obligation to supplement its production of documents if such further production is necessary to complete or correct past productions.

**COUNSEL:** Richard L. Horwitz, Esquire, and David E. Moore, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Of Counsel: Kenneth E. Krosin, Esquire, Andrew E. Rawlins, Esquire, Larry L. Shatzer, Esquire, and George C. Best, Esquire of FOLEY & LARDNER, Washington, D.C. Attorneys for Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG.

Steven J. Balick, Esquire, and John G. Day, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Of Counsel: John J. McDonnell, Esquire, Daniel A. Boehnen, Esquire, Matthew J. Sampson, Esquire, Richard A. Machonkin, Esquire, Patrick G. Gattari, Esquire, and Lisa M. Hillman, Esquire of McDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, Illinois. Attorneys for Defendants SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:**

### MEMORANDUM OPINION

Wilmington, Delaware

[*2] **Farnan, District Judge.**

Presently before the Court is the Second Motion To Compel Production Of Documents filed by Corning Incorporated ("Corning") (D.I. 105) and the Motion For A Protective Order filed by SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC (collectively "SRU"). (D.I. 111.) For the reasons discussed, the Court will grant the Motion To Compel and deny the Motion For A Protective Order.

### I. Second Motion To Compel (D.I. 105)

A. Contentions

By its Motion, Corning requests the Court to compel SRU to produce documents related to Discovery Labware Division of Becton Dickinson's ("BD") offer to acquire SRU. Corning contends that the documents it seeks are discoverable because they are relevant to SRU's claim for damages due to Corning's alleged tortious interference with SRU's advantageous relationships.

SRU responds that the documents are not relevant to its claim for tortious interference because it did not accept BD's bid. Further, SRU maintains that the damages from its tortious interference with advantageous relationships claim is based on lost profits from lost sales, and therefore, bids for its acquisition are not relevant [*3] to this figure.

B. Decision

In relevant part, *Rule 26* provides that [HN1] "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Fed. R.*

*Civ. P. 26(b)(1)*. [HN2] In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999)* (citing *Titan Sports, Inc. v. Turner Broad. Sys. (In re Madden), 151 F.3d 125, 128 (3d Cir. 1998))*.

The Court concludes that the evidence sought by Corning is relevant under the broad discovery standards of *Rule 26*. [HN3] SRU's tortious interference with advantageous relationships counterclaim requires that SRU establish that it was injured by Corning's allegedly tortious actions. n1 Corning seeks production of documents related to BD's bid for SRU's acquisition because it contends that BD's offer is a third-party's assessment of the reasonableness of SRU's damage claim. Although the Court agrees with SRU that BD's bid does not [*4] have a direct relationship to its claim for damages, the Court cannot conclude that BD's bid will not assist in illuminating the reasonableness of SRU's claim of damages due to lost sales. In the Court's view, BD's bid for SRU's acquisition likely involved an assessment of SRU's sales projections. Moreover, the Court does not view the fact that BD's bid was rejected by SRU as establishing that BD's bid is irrelevant, but instead goes to the weight of this evidence. In sum, the Court concludes that the evidence sought by Corning is relevant evidence under *Rule 26*.

---

n1 As discussed in the Court's November 20, 2003, Memorandum Opinion, [HN4] Delaware courts follow the definition of tortious interference with advantageous relationship found in the Second Restatement. See *Irwin & Leighton, Inc. v. W.M. Anderson Co., 532 A.2d 983 (Del. Ch. 1987)*. Tortious interference with advantageous relationship encompasses two torts: tortious interference with contract and tortious interference with prospective contractual relations. Restatement (Second) of Torts Div. 9 (1979). Both tortious interference with contract and tortious interference with prospective contractual relations require a plaintiff to prove damages or injury. See *In re Frederick's of Hollywood, Inc. Shareholders' Litig., 1998 Del. Ch. LEXIS 111, No. 15944, 1998 WL 398244, *5 (Del. Ch. July 9, 1998)*(describing the elements of interference with prospective contractual relations); *Irwin & Leighton, 532 A.2d at 992* (describing the elements of tortious interference with contract).

[*5]

## II. Protective Order (D.I. 111)

The Court has determined that the production sought by Corning is relevant under *Rule 26*, and therefore, the Court must determine whether SRU is entitled to a protective order. For the following reasons, the Court concludes that SRU is not.

### A. Contentions

SRU contends that the Court should grant it a protective order because disclosure of the documents Corning seeks would be unduly oppressive to SRU's attempts at negotiating its acquisition. SRU maintains that permitting Corning to obtain discovery of the documents at issue: 1) will deter other businesses from bidding for it; 2) will give Corning an unfair advantage on bidding; and 3) is unduly oppressive because of the discovery request's continuing nature. SRU further contends that the "white-knight privilege" or "business strategy doctrine" protects against discovery into bids for its acquisition.

In response, Corning contends that it has not contemplated any bid for SRU, and thus, SRU's claims of oppression are misplaced. Further, Corning asserts that the protective order in this case prevents SRU from exposure to abuse of the bidding process for its sale. Also, Corning contends [*6] that the information it seeks is highly relevant to SRU's tortious interference counterclaim, and therefore, it needs this information to adequately prepare a defense.

### B. Decision

In pertinent part, *Rule 26(c)* provides that [HN5] "upon motion by a party or by the person from whom discovery is sought ... the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Fed. R. Civ. P. 26(c)*. [HN6] "*Rule 26* requires striking a balance between the countervailing legitimate interests and accommodating the needs of both parties." *BNS Inc. v. Koppers Co., 683 F. Supp. 454, 457 (D. Del. 1988)*. After balancing the equities of Corning's need for the documents at issue against SRU's assertions of oppression, the Court concludes that the Motion For A Protective Order should be denied.

SRU's assertion of oppression centers on the potential "chilling effect" the disclosure of documents relating to third-party bids for SRU will have on future bids for its acquisition. SRU maintains that cases applying the business strategy doctrine and protecting companies [*7] from discovery require the Court to issue a protective order in this case.

In *BNS Inc. v. Koppers Co., Inc., 683 F. Supp. 454*

*(D. Del. 1988)*, the court held that the balance of the equities required the denial of a motion to compel the production of documents requested by the plaintiff, who was attempting a hostile tender offer for the defendant corporation. The court reasoned that because the defendant target company had not yet rejected the plaintiff's hostile tender offer, it would be detrimental to the defendant's ability to negotiate a higher offer for its shareholders to permit discovery at that time. *Id. at 457.* The Court concludes that *BNS,* and the other cases relied on by SRU in support of its request for a protective order, n2 are inapposite to the facts in this case.

> n2 *Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408 (M.D.N.C. 1992),* and *Stena Finance B.V. v. Sea Containers Ltd., 131 F.R.D. 361 (D. D.C. 1989),* both rely on BNS.

[*8]

In the instant case, Corning has represented to the Court that it is not contemplating a bid for acquiring SRU. (D.I. 113.) Thus, the Court finds the danger that potential bidders will find threatening the fact that Corning, a party not in competition to acquire SRU, has access to documents relating to their bids for SRU's acquisition to be minimal.

Additionally, the Court is persuaded that the Protective Order in place in this case ensures that the limited disclosure permitted will not chill the bidding environment. n3

> n3 The Court is not persuaded by SRU's contention that it will be unduly oppressed because of the continuing nature of Corning's discovery requests. [HN7] As provided by *Rule 26(e)*, SRU is already subject to a continuing obligation to supplement its production of documents if such further production is necessary to complete or correct past productions.

## CONCLUSION

Thus, for the reasons discussed, the Court will grant the Motion To Compel and deny the Motion For A Protective Order.

An appropriate [*9] Order will be entered.

## ORDER

At Wilmington, this 7th day of July, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Second Motion To Compel Production Of Documents filed by Corning Incorporated (D.I. 105) is **GRANTED;**

2) The Motion For A Protective Order filed by SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC (D.I. 111) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE