# EXHIBIT G

2002 U.S. Dist. LEXIS 6627, *

LEXSEE 2002 US DIST LEXIS 6627

**SOLOMON SYKES, Plaintiff, v. TARGET STORES, Defendant.**

No. 00 C 5112

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*2002 U.S. Dist. LEXIS 6627*

**April 11, 2002, Decided
April 15, 2002, Docketed**

**DISPOSITION:** [*1] Plaintiff's Motion to Compel was granted in part and denied in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff, an African-American employee, alleged that defendant employer refused to promote him because of his race and retaliated against him for filing a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, *42 U.S.C.S. § 2000e* et seq., and *42 U.S.C.S. § 1981*. The parties consented to the jurisdiction of a magistrate judge. The employee moved to compel the employer to respond to several discovery requests.

**OVERVIEW:** The employee was passed over by an allegedly less qualified non-African-American applicant for a position. Allegedly the same incident occurred for a different position at a different store in the area. The employee argued that the requested information was necessary to establish discrimination under the indirect method of proof articulated in McDonnell Douglas. According to the employer, the employee's motion sought either irrelevant information or information of such limited probative value that the burden of responding to the requests would outweigh any likely benefit. The court granted the employee's discovery requests regarding: (1) information on similarly situated employees because the court was unable to make a definitive determination regarding which employee's were similarly situated but restricted discovery to that information tied to the particular claims in the case both in temporal and substantive scope; (2) supervisor personnel files because the request was reasonably calculated to lead to the discovery of prior complaints of discrimination against the employer; and (3) an employee relations manual because it was clearly relevant.

**OUTCOME:** The employee's motion to compel was granted in part and denied in part.

**CORE TERMS:** discovery, personnel, attendance, documents relating, discover, payroll, supervisor, promotion, promoted, similarly situated, interrogatory, motion to compel, prima facie case, retention, fired, retaliation, termination, reasonably calculated to lead, medical information, monetary, pretext, bonuses, non-supervisory, promotional, interviewed, discovery of admissible evidence, eligible to receive, probative value, complete copy, discoverable

**LexisNexis(R) Headnotes**

*Civil Procedure > Disclosure & Discovery > Privileged Matters*
*Civil Procedure > Disclosure & Discovery > Relevance*
*Civil Procedure > Disclosure & Discovery > Undue Burden*
[HN1] Fed. R. Civ. P. 26(b)(1) permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. Discoverable information is not limited to that which would be admissible at trial. Information is relevant for purposes of Fed. R. Civ. P. 26 if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). However, a plaintiff is not necessarily entitled to all discovery that is relevant under Rule 26. A court can limit discovery if it determines, among other things,

Case 1:04-cv-01336-SLR    Document 32-8    Filed 04/29/2005    Page 3 of 10

Page 2
2002 U.S. Dist. LEXIS 6627, *

that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

*Labor & Employment Law > Discrimination > Disparate Treatment > Burden Shifting Analysis*
[HN2] Under the indirect method of proof in an employment discrimination case, a plaintiff bears the initial burden of establishing a prima facie case. In the context of a failure-to-promote claim, a plaintiff must present evidence that (1) he is a member of a protected group, (2) he was eligible for the relevant promotion, (3) he was not promoted, and (4) the employee promoted was not a member of the protected group and was not better qualified than the plaintiff. If a plaintiff can substantiate his prima facie case, the burden shifts to a defendant to articulate a legitimate non-discriminatory reason for failing to promote the plaintiff. If the defendant can proffer such a reason, the plaintiff must then produce sufficient evidence from which a fact finder could reasonably conclude that the defendant's reason is a pretext for discrimination.

*Labor & Employment Law > Discrimination > Retaliation*
[HN3] To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in a statutorily protected activity, such as filing a charge of discrimination, (2) he was meeting the defendant's legitimate expectations, (3) he suffered an adverse employment action, and (4) a similarly situated individual who did not complain of discrimination did not suffer the same adverse employment action. If a plaintiff can establish a prima facie case then a defendant has the burden of proffering a legitimate reason for the adverse employment action. If the defendant provides such a reason, then the plaintiff must establish that the defendant's reason is pretextual.

*Labor & Employment Law > Discrimination > Racial Discrimination > Coverage & Definitions*
[HN4] In the employment discrimination context, a "similarly situated" employee is directly compared to a plaintiff in all material respects. The specific factors that must be considered depend on the context of the case. For example, courts look to whether the employees had comparable experience, education and qualifications, provided that the employer took these factors into account when making the personnel decision in question.

*Civil Procedure > Disclosure & Discovery > Relevance*
[HN5] A party's requested discovery must be tied to the particular claims in the case.

*Labor & Employment Law > Discrimination > Disparate Treatment*
*Civil Procedure > Disclosure & Discovery > Relevance*
[HN6] Evidence of general patterns of discrimination is discoverable in disparate treatment cases.

*Civil Procedure > Discovery Methods > Motions to Compel*
[HN7] Because an order grants in part and denies in part an employment discrimination plaintiff's motion to compel, a court has the discretion to apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner. Fed. R. Civ. P. 37(a)(4)(C). A losing party should not be required to pay expenses associated with a motion to compel if reasonable people could genuinely differ about whether the position taken by that party was justified.

**COUNSEL:** For SOLOMON SYKES, plaintiff: Kendra K Hartman, Sonnenschein, Nath & Rosenthal, Chicago, IL.

Solomon Sykes, plaintiff, Pro se, Berwyn, IL.

For SOLOMON SYKES, plaintiff: John B. Stanis, Masuda, Funai, Eifert & Mitchell, Ltd., Rolling Meadows, IL.

For TARGET STORES, defendant: David P. Radelet, Sally J. Scott, Michael A. Warner, Jr., Michael Paul Palmer, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL.

**JUDGES:** Nan R. Nolan, United States Magistrate Judge.

**OPINIONBY:** Nan R. Nolan

**OPINION:**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Solomon Sykes alleges that Defendant Target Stores refused to promote him because of his race and retaliated against him for filing a charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, §§ *42 U.S.C. 2000e et seq*, and *42 U.S.C. § 1981*. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to *28 U.S.C. § 636*(c). Before the Court is the plaintiff's Motion to Compel (Docket Entry # 24). For the following reasons, the [*2] motion to compel is GRANTED IN PART and DENIED IN PART.

Case 1:04-cv-01336-SLR   Document 32-8   Filed 04/29/2005   Page 4 of 10

Page 3
2002 U.S. Dist. LEXIS 6627, *

## BACKGROUND

For purposes of this order, the Court assumes that the following facts taken from the plaintiff's complaint are true. Sykes, an African-American, has been employed as a Planogram Team Member at Target's Broadview, Illinois store since October 1998. n1 In the spring of 2000, Sykes applied for the position of Level III Planogram Team Leader for the Broadview store. On April 2, 2000, Target allegedly promoted a less qualified, non-African-American applicant to the team leader position. Sykes also applied for the Building Maintenance position for Target's Melrose Park, Illinois store. Target allegedly selected a less qualified, non-African-American applicant for the Building Maintenance position. n2 On April 5, 2000, Sykes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that Target failed to promote him on two occasions because of his race. Subsequently, Target reduced Sykes's hours and disciplined him for poor attendance. On April 24, 2000, Sykes filed a second charge with the EEOC, alleging that Target retaliated against him for filing a charge of discrimination. [*3] The EEOC issued a right-to-sue letter on June 12, 2000. Sykes filed this suit on August 21, 2000.

n1 The plaintiff's reply memorandum states that Sykes held both Level I and Level II positions in the Planogram Department and explains that planogram team members are responsible for labeling the store shelves for the stockers. The defendant's response brief indicates that Level I and Level II positions are non-supervisory positions.

n2 Sykes's complaint does not indicate when he applied for the Building Maintenance position or when Target promoted another candidate to that position. The defendant's surreply brief indicates that this promotion occurred in March 2000.

## DISCUSSION

[HN1] *Federal Rule of Civil Procedure 26(b)(1)* permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Discoverable information is not limited to that which would be admissible at trial. Information is relevant for purposes of Rule 26 "if the discovery appears reasonably calculated [*4] to lead to the discovery of admissible evidence." *Fed. R. Civ. P. 26(b)(1)*. However, a plaintiff is not necessarily entitled to all discovery that is relevant under Rule 26. A court can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. *Fed. R. Civ. P. 26(b)(2)*.

Sykes moves the Court to compel Target to respond to several discovery requests, arguing that the requested information is necessary to establish discrimination under the indirect method of proof articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)*. Target responds that it has already produced all relevant information responsive to Sykes's requests. According to Target, Sykes's motion seeks either irrelevant information or information of such limited probative value that the burden of responding to the requests would outweigh any likely benefit. To evaluate the parties' arguments, the Court must review [*5] Sykes's burden under the *McDonnell Douglas* framework for each of his claims.

Failure to Promote

[HN2] Under the indirect method of proof in an employment discrimination case, the plaintiff bears the initial burden of establishing a prima facie case. In the context of a failure-to-promote claim, the plaintiff must present evidence that (1) he is a member of a protected group, (2) he was eligible for the relevant promotion, (3) he was not promoted, and (4) the employee promoted was not a member of the protected group and was not better qualified than the plaintiff. *Johnson v. Nordstrom, Inc., 260 F.3d 727, 732 (7th Cir. 2001)*. If the plaintiff can substantiate his prima facie case, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for failing to promote the plaintiff. *Millbrook v. IBP, Inc., 280 F.3d 1169, 1174 (7th Cir. 2002)*. If the defendant can proffer such a reason, the plaintiff must then produce sufficient evidence from which a fact finder could reasonably conclude that the defendant's reason is a pretext for discrimination. *Id.*

Retaliation Claim

The process by which Sykes must establish [*6] his retaliation claim follows the same framework outlined above, although the elements of the prima facie case differ slightly. [HN3] To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in a statutorily protected activity (e.g., filing a charge of discrimination), (2) he was meeting the defendant's legitimate expectations, (3) he suffered an

Case 1:04-cv-01336-SLR    Document 32-8    Filed 04/29/2005    Page 5 of 10

Page 4
2002 U.S. Dist. LEXIS 6627, *

adverse employment action, and (4) a similarly situated individual who did not complain of discrimination did not suffer the same adverse employment action. *Stone v. City of Indianapolis Pub. Utils. Div., 281 F.3d 640, 644 (7th Cir. 2002)*. If the plaintiff can establish a prima facie case then, as noted above, the defendant will have the burden of proffering a legitimate reason for the adverse employment action. If the defendant provides such a reason, then the plaintiff must establish that the defendant's reason is pretextual. With these principles in mind, the Court turns to the specific discovery requests contested by the parties.

1. Requests Seeking Information on Similarly Situated Employees

Sykes's interrogatories two and three and document requests seven, eighteen, nineteen [*7] and twenty seek information regarding all individuals employed at the Broadview and Melrose Park stores during the last five years. n3 Sykes argues that he requires information on these individuals to determine which Target employees were "similarly situated" to him at the time of the relevant employment actions. Target responds that these discovery requests should be limited to Sykes's employment unit, i.e., the Planogram Department at the Broadview store. According to Target, employees who hold different positions or who report to different supervisors can never be "similarly situated." Target also argues that Sykes's request for information for the last five years is overbroad. The Court will address each objection.

    n3 Interrogatory 2: "Identify each person employed at the Broadview Store and the Melrose Park Store for the previous five (5) years, including, but not limited to, titles, work centers, and supervisors, all with corresponding dates of employment and any reason for termination."

    Interrogatory 3: "Identify each person who received a Counseling and/or Final Warning for attendance and/or tardiness at the Broadview Store during the previous five (5) years."

    Document Request 7: "All documents relating to the organizational structure of Defendant at the Broadview Store, including, without limitation, the organizational structure of each work center at the Broadview Store, any employee directories and/or address and telephone lists."

    Document Request 18: "All documents relating to the employment and/or termination of all individuals employed by Defendant at the Broadview Store and Melrose Park Store during the previous five (5) years, including, without limitation, Plaintiff, Lucy Battog, Theresa Walsh, Kevin Price, Michael Kokenes, John Johnson, April Cooke, Arlonda Barnette and Marcella Johnson."

    Document Request 19: "All documents relating to the hours scheduled and/or worked by all individuals employed by Defendant at the Broadview Store during the previous five (5) years, including, without limitation, Plaintiff, Theresa Walsh, Kevin Price, Michael Kokenes, John Johnson, April Cooke, Arlonda Barnett and Marcella Johnson."

    Document Request 20: "All documents relating to the payroll of Defendant at the Broadview Store, including without limitation, payroll time card reports, time cards, time sheets, salaries and/or hourly wages and hours worked, of all individuals employed by Defendant during the previous five (5) years."

[*8]

[HN4] A "similarly situated" employee is "directly compared to [the plaintiff] in all material respects." *Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002)*. The specific factors that must be considered depend on the context of the case. *Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617 (7th Cir. 2000)*. For example, courts look to "whether the employees had comparable 'experience, education and qualifications,' *provided that the employer took these factors into account when making the personnel decision in question.*" *Patterson, 281 F.3d at 680* (quoting *Radue, 219 F.3d at 618*) (emphasis added). Target is correct that the fact that two employees held different positions may result in a finding that those individuals were not similarly situated. *E.g., Patterson, 281 F.3d at 680*. Because this case is still in the discovery stage, however, Target has not yet identified the factors that it took into account when it made the employment decisions at issue. Therefore, the Court lacks sufficient information to make a definitive determination regarding which Target employees are "similarly situated" [*9] to Sykes for purposes of his prima facie case. Accordingly, the Court rejects Target's argument that discovery must be limited to only those employees who work in the Planogram Department at the Broadview store. n4

Case 1:04-cv-01336-SLR   Document 32-8   Filed 04/29/2005   Page 6 of 10

Page 5
2002 U.S. Dist. LEXIS 6627, *

n4 Based on Target's argument that the pool of similarly situated employees should be restricted to the Planogram Department, the Court concludes that the organizational structure of the Defendant at the Broadview store is relevant for purposes of Rule 26. Accordingly, the Court holds that Target must respond to Sykes's document request seven.

This does not mean that both of Sykes's claims are broad enough to warrant store-wide discovery. [HN5] A party's requested discovery must be tied to the particular claims in the case. *Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516-17 (D. Minn. 1997); Kresefky v. Panasonic Communications and Sys. Co., 169 F.R.D. 54, 66 (D.N.J. 1996); Miles v. Boeing Co., 154 F.R.D. 117, 121 (E.D. Pa. 1994).* Sykes's failure-to-promote [*10] claim alleges that Target passed him over for two promotions because of his race. To evaluate how he compared to the other candidates, Sykes is entitled to discover information (including personnel files) regarding the other applicants for these two positions. n5 But this claim does not entitle Sykes to discover information regarding every Target employee at the Broadview and Melrose Park stores. Accordingly, the Court holds that Target must provide responses to interrogatories two and three and document request eighteen to the extent those requests seek information relating to individuals who applied or were otherwise considered for either promotion challenged by Sykes.

n5 Target objects to Sykes's request for complete copies of other employees' personnel files on the ground that such files often contain confidential medical information. The Court agrees that other employees' confidential medical information is not relevant to Sykes's claims. *E.g., Giraudo v. Henkels & McCoy, Inc., 1993 U.S. Dist. LEXIS 14644,* No. 93-548- FR, *1993 WL 415613,* at *1 (D. Or. Oct. 7, 1993). Accordingly, Target may redact any confidential medical information from the personnel files of the individuals who applied for or were otherwise considered for the two promotions at issue. The presence of irrelevant medical information, however, does not diminish the relevance of the rest of the information contained in the personnel files. Target must produce the remainder of those files.

[*11]

Regarding his retaliation claim, Sykes alleges that Target reduced his hours and disciplined him for poor attendance because he filed a discrimination charge with the EEOC. Even assuming that Target had store-wide policies for attendance and for scheduling employees' work hours, Sykes is not necessarily entitled to discovery of attendance and payroll information for every employee at the Broadview store. Because Sykes held only non-supervisory positions at Target, the defendant may limit its responses to Sykes's requests for attendance and payroll information to non-supervisory personnel at the Broadview store. Moreover, the Court also concludes that Sykes's request for personnel files for such individuals is premature. If the payroll and attendance information indicates that certain individuals were arguably treated more favorably than the plaintiff in terms of work schedules or enforcement of the attendance policy, Sykes may renew his request for the production of personnel files of those employees. Target argues that discovery should be further limited to the Planogram Department. The Court disagrees. This is not a situation where the plaintiff has requested company-wide discovery. [*12] *E.g., Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997); Scales v. J.C. Bradford and Co., 925 F.2d 901, 906 (6th Cir. 1991).* Sykes has confined his requests to the store at which he worked. The Court concludes that this requests is reasonably calculated to lead to the discovery of admissible evidence. *See Onwuka, 178 F.R.D. at 517* (noting that "courts have often limited discovery of company records to the local facility, at which the plaintiff was employed"). Accordingly, the Court grants Sykes's motion to compel responses to interrogatories two and three and document requests nineteen and twenty to the extent these requests seek information (other than personnel files) relating to non-supervisory employees who worked at Target's Broadview store.

Target next argues that the temporal scope of Sykes's requests for attendance and payroll information is overbroad. Sykes filed his initial charge of discrimination with the EEOC in April 2000. But Sykes's discovery requests seek information for the last five years. The Court agrees that Sykes's requests for attendance and payroll records for the last five years is overbroad. [*13] On the other hand, the Court also concludes that limiting Sykes's discovery requests to the spring of 2000 would be too restrictive. In order to provide Sykes with the discovery necessary to evaluate Target's alleged retaliation, the Court holds that Target must produce attendance and payroll information from October 5, 1997--two and one-half years prior Sykes's first charge of discrimination--to October 24, 2000--six months after Sykes's filed his retaliation charge with the EEOC. This

three-year period should provide Sykes with enough information to determine whether Target's treatment of him differed from its treatment of employees who did not complain of discrimination. *See id.* (reasoning that discovery requests should be tailored to reasonable time period surrounding alleged discriminatory event) (collecting cases).

Target also contends that the burden of Sykes's request for personnel files and attendance records outweighs any likely benefit. Target's argument is premised on its assumptions that the personnel files and attendance records are of limited relevance and that complying with Sykes's requests would require the production of personnel files and attendance information [*14] for every employee at the Broadview store for the last five years. For the reasons stated above, the Court disagrees with Target's relevancy assessment. Also, the Court has significantly limited the scope of Sykes's discovery requests, thereby reducing the burden of complying with those requests. Accordingly, the Court overrules Target's objection based on the burdensomeness of Sykes's requests.

2. Requests Seeking Information on Decision Makers

Sykes's interrogatory two and document requests eighteen and nineteen seek personnel files of the supervisors who were involved in the employment decisions at issue in this case. (*Supra*, p. 4 n.3). The plaintiff argues that this information may lead to admissible evidence regarding instances where Target discriminated against other individuals. Target responds that the Seventh Circuit held in *Sims v. Mulcahy, 902 F.2d 524 (7th Cir. 1990)* and *McCluney v. Jos. Schlitz Brewing Co., 728 F.2d 924 (7th Cir. 1984)*, that evidence pertaining to an employer's prior employment decisions is never relevant. The Court does not agree with Target's reading of these cases. n6 Moreover, [HN6] evidence of general patterns [*15] of discrimination is discoverable in disparate treatment cases. *Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 527-28 (D. Nev. 1997); Flanagan v. Travelers Ins. Co., 111 F.R.D. 42, 48 (W.D.N.Y. 1986); see also McDonnell Douglas, 411 U.S. at 804-05* (noting that a defendant's "general policy and practice with respect to minority employment" may be relevant to show pretext); *Heyne v. Caruso, 69 F.3d 1475, 1481 (9th Cir. 1995)* (holding that prior complaints of discrimination against same decision maker is relevant to show pretext); *Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991)* (reversing district court's exclusion of other age discrimination complaints filed against defendant). Accordingly, the Court concludes that Sykes's request for supervisor personnel files is reasonably calculated to lead to the discovery of prior complaints of discrimination against Target. Target must produce the personnel files and other information responsive to interrogatory two and document request eighteen to the extent the information relates to the supervisors who made the employment decisions [*16] at issue in this case. n7

n6 In *Sims*, the plaintiff--a chronically tardy police officer--sued when a fellow police officer named Mulcahy entered her home to determine why she had not shown up at work. The plaintiff alleged that the entry into her apartment was racially motivated and sought to introduce evidence that Mulcahy was involved in the termination of another black employee. The Seventh Circuit affirmed the district court's decision to exclude the evidence under *Federal Rule of Evidence 403*, reasoning that any probative value of the evidence was outweighed by its misleading nature. *Sims, 902 F.2d at 531.* In *McCluney*, the plaintiff, after being transferred to a new office, threatened to quit unless the defendant transferred his secretary to the new office. The defendant fired the plaintiff and the plaintiff sued, alleging that the real reason he was fired was his opposition to the defendant's sexually discriminatory transfer policy. At trial, the plaintiff sought to introduce evidence of his reaction to other acts of gender discrimination by the defendant. The purpose of this evidence was to show that the plaintiff acted in accordance with his "sincere and honest concern for female employees" when he opposed the transfer policy. The Seventh Circuit affirmed the district court's decision to exclude the evidence, reasoning that it had little probative value with respect to the transfer of the plaintiff's former secretary. *McCluney, 728 F.2d at 929.* Neither *Sims* nor *McCluney* address whether a defendant's prior acts of discrimination are discoverable pursuant to Rule 26. [*17]

n7 The Court denies Sykes's motion to the extent it seeks payroll information for the supervisors who made the relevant employment decisions in this case. Sykes offers no argument why this information is reasonably calculated to lead to the discovery of admissible evidence.

In addition to his general requests about the

Case 1:04-cv-01336-SLR    Document 32-8    Filed 04/29/2005    Page 8 of 10

Page 7
2002 U.S. Dist. LEXIS 6627, *

supervisors involved in this case, Sykes specifically seeks information about Lucy Ballog--the decision-maker relevant to the Melrose Park promotion. Sykes's interrogatory four and document requests ten and eleven seek information relating to persons interviewed by Ballog for positions other than the two promotions at issue in this case. n8 Target again argues that a plaintiff is not entitled to discover information about an employer's past employment decisions. For the reasons stated above, the Court overrules Target's objection. Sykes is entitled to discover the information requested in interrogatory four and document requests ten and eleven to the extent that those requests seek information relating to Ballog or any other supervisor who was personally involved in either promotional [*18] decision challenged by Sykes. Target may limit its responses to the October 5, 1997 to October 24, 2000 time frame.

n8 Interrogatory 4: "Identify each person who was interviewed and/or hired at the Melrose Park Store by Lucy Ballog during the previous five (5) years, the date of the interview, the position interviewed for, the results of the interview, including any reasons for the decision to hire or not to hire, and if the person was hired, the current employment status of that individual, including any reasons for termination."

Document Request 10: "All documents relating to all positions posted at Defendant, including, without limitation, the position of Building Service Manager."

Document Request 11: "All documents relating to all promotional opportunities at the Broadview Store and the Melrose Park Store, Including, but not limited to, the job posting, job description and all documents relating to the individuals who applied, were interviewed and/or were promoted, including, without limitation, applications, including promotional opportunity applications, promotional interview questions sheets, interviewer's rating sheets and subsequent personnel documents."

[*19]

3. Requests Seeking Information on Benefits

Sykes's interrogatory eleven and document requests four and five seeks information regarding monetary and non-monetary employee benefits. n9 Regarding the monetary benefits, e.g., raises and bonuses, the Court concludes that Sykes is entitled to discover the monetary benefits he would have been eligible to receive had he been promoted to either the Building Maintenance position or the Planogram Team Leader position. Sykes also seeks information regarding any raises or bonuses he would have been eligible to receive had he not been fired by Target. As the defendant correctly notes, however, Sykes's complaint does not include a claim that he was wrongfully terminated--in fact, the complaint was filed several months prior to his termination. Accordingly, the Court denies Sykes's motion to the extent it seeks to discover the monetary benefits he would have been eligible to receive had he not been fired. In the event Sykes amends his complaint to include a claim of wrongful termination, the plaintiff may renew his request for this information. Regarding non-monetary benefits, Sykes argues that he is entitled to discover the value of the [*20] insurance benefits he would have received had he been promoted. In support, Sykes cites an unpublished Sixth Circuit case, *Tramill v. United Parcel Serv., 2001 U.S. App. LEXIS 4305, Nos. 99-6297, 99-6298, 2001 WL 278697,* at *2 (6th Cir. Mar. 12, 2001), holding that a successful employment discrimination plaintiff "may recover the value of his insurance fringe benefits regardless of whether the plaintiff purchased substitute coverage or incurred out-of-pocket medical expenses." Target argues that this information is not relevant because the correct measure of damages in the Seventh Circuit is the amount of out-of-pocket expense incurred by the plaintiff to replace the coverage. The Court concludes that Target is correct. *Best v. Shell Oil Co., 4 F. Supp. 2d 770, 774 (N.D. Ill. 1998); Muchin v. Lincolnshire Bath & Tennis Club, Inc., 1991 U.S. Dist. LEXIS 17950,* No. 91 C 746, *1991 WL 264605,* at *2 (N.D. Ill. Dec. 6, 1991) (denying motion to compel discovery related to value of fringe benefits on ground that correct measure of damages is plaintiff's out-of-pocket expenses). Accordingly, the Court denies Sykes's motion to the extent it seeks to discover the value of the non-monetary benefits [*21] he would have received had he been promoted.

n9 Interrogatory 11: "Describe the benefits available, including but, [sic] not limited to, raises, bonuses, vacation, retirement, as well as medical, vision, dental, life and disability insurance, to employees of Defendant, including, but not limited to, a description of the monthly cost to Defendant of providing each benefit to its employees, the formula or other method used by Defendant to calculate the cost of each benefit and the dollar value or percentage of annual salary the Defendant values the benefits provided

Case 1:04-cv-01336-SLR   Document 32-8   Filed 04/29/2005   Page 9 of 10

Page 8
2002 U.S. Dist. LEXIS 6627, *

to its employees."

Document Request 4: "All documents, including, without limitation, all summary plan descriptions, relating to the benefits programs available to Defendant's employees during Plaintiff's employment, including, without limitation, benefits such as raises, bonuses, vacation, retirement, as well as medical, vision, dental, life and disability insurance."

Document Request 5: "All documents relating to the value of all compensation and benefits received by Plaintiff from Defendant."

[*22]

4. Requests Seeking Information on Target's Policies

Sykes's document requests one, two and three seek information relating to Target's policies and practices. n10 Sykes contends that Target's production is incomplete because the company has not produced (1) its Employment/Employee Relations Manual which contains Target's Screening Inventory Program--a program specifically referenced in Target's policy on the selection of individuals for positions, and (2) a complete copy of its Retention Policy, including the appendices and schedules. Regarding the Employment/Employee Relations Manual, Target does not dispute the relevance of this document. Instead, the defendant contends that Sykes failed to make a good faith attempt to resolve the parties' differences before filing his motion to compel. Sykes responds that he made every attempt to resolve this discovery dispute before filing his motion. The Court need not decide which party is correct. The requested manual is clearly relevant. *Giacoletto v. Amax Zinc Co., Inc., 954 F.2d 424, 427 (7th Cir. 1992)* (holding that defendant's failure to follow its own policy when it fired plaintiff is probative of whether the [*23] defendant's stated reason was a pretext for discrimination). Accordingly, the Court grants Sykes's request for production of a complete copy of the Employment/Employee Relations Manual (including a complete copy of Target's Screening Inventory Program). Regarding Target's document retention policy, Target states that it already produced its document retention policy regarding personnel and employment records. However, Target has refused to produce the appendices to that policy. Target's argument that the appendices are irrelevant is undercut by its previous disclosure of the document retention policy. Moreover, according to the plaintiff, there are several holes in Target's document production. Sykes argues that he is entitled to discover whether Target should have retained certain documents that have not been produced. Because the Court concludes that Sykes is entitled to the appendices to Target's document retention policy, the Court grants Sykes's motion to the extent it seeks those appendices (including the document retention schedule).

n10 Document Request 1: "All documents relating to Defendant's personnel policies, procedures or practices in place during Plaintiff's employment, including without limitation, all documents relating to promotions, the posting of positions, applications, interviewing and hiring as well as all documents relating to attendance and/or tardiness."

Document Request 2: "All documents relating to Defendant's policies, procedures or practices regarding discrimination in place during Plaintiff's employment, including, without limitation, the policies, procedures or practices for responding to and/or investigating complaints of discrimination."

Document Request 3: "All documents relating to Defendant's policies or practices for the retention and/or destruction of documents for the previous five (5) years."

[*24]

5. Attorney's Fees

[HN7] Because this order grants in part and denies in part Sykes's motion to compel, the Court has the discretion to "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." *Fed. R. Civ. P. 37(a)(4)(C)*. A losing party should not be required to pay expenses associated with a motion to compel if reasonable people could genuinely differ about whether the position taken by that party was justified. *Steadfast Ins. Co. v. Auto Marketing Network, Inc., 1999 U.S. Dist. LEXIS 9878,* No. 97 C 5696, *1999 WL 446691,* at *2 (N.D. Ill. June 23, 1999) (internal quotation and citation omitted). Although the Court holds that Target failed to produce certain information, the Court concludes that Target's position was not unreasonable. Accordingly, the Court denies Sykes's motion to the extent it seeks an award of attorney's fees.

**CONCLUSION**

For the foregoing reasons, Sykes's motion to compel

Page 9

2002 U.S. Dist. LEXIS 6627, *

is GRANTED IN PART and DENIED IN PART.

**ENTER:**

**Nan R. Nolan**

**United States Magistrate** [*25] **Judge**

**Dated:** 4/11/02