IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>TOUCH AMERICA HOLDINGS, INC., et al.,<br><br>　　　　　Debtors. | Chapter 11<br><br>Bk. No. 03-11915 (KJC)<br><br>Jointly Administered |
| ENTECH LLC,<br><br>　　　　　Plaintiff,<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>WESTMORELAND COAL COMPANY,<br>a Delaware corporation, and WESTMORELAND MINING LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Adv. No. 04-52935 (KJC)<br><br><br><br><br>C.A. No. 04-1336-SLR |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that the undersigned counsel has received the Proof of Service of Rothschild, Inc., attached as Exhibit A, which certifies that Rothschild, Inc., Attn: Custodian of Records, 1251 Avenue of the Americas, New York, New York 10020, was served on April 20, 2005 with the Subpoena issued by the United States District Court for the Southern District of New York, attached as Exhibit B.

Dated: Wilmington, Delaware
　　　　May 2, 2005

　　　　　　　　　　　　　　　　　　YOUNG CONAWAY STARGATT & TAYLOR, LLP

　　　　　　　　　　　　　　　　　　_/s/ Christian Douglas Wright_
　　　　　　　　　　　　　　　　　　Robert S. Brady (No. 2847)
　　　　　　　　　　　　　　　　　　John T. Dorsey (No. 2988)
　　　　　　　　　　　　　　　　　　Christian Douglas Wright (No. 3554)
　　　　　　　　　　　　　　　　　　Matthew B. McGuire (No. 4366)
　　　　　　　　　　　　　　　　　　The Brandywine Building
　　　　　　　　　　　　　　　　　　1000 West Street, 17th Floor
　　　　　　　　　　　　　　　　　　P.O. Box 391
　　　　　　　　　　　　　　　　　　Wilmington, DE 19899-0391
　　　　　　　　　　　　　　　　　　(302) 571-6600

　　　　　　　　　　　　　　　　　　Co-counsel to the Plaintiff

# EXHIBIT A

Job#:R-A032-4/10-5160                                          Winston & Strawn

# AFFIDAVIT OF SERVICE

Index #: 03-11915

COURT: United States District    COUNTY: Southern N.Y.

----------------------------------------

In Re: Touch America Holdings Inc., et al

**Entech LLC**

                                          Plaintiff

against

**Westmoreland Coal Company and**
**Westmoreland Mining LLC**

                                          Defendant

----------------------------------------

**STATE OF NEW YORK, COUNTY OF New York**     :SS:

Robert Lee Jenkins being duly sworn deposes & says:
I am over 18 years of age, not a party to this action, and reside in the State of New York.

That on **April 20, 2005 at 3:00 pm**
at **11251 Avenue of the Americas, New York, New York, 10020**

I served the **Judicial Subpoena**

upon: **Custodian of Records: Rothschild Inc.**
therein named, by delivering to & leaving personally with
**Soo Shin**, a true copy of each thereof
Deponent describes the person actually served as follows:

       SEX:       Female
       COLOR:     Oriental
       HAIR:      Black
       AGE:       40
       APP HT:    5'0 "
       APP WT:    120

DEPONENT further says; that at the time of such service I knew the said person served to be authorized to accept service

Sworn to before me this
April 21, 2005

Lana Faith Pollack
Commissioner of Deeds
No. 1-5537
Qualified in New York County
Commission Expires May 1, 2006

Robert Lee Jenkins 1189336

The Letter of The Law Process Service Co. Inc., 577 Grand Street Suite F907, New York N.Y. 10002

# EXHIBIT B

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:
TOUCH AMERICA HOLDINGS, INC., et al., Debtors

ENTECH LLC, Plaintiff
v.
WESTMORELAND COAL COMPANY, and
WESTMORELAND MINING LLC, Defendants

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 03-11915 (KJC)
U.S. Bankruptcy Court, District of Delaware
Adversary Proceeding No. 04-52935 (KJC)

TO: Rothschild, Inc., Attn: Custodian of Records
1251 Avenue of the Americas
New York, NY 10020

C.A. No. 04-1336-SLR
U.S. District Court, District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Winston & Strawn LLP, c/o Piero A. Tozzi, Esq. 200 Park Avenue New York, NY 10166 | May 4, 2005 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 4/19/05 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Piero A. Tozzi, Esq.; Winston & Strawn LLP; 200 Park Avenue; New York, NY 10166; Phone (212)294-6700

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

1. All documents or communications that relate or refer in any way to your Fairness Opinion(s), including, without limitation, any documents or communications collected, reviewed or prepared by you concerning (a) the Transaction, including due diligence in connection with the Transaction, (b) any bid submitted for the Companies or any of the Companies individually, (c) the value of the Companies, collectively or individually, or (d) any accounting books and records or financial statements of any of the Companies.

2. Any engagement letter(s) or any other documents or communications pertaining to the Transaction and the terms of your engagement.

3. All documents or communications that relate or refer in any way to the Transaction, including, without limitation, all documents or communications that involve, concern, or relate to (a) the value of the Companies, collectively or individually, or (b) any accounting books and records or financial statements of any of the Companies.

4. All analyses or summaries created or prepared by you relating or referring to (a) the Transaction, (b) any bid submitted for the Companies or any of the Companies individually, (c) the value of the Companies, collectively or individually, or (d) any accounting books and records or financial statements of any of the Companies.

5. All documents, communications, analyses or summaries that relate or refer to (a) the Objections, (b) the Proof of Claim, (c) the Indemnity Notices, (d) the Financial Materials, (e) the Closing Date Certificate, (f) the Stock Purchase Agreement Financial Statements, or (g) the Transaction Financing Agreements.

## INSTRUCTIONS

1. This Subpoena applies to all documents in your possession, custody or control, wherever located.

2. References in this Subpoena to any person or entity shall include the person or entity and his, her, or its present and former corporate parents, predecessors in interest, successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on his, her, or its behalf.

3. If, in responding to this Subpoena, you claim any ambiguity in interpreting a request, or any applicable definition or instruction, you may not utilize that claimed ambiguity as a basis for refusing to respond. Rather, you shall set forth as part of your response the language deemed ambiguous, and the interpretation you used in responding to that request.

4. A request for a document shall be deemed to include a request for the original and final versions of the document, all drafts, alterations, modifications, changes and amendments thereto, as well as all non-identical copies or drafts of such documents, including any copy bearing non-identical markings or notations of any kind, as well as and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document.

5. Any document described herein is to be produced as it is kept in the ordinary course of business, in its original file folder, with all labels or similar markings intact, and with the name of the Person from whose files it was produced. Documents stored electronically shall be produced in electronic format as stored and/or copied exactly onto medium such as diskettes, "Zip" disks, CD-ROM, DVD-ROM, or the like.

6. In the event that any responsive document is maintained in computer-readable form, such document shall be produced: (i) in hard copy form, in a format generally used in the ordinary course of business; and (ii) on disk, tape, or other computer storage medium, with instructions necessary to convert the information into reasonably usable form (including the name and version number of the program used to create or read the data).

7. Each request herein should be construed independently and not with reference to any other request for the purpose of limitation.

8. If it is not possible to produce any document called for by this Request, or if any part of this Request is objected to, the reasons for the failure to produce the documents or the objection should be stated specifically as to all grounds.

9. If a document responsive to any request is no longer in your possession, custody or control, state what disposition was made of the document and the date of such disposition, and identify all Persons having knowledge of the document's contents.

10. If a document responsive to any request is no longer in your possession, but a copy of said document has been maintained by your agent, advisor or consultant (such as, but not limited to, any of your accountants, auditors, attorneys, advisors, or experts), include such document in your production.

11. If any document responsive to any request has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction and the name of the Person who destroyed the document or ordered or authorized such destruction.

12. If you claim any form of privilege or protection or other reason, whether based on statute or otherwise, as a ground for not producing requested documents, furnish a list identifying

each document for which the privilege or protection is claimed, together with the following information:

(a) type of document(s) (*e.g.*, memorandum, letter);

(b) date of the document(s);

(c) length of the document(s);

(d) author or sender of document(s);

(e) addressee and all other Persons to whom copies of the document(s) were furnished, together with their job titles;

(f) general subject matter of the document(s);

(g) basis for withholding the document(s); and

(h) the specific Request to which such document(s) is (are) responsive.

When one writing is responsive to more than one specific request, only one identical copy of the writing need be produced.

13. Any documents responsive to any request which you deem to be confidential will be maintained as confidential pursuant to the terms of District of Delaware Local Rule 26.2, which provides that until such time as an appropriate protective order is in effect, production of confidential information is limited to members and employees of trial counsel who have entered an appearance in the litigation and who have, where appropriate, been admitted *pro hac vice*, with such persons being obligated to keep such documents confidential and use them only for purposes of litigating the case. Once an appropriate protective order is in effect, any confidential documents produced will be subject to the protections provided by that protective order.

## DEFINITIONS

For purposes of this Subpoena, the following terms shall have the following meanings:

1. The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Schedule information that might

4

otherwise be construed to be outside its scope; the singular shall include the plural and the plural shall include the singular except as the context may otherwise dictate; the term "any" means "any and all" and the term "all" means "any and all"; the past tense shall include the present tense, and vice versa; and the word "including" means "including without limitation."

2.  "Closing Date Certificate" means the Closing Date Certificate Provided by Entech to Westmoreland on June 29, 2001, as supplemented on July 1, 2001 and July 16, 2001.

3.  "Communication" means any document, oral statement, meeting or conference, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

4.  "Companies" means Basin Resources, Inc., Horizon Coal Services, Inc., North Central Energy Company, Northwestern Resources Co., Western Energy Company, and Western SynCoal LLC.

5.  "Document" shall have the broadest meaning possible under Federal Rules of Civil Procedure 26 and 34. Further, the word "document" is used in the broad sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced of any kind and description, and whether an original, master, duplicate or copy, including but not limited to, papers, notes of conversations, contracts, electronic mail, computer files, agreements, drawings, telegrams, tape recordings, communications of any kind whatsoever (including inter-office and intra-office memoranda), reports, studies, working papers, corporate records, minutes of meetings (including meetings of boards of directors or committees thereof), notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone

conversations or negotiations, meetings or conferences, or things similar to any of the foregoing, and include any data, information or statistics contained within any data storage modules, tapes, discs or other memory device or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs. The word "document" also includes data compilations from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modification copy or non-identical copy is a separate "document."

6. "Entech" means Entech, Inc. and/or Entech LLC, a Delaware limited liability company, the plaintiff in this action, and the successor of Entech, Inc.

7. "Fairness Opinion(s)" means any fairness opinion(s) produced by you concerning the Transaction.

8. "Financial Materials" means any statements of operation and any financial or accounting information, statements, balance sheets, and reports relating to any of the Companies, which were provided, exchanged, reviewed, collected, or otherwise utilized in connection with the Transaction or the preparation of the Objections, the Proof of Claim, or the Indemnity Notices.

9. "Guiding Principles Agreement" means the agreement between Entech and Westmoreland titled Guiding Principles for Calculation of Net Asset Value and Net Revenue Amount, dated April 25, 2001.

10. "Including" means "including, but not limited to"; the term "includes" means "includes, but not limited to."

11. "Indemnity Notices" jointly means the Indemnity Notice of Adverse Consequences, dated October 26, 2001, submitted by Westmoreland Coal Company to Entech, and the Indemnity Notice of Adverse Consequences, dated October 26, 2001, submitted by Westmoreland Mining LLC to Entech.

12. "Objections" means the objections to the Closing Date Certificate originally submitted by Westmoreland to Entech on July 27, 2001, as subsequently amended and revised (including but not limited to the revised objections to the Closing Date Certificate submitted by Westmoreland to Entech in September 2001 and November 2001).

13. "Person" means any individual, natural person, firm, partnership, association, corporation, limited liability company, limited partnership, joint venture, or any other legal, business or governmental entity of any type whatsoever.

14. "Proof of Claim" means the Proof of Claim filed by Westmoreland on December 10, 2003, in the Chapter 11 proceeding *In re Touch America Holdings, Inc., et al.*, Case No. 03-11915 (KJC), in the United States Bankruptcy Court for the District of Delaware.

15. "Relate to" or "relating to" mean concerning, regarding, referring to, discussing, supporting, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting or mentioning, directly or indirectly, in whole or in part.

16. "Stock Purchase Agreement" means the Stock Purchase Agreement, dated as of September 15, 2000, by and between Westmoreland Coal Company and Entech, Inc.

17. "Stock Purchase Agreement Financial Statements" means the financial statements attached as Exhibit E to the Stock Purchase Agreement.

18. "Transaction" means the transaction contemplated by the Stock Purchase Agreement, the Guiding Principles Agreement, and any documents and agreements related thereto.

19. "Transaction Financing Arrangements" means the agreements filed as Exhibits 99.2, 99.3, 99.4, 99.5, 99.6, 99.7, 99.8, 99.9, 99.10, and 99.11 to the Form 8-K filed by Westmoreland Coal Company on May 15, 2001.

20. "Westmoreland" means Westmoreland Coal Company, a Delaware corporation, and/or Westmoreland Mining LLC and any of their predecessors, successors, divisions, departments and affiliates, and their respective officers, directors, employees, agents, attorneys, and/or other representatives.

21. "You" or "your" means Rothschild Inc. and its affiliates, subsidiaries, agents, representatives, officers, directors, partners, associates and employees.

## CERTIFICATE OF SERVICE

I, Kimberly A. Beck, hereby certify that I am not less than 18 years of age, and that on May 2, 2005, I caused a copy of the foregoing **Notice of Service of Subpoena** (Rothschild, Inc.) to be served upon the parties identified below in the manner indicated thereon.

*Kimberly A. Beck*

Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
***By Hand Delivery***

Christopher A. Ward, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
***By Hand Delivery***

John G. Hutchinson, Esq.
Sidley Austin Brown & Wood LLP
787 Seventh Avenue
New York, NY 10019
***By First Class Mail***

C. MacNeil Mitchell, Esq.
Piero A. Tozzi, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
***By First Class Mail***

Rolf S. Woolner, Esq.
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
***By First Class Mail***

Rothschild, Inc.
Attn: Custodian of Records
1251 Avenue of the Americas
New York, NY 10020
***By First Class Mail***