IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
|                                                              :
In re                                                          :   Chapter 11
                                                               :   Case No. 03-11915 (KJC)
TOUCH AMERICA HOLDINGS, INC., et al.,                          :
                                                               :   Jointly Administered
            Debtors.                                           :
------------------------------------x
                                                               :
ENTECH LLC,                                                    :
                                                               :
            Plaintiff,                                         :   Adversary No.: 04-52935(KJC)
                                                               :
      -- vs. --                                                :
                                                               :   C.A. No. 04-1336-SLR
WESTMORELAND COAL COMPANY, a                                   :
Delaware Corporation, and                                      :
WESTMORELAND MINING LLC, a Delaware                            :
Limited Liability Company,                                     :
                                                               :
            Defendants.                                        :
                                                               :
------------------------------------x

**STIPULATION AND (PROPOSED) PROTECTIVE ORDER**
**GOVERNING THE PRODUCTION OF CONFIDENTIAL MATERIALS**

The parties, by and through their undersigned counsel of record ("Undersigned Counsel") in the action <u>Entech LLC v. Westmoreland Coal Co. and Westmoreland Mining LLC</u> (Index No. C.A. 04-1336-SLR) (the "Litigation"), hereby stipulate and agree to the following Stipulation and (Proposed) Protective Order (the "Protective Order"):

    1.    This Protective Order shall govern the designation and handling of any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced herein by or on behalf of a party (or any of its attorneys or agents), or by or on behalf of a non-party (or any of its attorneys or other

agents), and all information derived therefrom ("Litigation Materials").  Documents or information obtained by or made available to any party in this Litigation by any lawful means other than through the discovery provisions of the Federal Rules of Civil Procedure  ("FRCP") or the Federal Rules of Bankruptcy Procedure in the context of this Litigation shall not be subject to this Protective Order.

      2. "Document" or "Documents" means all documents and things subject to discovery under Rule 34 of the FRCP, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, prescriptions, package inserts or other information accompanying medications, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, other data compilations (in any form) from which information can be obtained,

recordings made through data processing techniques and the written information necessary to understand and use such materials, and any other documents discoverable under the FRCP.

       3.     "Person" or "Persons" means any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors, etc.), domestic or foreign company, corporation, partnership, joint venture, sole proprietorship, association, business trust, government or government agency or any other incorporated or unincorporated business, government or legal entity.

       4.     This Protective Order shall govern the handling of all Litigation Materials before trial. This Protective Order shall also govern the handling after trial of all Litigation Materials that are designated "CONFIDENTIAL" pursuant to paragraph 5 below, that do not become part of the trial record. With respect to documents or information to be used at trial, the parties shall meet and confer prior to the final pretrial conference in this Litigation (a) to attempt to reach an agreement as to the treatment and use of "CONFIDENTIAL" Litigation Materials to be used at trial; (b) to attempt to reach an agreement as to any objections to the use of "CONFIDENTIAL" Litigation Materials at trial; (c) to designate certain "CONFIDENTIAL" Litigation Materials as trial exhibits, and (d) to attempt to develop a method for maintaining the confidentiality of any "CONFIDENTIAL" Litigation Materials used at trial.

       5.     Any person who is required to produce Litigation Materials in this Litigation may designate such Litigation Materials as "CONFIDENTIAL" pursuant to this Protective Order by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. Designation of Litigation Materials as "CONFIDENTIAL" shall be based on a good faith belief by the producing party that such materials contain (a) proprietary or commercially sensitive business information, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information which the

producing party is legally obligated to keep confidential, as reasonably determined by the person producing the material.

6. Except as set forth herein or in any subsequent order of the Court, Litigation Materials designated "CONFIDENTIAL" and any part of the information contained in those Litigation Materials, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

(a) the Court and persons employed by it or appointed by it in connection with this Litigation;

(b) court reporters, videographers or other qualified persons taking testimony;

(c) current employees of each of the parties, including their parents, subsidiaries and affiliates,

(d) counsel retained by the parties to represent them in this Litigation, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or index any Litigation Materials;

(f) independent experts or consultants retained to assist in the preparation of the Litigation for trial, or to testify at trial or any other proceeding in this Litigation, provided that any such experts or consultants that are competitors of, or employees of a competitor, of the other party to the Litigation shall not have access to Confidential Litigation Materials;

(g) actual or potential party or non-party fact witnesses, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Litigation Materials;

        (h) witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Litigation Materials;

        (i) persons identified on the face of the Litigation Materials as having authored or previously received the Litigation Materials; and

        (j) such other persons as the parties may agree upon in writing.

7.     A party also may designate as "CONFIDENTIAL" any Litigation Materials produced by any non-party, to the extent that the Litigation Materials produced satisfy the standards set forth in paragraph 5 above.

8.     All "CONFIDENTIAL" Litigation Materials, whether produced by parties or non-parties, shall be used by the parties solely for the prosecution and defense of the Litigation, and shall not be used for business, competitive or other litigation purposes, or for any other purpose.

9.     Any party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within five (5) business days after receipt of the deposition transcript by providing written notice of the designation to the other party and any other affected person(s). The party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter. The parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated. To the extent that deposition testimony later designated "CONFIDENTIAL" is disclosed by a party prior to the other party's

designation of that testimony, such disclosure shall not constitute a breach of this Protective Order.

10. Litigation Materials previously designated "CONFIDENTIAL" that are marked as exhibits during a deposition shall be treated by the parties in accordance with their original designation.

11. Whenever Litigation Materials designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any party discussing or disclosing such Litigation Materials must first exclude from the room any person who is not entitled to receive or review such material under this Protective Order.

12. Any Litigation Materials that are inadvertently produced, after the entry of this Protective Order, without a "CONFIDENTIAL" designation may be subsequently redesignated by the producing party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Bates numbers of documents previously produced. No person shall be liable for disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

13. "CONFIDENTIAL" Litigation Materials filed with the Court for any pre-trial purpose shall not be part of the public record. Such materials shall be filed in a sealed envelope or other container, marked on the outside with the caption of this Litigation and the word "CONFIDENTIAL."

14. The parties agree that all persons employed by any party to this litigation who are given access to protected Litigation Materials will be instructed that such persons and the parties are bound by the terms of this Protective Order.

15. Except as set forth in paragraph 16 below, outside counsel who have appeared in this Litigation shall require that all persons described in paragraphs 6(f)-(h) and (j),

before they are given access to protected Litigation Materials, must read and agree to be bound by this Protective Order by endorsing the certification attached hereto as Exhibit A (the "Certification").

16. All Certifications shall be maintained by the counsel authorizing the disclosure. If a witness refuses to execute a Certification, the party seeking to disclose "CONFIDENTIAL" Litigation Materials to that person in accordance with the terms of this Protective Order may do so only in the course of testimony but not during preparation for testimony, and any disclosure in the course of testimony may be made only if (1) the party shows the witness a copy of this Protective Order and requests that he or she read it and that he or she sign the certification; and (2) the party informs the witness that documents that will be shown to the witness are "CONFIDENTIAL" and that, under this Protective Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided in the Protective Order. This advice to a non-signing witness shall be made on the record at a deposition, hearing or trial.

17. The provisions of this Protective Order, insofar as they restrict the disclosure and use of "CONFIDENTIAL" Litigation Materials, shall continue to be binding on all parties and persons subject to the terms of this Protective Order, as well as Undersigned Counsel, notwithstanding the entry of any judgment or dismissal herein or the final termination of the Litigation.

18. If any party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" Litigation Materials received from another party, that party shall give written notice to the producing party within three (3) business days of receipt of such subpoena or court order, and in no event less than five (5) business days prior to the time for production of such Litigation Materials pursuant to the subpoena or court order. If

such written notice cannot be made, the party receiving the subpoena must immediately give notice to counsel for the producing party by telephone. In no event shall production or disclosure be made before notice is given. The purpose of this paragraph is to provide the producing party the opportunity to intervene at its own expense to object to the production of such Litigation Materials.

19. Any party may object to the designation of any document as "CONFIDENTIAL" made by the other party. Any such objection must be in writing to the designating party and the objecting party must request a conference to attempt to resolve the dispute. If the dispute is not resolved through this meet-and-confer process, the objecting party may seek appropriate relief from the Court on an expedited basis. The designating party shall have the burden to demonstrate that the Litigation Materials that are the subject of any motion before the Court were properly designated pursuant to this Protective Order. In the event that a large number of such Litigation Materials are in dispute, the parties shall use their best efforts to agree upon a reasonable amount of time during which any party may move the Court for appropriate relief. Any disputed Litigation Materials shall be treated in accordance with their designation under this Protective Order until the Court rules otherwise.

20. If one party objects to the designation of any document as "CONFIDENTIAL" by a non-party, that party shall notify both the other party and the non-party of such objection in writing. If the designation is not lifted by agreement of the non-party, a motion may be brought to lift the designation. Until resolution of such a motion, the disputed Litigation Materials shall be treated in accordance with the non-party's designation under this Protective Order.

21. The inadvertent production of any document or other disclosure of any document or information that the producing party contends is subject to the attorney-client

privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within five (5) business days after the discovery of the inadvertent production, the producing party shall provide written notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents or information. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned within five (5) business days of such demand.

      22.    If any party objects to a claim of privilege or a claim of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other party in writing. The parties shall attempt to resolve the dispute amicably within the five (5) business days following such written notice. If the dispute is not resolved, the party claiming privilege or inadvertent production may move the Court for a protective order concerning the document(s) at issue. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the parties otherwise agree.

      23.    Within forty (40) days following the conclusion of this Litigation, including any appeal, and after the termination of litigation has become final, a producing party may request the destruction or the return of all copies of all Litigation Materials produced in this Litigation, except those filed with the Court. If such a request is made in writing, the recipient of such a request shall have thirty (30) days in which to (a) return all copies of the Litigation Materials, if that is the request, or (b) destroy all copies of the Litigation Materials, if that is the

request, and, if the Litigation Materials are destroyed, to certify in writing that such destruction has occurred.

24. Nothing in this Protective Order shall limit any producing party's use of its own documents or prevent any producing party from disclosing its own "CONFIDENTIAL" information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of this Protective Order so long as disclosure is made in a manner in which is reasonably calculated to maintain the confidentiality of the information.

25. The designation of "CONFIDENTIAL" Litigation Materials in accordance with this Protective Order is intended solely to facilitate the preparation and trial of the Litigation. The designation of "CONFIDENTIAL" shall not be construed as an admission or concession that the designated Litigation Materials contain trade secrets or proprietary business information or otherwise contain confidential information.

26. Conversely, the failure to designate Litigation Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside the Litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

27. Nothing in this Protective Order shall relieve a party of its obligations under the FRCP or under any future Stipulations and Orders, regarding the production of documents or the making of timely responses to discovery requests.

28. This Protective Order may be signed in counterparts.

29. The parties agree to be bound by the terms of this Protective Order upon the signing of the Protective Order by their respective Undersigned Counsel.

30. Nothing in this Protective Order shall prejudice the right of any party to the Litigation to apply to the Court for a further Protective Order.

IT IS HEREBY STIPULATED AND AGREED:

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: *Christian Douglas Wright* | By: *Rebecca S. Beste* |
| Robert S. Brady (No. 2847) | Laurie Selber Silverstein (No. 2396) |
| John T. Dorsey (No. 2988) | Rebecca S. Beste (No. 4154) |
| Christian Douglas Wright (No. 3554) | Hercules Plaza |
| Edmon L. Morton (No. 3856) | 1313 N. Market Street |
| Matthew B. McGuire (No. 4366) | Wilmington, Delaware 19801 |
| The Brandywine Building | (302) 984-6000 |
| 1000 West Street, 17th Floor | (302) 658-1192 (fax) |
| Wilmington, Delaware 19801 | |
| (302) 571-6600 | |
| (302) 571-1253 (Fax) | |
| – and – | - and - |
| **WINSTON & STRAWN LLP** | **SIDLEY AUSTIN BROWN & WOOD LLP** |
| C. MacNeil Mitchell | John G. Hutchinson |
| Piero A. Tozzi | 787 Seventh Avenue |
| 200 Park Avenue | New York, New York 10019 |
| New York, NY 10166-4193 | (212) 839-5300 |
| (212) 294-6700 | |
| WINSTON & STRAWN LLP | |
| Rolf S. Woolner | |
| 333 South Grand Avenue | |
| Los Angeles, CA 90071-1543 | |
| (213) 615-1700 | |
| *Attorneys for Plaintiff Entech LLC* | *Attorneys for Defendants Westmoreland Coal Company and Westmoreland Mining LLC* |

IT IS SO ORDERED:

May __, 2005

_____
Sue L. Robinson, Chief Judge

PAC 680015

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re                               :  Chapter 11
                                    :  Case No. 03-11915 (KJC)
TOUCH AMERICA HOLDINGS, INC., et al.,:
                                    :  Jointly Administered
              Debtors.              :
------------------------------------x
ENTECH LLC,                         :
                                    :
              Plaintiff,            :
                                    :
              -- vs. --             :  Adversary No.: 04-52935(KJC)
                                    :
WESTMORELAND COAL COMPANY, a        :  C.A. No. 04-1336-SLR
Delaware Corporation, and           :
WESTMORELAND MINING LLC, a Delaware :
Limited Liability Company,          :
                                    :
              Defendants.           :
                                    :
                                    :

## CERTIFICATION

I certify that I have received and read a copy of the Protective Order in <u>Entech LLC v. Westmoreland Coal Company and Westmoreland Mining LLC</u>, C.A. No. 04-1336-SLR, D.C. Del. (C.J. Robinson). I agree to be bound by it, and I understand that I may be subject to contempt proceedings in the United States District Court for the District of Delaware if I violate it. I further understand that information designated as "CONFIDENTIAL" in this Litigation, and any notes, memoranda, or other form of information derived from it, may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this Litigation.

Date: _____        _____
                                     Name:
                                     Title: