# EXHIBIT No. 3

27

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

APR - 7 2005

|                                                                                                                                                      |   |                                    |
| ---------------------------------------------------------------------------------------------------------------------------------------------------- | - | ---------------------------------- |
| IN RE:                                                                                                                                                | ) | Chapter 11                         |
| TOUCH AMERICA HOLDINGS, INC., et al.,                                                                                                                 | ) | Bk. No. 03-11915 (KJC)             |
| Debtors.                                                                                                                                              | ) | Jointly Administered               |
| ENTECH LLC,                                                                                                                                           | ) | Adv. No. 04-52935 (KJC)            |
| Plaintiff,                                                                                                                                             | ) |                                    |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,                                                                                                            | ) |                                    |
| Plaintiff-Intervenor,                                                                                                                                 | ) |                                    |
| v.                                                                                                                                                     | ) | C.A. No. 04-1336-SLR               |
| WESTMORELAND COAL COMPANY, a Delaware corporation, and WESTMORELAND MINING LLC, a Delaware limited liability company,                                 | ) |                                    |
| Defendants.                                                                                                                                           | ) |                                    |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Entech, LLC, ("Entech") pursuant to Rules 26 and 34 of the Federal Rules of

Civil Procedure, hereby submits the following objections and responses to Defendants'

Westmoreland Coal Company and Westmoreland Mining, LLC, ("Westmoreland") First Request

to Produce Documents (1-49) to Entech, LLC (the "Requests").

Date Filed ___4/6/05___

Docket No. ___27___

WP3:1091946.5

062207.1001

## RESERVATION OF RIGHTS

Entech provides these responses without waiving or intending to waive and, on the contrary, preserving and intending to preserve:

1.      All questions as to competency, relevancy, materiality, privilege/work product and admissibility as evidence for any purpose of the responses or subject matters thereof, in any subsequent proceeding in, or at the trial of, this or any other action.

2.      The right to object on any ground to the use of any of said responses or the subject matter thereof in any subsequent proceeding in or at the trial of, this or any other action.

3.      The right to object to further discovery into the subject matter of the request categories and the introduction into evidence of any document or portion thereof.

4.      The right to object on any ground at any time to a demand for further responses to these or any other discovery requests involving or related to the subject matters of the Requests responded to herein.

5.      The right at any time to supplement, revise, correct, add to, or clarify any of the responses provided herein, and to redact any documents produced.

6.      In responding to the Requests, Entech does not concede the accuracy of any definitions of terms or descriptions of any facts, events, pleadings, or documents underlying this action.   Entech specifically does not waive its objections to any definition as vague and overbroad and reserves the right to define the terms differently and/or more specifically from the way in which they are defined in the Requests.

7.      In each and every response where Entech interposes an objection, such objection shall be construed to preserve all of Entech's rights to enter similar objections as to any future

2

supplemental answer to such Requests. Moreover, a failure to object herein shall not constitute a waiver of any objections that Entech may interpose as to future supplemental responses.

8.    Any response to any or all of the Requests herein does not necessarily mean that any information exists or is in Entech's possession, custody or control that is responsive to the Requests.

9.    Inadvertent production or disclosure of information otherwise protected from discovery under any applicable privilege, immunity or any other ground for objecting to discovery shall not constitute a waiver of any such privilege, immunity or other ground for objecting to discovery with respect to such document or information or any other document or information, or with respect to the subject matter thereof, and Entech reserves the right to demand the return of any such document or information and all copies thereof.

10.    Inadvertent production or disclosure of information otherwise protected from discovery under any applicable privilege, immunity or any other ground for objecting to discovery shall not waive Entech's right to object to the use of any such document of information at any time during this action or in any subsequent proceeding.

11.    Capitalized terms which are not defined herein shall have the meaning given to them in the Requests.

12.    Entech reserves the right to supplement these Responses, if necessary.

## GENERAL OBJECTIONS

1.    Entech objects to the Requests and "Definitions" and "Instructions" to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware (the "Local Rules"). Entech will respond to the Requests in a manner consistent with its obligations

3

under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware

2.      Entech objects to the Requests to the extent that they call for material that is protected by the attorney-client privilege, the attorney work-product immunity doctrine, or any other applicable privilege or immunity, or which is otherwise immune from discovery.

3.      Entech objects to the Requests to the extent that they seek production of material not relevant to the subject matter of this action or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Entech objects to the Requests to the extent that they are made for the purpose of harassment, annoyance, or embarrassment, whether as to Entech or any person or individual associated with, employed by, or connected with Entech.

5.      Entech objects to the Requests to the extent that they request material the production of which would be violative of any applicable federal or state laws.

6.      Entech objects to the Requests to the extent that they request material that is (i) not within the possession, custody, or control of Entech, (ii) publicly available, (iii) uniquely within the control of Westmoreland, or (iv) equally available to both Westmoreland and Entech which are less burdensome or costly to Entech for Westmoreland to obtain by other means.

7.      Entech objects to the Requests to the extent that they call for the production of confidential information of Entech or any non-party prior to the entry of a suitable protective order. In the absence of a Protective Order, and until such a Protective Order is granted by the Court, Entech will produce documents that contain or reflect confidential information of Entech or any non-party only in accordance with and subject to D. Del. L. R. 26.2.

4

8.    Entech objects to the Requests to the extent that they seek "all" documents, materials, communications, *etc.*, responsive to the request categories, on the grounds of over breadth, undue burden, and relevance.  Entech will use reasonable diligence to locate documents in its possession, custody or control, based upon an examination of those files reasonably expected to yield responsive documents.  As used in these responses, the phrase "all documents," or phrases of similar import, mean those documents which Entech was able to locate using reasonable diligence and judgment concerning the whereabouts of responsive documents.  Such phrase should not be construed as a representation that each and every document in the possession, custody or control of Entech has been examined in connection with these responses or produced pursuant thereto.

9.    Entech objects to the Requests to the extent that they use language calling for a legal conclusion.  Entech's responses herein shall be as to matters of fact only, and shall not be construed as stating or implying any conclusions of law concerning the matters referenced in any request, whether by virtue of production or otherwise.

10.    Entech objects to the Requests as premature to the extent that they seek or are based upon legal contentions or conclusions, including but not limited to opinions of counsel, when fact discovery has not closed.

11.    Entech objects to the Requests to the extent that they are ambiguous, vague or otherwise incomprehensible.

12.    Entech objects to the Requests to the extent that they seek information pertaining to Entech's trial strategy or preparation.

13.    Entech objects to the definitions of "Documents" (Definition F) and "Electronic Data" (Definition H) and to Instruction B to the extent they seek production of any electronic

5

mail and computer files stored solely on back-up archival tapes on the grounds that retrieval of

such materials is unduly burdensome, oppressive, and is not reasonably calculated to lead to the

discovery of admissible evidence.

## GENERAL OBJECTION

14.    Entech objects to Definition R to the extent that it defines "Outstanding

Objection" to include objections that were addressed in the Independent Accounting Proceeding

("IAP").

15.    Entech objects to Definition J to the extent that it purports to define "Entech" to

include any party other than plaintiff Entech, LLC.

16.    Entech objects to Instruction B to the extent that it seeks to impose a burden on

Entech that is greater than that imposed by the Federal Rules of Civil Procedure and the Local

Rules.

17.    Entech objects to Instruction C on the ground that the time frame specified by

Westmoreland is overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. Unless otherwise stated, Entech will produce documents not

otherwise objected to for the time period from January 1, 1997 up to the date the filing of the

Complaint in this litigation.

18.    Entech objects to Instruction D to the extent that it seeks to impose upon Entech

obligations that are greater than those imposed by the Rule 26(e) of the Federal Rules of Civil

Procedure. Entech will comply with the requirements of Rule 26(e) regarding supplementation

of these Objections and Responses.

19.    Entech objects to Instructions F and G as overly broad, unduly burdensome, and

imposing upon Entech obligations that are greater than those imposed by the Federal Rules of

Civil Procedure and the Local Rules. Entech will provide sufficient information to satisfy the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to any document withheld in whole or in part under a claim of privilege, immunity, or other protection from disclosure.

20.     Entech objects to Instruction H on the ground that it imposes upon Entech obligations that are greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules.

21.     Entech objects to Instruction I as overly broad, unduly burdensome, and imposing upon Entech obligations that are greater than those imposed by the Federal Rules of Civil Procedure and the Local Rules.

22.     Entech's representation that documents or things will be produced in response to a particular request shall not be construed as a representation that any such documents actually exist or are within Entech's possession, custody or control.

23.     To the extent that Entech produces documents, Entech does not necessarily concede that the documents requested are relevant to this action.

24.     Many of the documents sought in the requests could be deemed responsive to multiple requests. Entech objects to each request to the extent that is seeks the production of documents responsive to other requests, on the ground of undue burden.

25.     All of Entech's responses to the specific document requests are subject to the foregoing Reservation of Rights and General Objections, which are hereby incorporated by reference into each of the specific responses, whether or not specifically recited in each response.

## SPECIFIC OBJECTIONS AND RESPONSES

### DOCUMENT REQUEST NO. 1:

1.    All documents concerning the Interim Financial Statements, including, without limitation, all contracts, financial entries, schedules, correspondence, memoranda and any other documents supporting each and every one of the entries in the Interim Financial Statements.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "any other documents supporting each and every one of the entries." Entech further objects to this request to the extent it calls for the production of documents related to entries that are not the subject of Westmoreland's claims or that concern items addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "financial entries," "schedules, " and "any other documents." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

### DOCUMENT REQUEST NO. 2:

2.    All documents concerning the entries in the Interim Financial Statements that are the subject of the Outstanding Objections.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

**DOCUMENT REQUEST NO. 3:**

3.    All documents concerning each and every one of the Outstanding Objections including, without limitation, any and all documents generated as a result of the assertion of the Outstanding Objections or as a result of inquiries made by Entech concerning the subject matter of the Outstanding Objections.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech also objects to this request as calling for the production of information protected from disclosure pursuant to the attorney-client

9

privilege and the attorney work product doctrine. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 4:

4.    All documents concerning Entech's representation and warranty in the SPA that the Interim Financial Statements "fairly present in all material respects the consolidated financial condition and statement of operations" of the Companies on the dates indicated.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request as it incorrectly quotes the relevant representation and warranty in the SPA. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

10

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 5:

5.    All documents concerning the accounting that is the subject of one or more of the Outstanding Objections, including, without limitation, communications between David Smith and any other Entech employee and communications between PricewaterhouseCoopers LLP and Entech.

## RESPONSE TO DOCUMENT REQUEST NO. 5:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrase "concerning the accounting." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

11

## DOCUMENT REQUEST NO. 6:

6.     All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 6, including, without limitation, documents concerning (i) the salability of the WECO coal slurry inventory at issue, (ii) any attempts to sell such inventory, (iii) any consideration given at the time of writing off such inventory, (iv) the treatment of such coal slurry inventory as a $163,106 asset in the Interim Financial Statements, and (v) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of such inventory as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 6:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and has no temporal limitation.  Entech further

objects to this request to the extent it seeks the production of documents specific to the Closing

Date Certificate, as the Closing Date Certificate was addressed in the IAP.  Entech further

objects to this request to the extent it calls for the production of documents not in the possession,

custody, or control of Entech.  Entech also objects to this request as unduly burdensome to the

extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Entech further objects to this request as vague and ambiguous as to the phrases "concerning the

accounting," "any attempts," and "any evaluation."  Entech further objects to this request to the

extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

WP3:1091946.5                                                                                              062207.1001

## DOCUMENT REQUEST NO. 7:

7.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 8, including, without limitation, documents concerning (i) any consideration given at any time to expensing the exploration costs at issue or writing off the capitalized exploration costs at issue, (ii) the existence or non-existence of a commercially mineable deposit for which such exploration costs were incurred by WECO, and the existence or non-existence of a commercially mineable deposit as of the date of each of the Interim Financial Statements, (iii) any consideration given at any time by WECO or Entech as to whether or not there were commercially mineable deposits as of the date of the Interim Financial Statements to support maintaining such exploration costs as an asset in the Interim Financial Statements, and (iv) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of such exploration costs as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "any consideration" and "any evaluation." Entech further objects to the phrase "exploration costs" as an inaccurate term for the costs at issue. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

WP3:1091946.5

062207.1001

## DOCUMENT REQUEST NO. 8:

8.      All documents, regardless of date concerning the accounting that is the subject of Outstanding Objection No. 9, including, without limitation, documents concerning (i) any consideration given at any time to expensing the exploration costs at issue or writing off the capitalized exploration costs at issue, (ii) the existence or non-existence of a commercially mineable deposit for which such exploration costs were incurred by NWR, and the existence or non-existence of a commercially mineable deposit as of the date of each of the Interim Financial Statements, (iii) any consideration given at any time by NWR or to Entech to whether or not there were commercially mineable deposits as of the date of the Interim Financial Statements to support maintaining such exploration costs as an asset in the Interim Financial Statements, and (iv) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of such exploration costs as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and has no temporal limitation. Entech further

objects to this request to the extent it seeks the production of documents specific to the Closing

Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further

objects to this request to the extent it calls for the production of documents not in the possession,

custody, or control of Entech. Entech also objects to this request as unduly burdensome to the

extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Entech further objects to this request as vague and ambiguous as to the phrases "concerning the

accounting," "any consideration" and "any evaluation." Entech further objects to the phrase

"exploration costs" as an inaccurate term for the costs at issue. Entech further objects to this

request to the extent that it calls for the production of confidential information of third-parties.

14

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 9:

9.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 10, including, without limitation, documents concerning (i) the inclusion or exclusion of the Dew Property in the life-of-mine plan of NWR in 2000 or 2001, (ii) any consideration given at any time to expensing the capitalized costs relating to the Dew Property or writing off the capitalized costs at issue, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of such capitalized costs as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 9:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "any consideration" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 10:

10.    All documents concerning the accounting that is the subject of Outstanding Objection No. 11, including, without limitation, documents concerning (i) the recoverability of the advance royalties at issue, (ii) any consideration given at any time to writing off the advance royalties associated with the Dew Property, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of the advance royalties as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 10:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "any consideration," and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 11:

11.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 12, including, without limitation, documents concerning (i) the decision, effective July 1, 2000, to reimburse  overburden removal costs for Area C of the Rosebud Mine at WECO as they were incurred, (ii) any consideration given at any time to the discontinuance of deferring overburden removal costs in Area C, (iii) any recommendations concerning the accounting treatment of Area C Overburden Removal costs made by WECO accounting staff to MPC and/or Entech, (iv) any assessment of whether the accounting at issue conforms with the matching principle under GAAP, and (v) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of the overburden removal costs at issue as an asset  in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 11:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and has no temporal limitation.  Entech further

objects to this request to the extent it seeks the production of documents specific to the Closing

Date Certificate, as the Closing Date Certificate was addressed in the IAP.  Entech further

objects to this request to the extent it calls for the production of documents not in the possession,

custody, or control of Entech.  Entech also objects to this request as unduly burdensome to the

extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Entech further objects to this request as vague and ambiguous as to the phrases "concerning the

accounting," "any consideration given," "any recommendations concerning" and "any

evaluation."  Entech further objects to this request to the extent that it calls for the production of

confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

17

## DOCUMENT REQUEST NO. 12:

12.    All documents from January 1, 1999 to the present concerning the impact of the August 2, 1999 amendment to the Lignite Supply Agreement between NWR and Reliant Energy, Inc. on the obligation of Reliant Energy, Inc. to reimburse for base reclamation costs incurred in connection with the Jewett Mine after July 1, 2002 and final reclamation activities prior to mine closure incurred in connection with the Jewett Mine after July 1, 2002.

## RESPONSE TO DOCUMENT REQUEST NO. 12:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it inaccurately describes the referenced amendment. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

18

## DOCUMENT REQUEST NO. 13:

13.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection s Nos. 13-15, including, without limitation, documents concerning (i) any consideration given at any time to writing off certain base and/or final reclamation receivables from Reliant for reclamation costs to be paid by NWR after July 1, 2002, (ii) any recommendations concerning the accounting treatment of these reclamation receivables made by NWR accounting staff to MPC and/or Entech in light of the August 2, 1999 amendment to the Lignite Supply Agreement, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of the reclamation receivables at issue as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 13:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and has no temporal limitation. Entech further

objects to this request to the extent it seeks the production of documents specific to the Closing

Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further

objects to this request to the extent it calls for the production of documents not in the possession,

custody, or control of Entech. Entech also objects to this request as unduly burdensome to the

extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Entech further objects to this request as vague and ambiguous as to the phrases "concerning the

accounting," "any consideration," "any recommendations concerning the accounting treatment, "

and "any evaluation." Entech further objects to this request to the extent that it calls for the

production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 14:

14.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 19a, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $477,922 for "A/P Entech Pension" as a deferred tax asset, (ii) the absence of a corresponding deferred tax liability, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 14:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to the phrase "exploration costs" as an inaccurate term for the costs at issue. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 15:

15.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 19b, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of $3,856,319 for "Other Taxes Payable" for WECO as a deferred tax asset, and (ii) any evaluation of Westmoreland's inquiries about, or the objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to the phrase "exploration costs" as an inaccurate term for the costs at issue. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

21

**DOCUMENT REQUEST NO. 16:**

16.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 19, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $60,907 for "Vacation Liability" for Basin as a deferred tax asset, and (ii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 17:

17.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 20a, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $181,091 for "Long-Term Debt Entech Employee Stock Ownership Plan" as a deferred tax asset, (ii) the absence of a corresponding deferred tax liability, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 17:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and has no temporal limitation. Entech further

objects to this request to the extent it seeks the production of documents specific to the Closing

Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further

objects to this request as this objection was addressed in the IAP and therefore is not at issue in

this litigation. Entech further objects to this request as the dollar amount listed was not in the

Interim Financial Statements. Entech further objects to this request to the extent it calls for the

production of documents not in the possession, custody, or control of Entech. Entech also

objects to this request as unduly burdensome to the extent that it seeks documents already in the

possession, custody, or control of Westmoreland. Entech further objects to this request as vague

and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any

evaluation." Entech further objects to this request to the extent that it calls for the production of

confidential information of third-parties.

WP3:1091946.5                                                                                    062207.1001

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 18:

18.     All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 20b, including, without limitation, documents concerning (i) the difference between the amount of $978,607 for "Deferred Reclamation" at WECO recorded in the Interim Financial Statements and the corresponding obligation recorded on the Balance Sheet, and (ii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 18:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 19:

19.    All documents, regardless of date, concerning the accounting that is the subject of
Outstanding Objection No. 20c, including, without limitation, documents concerning (i) the
difference between the amount of $204,301 for "Deferred Post Retirement and Post Employment
Benefits" at WECO recorded in the Interim Financial Statements and the corresponding
obligation recorded on the Balance Sheet, and (ii) any evaluation of Westmoreland's inquiries
about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate
and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 19:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and has no temporal limitation. Entech further

objects to this request to the extent it seeks the production of documents specific to the Closing

Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further

objects to this request as the dollar amount listed was not in the Interim Financial Statements.

Entech further objects to this request to the extent it calls for the production of documents not in

the possession, custody, or control of Entech. Entech also objects to this request as unduly

burdensome to the extent that it seeks documents already in the possession, custody, or control of

Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases

"concerning the accounting" and "any evaluation." Entech further objects to this request to the

extent that it calls for the production of confidential information of third-parties.

25

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 20:

20.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 20d, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $11,373 for "Deferred MPC/ENT Foundation" as a deferred tax asset, (ii) the absence of a corresponding deferred tax liability, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 20:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 21:

21.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 20e, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount $875,428 for "Long-Term Debt-Incentive Stock" as a deferred tax asset, (ii) the absence of a corresponding deferred tax liability, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 21:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

27

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 22:

22.    All documents, regardless of date, concerning the accounting that is the subject of Outstanding Objection No. 20f, including, without limitation, documents concerning (i) the difference between the amount of $800,808 for "Other Deferred Credits" at NWR recorded in the Interim Financial Statements and the corresponding obligation recorded on the Balance Sheet, and (ii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusions of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and has no temporal limitation. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrase "concerning the accounting" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

WP3:1091946.5                                                                                      062207.1001

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

**DOCUMENT REQUEST NO. 23:**

23.    All documents concerning the accounting that is the subject of Outstanding
Objection No. 20g, including, without limitation, documents concerning (i) the treatment in the
Interim Financial Statements of the amount of $110,138 for "Texas Franchise Tax Deferred" as a
deferred tax asset, (ii) the absence of a corresponding tax liability, and (iii) any evaluation of
Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the
Closing Date Certificate and/or the Interim Financial Statements.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents."  Entech further objects to this request to the

extent it seeks the production of documents specific to the Closing Date Certificate, as the

Closing Date Certificate was addressed in the IAP.  Entech further objects to this request as this

objection was addressed in the IAP and therefore is not at issue in this litigation.  Entech further

objects to this request as the dollar amount listed was not in the Interim Financial Statements.

Entech further objects to this request to the extent it calls for the production of documents not in

the possession, custody, or control of Entech.  Entech also objects to this request as unduly

burdensome to the extent that it seeks documents already in the possession, custody, or control of

Westmoreland.  Entech further objects to this request as vague and ambiguous as to the phrases

"concerning the accounting," "the treatment in" and "any evaluation."  Entech further objects to

this request to the extent that it calls for the production of confidential information of third-

parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 24:

24.    All documents concerning the accounting that is the subject of Outstanding
Objection No. 20h, including, without limitation, documents concerning (i) the tax basis reported
by Entech for the $4,458,991 for "Advance Royalties" at NWR contained in the Interim
Financial Statements, (ii) the tax basis reported by Entech for the related deferred tax asset, and
(iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this
amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 24:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents." Entech further objects to this request to the

extent it seeks the production of documents specific to the Closing Date Certificate, as the

Closing Date Certificate was addressed in the IAP. Entech further objects to this request as the

dollar amount listed was not in the Interim Financial Statements. Entech further objects to this

request to the extent it calls for the production of documents not in the possession, custody, or

control of Entech. Entech also objects to this request as unduly burdensome to the extent that it

seeks documents already in the possession, custody, or control of Westmoreland. Entech further

objects to this request as vague and ambiguous as to the phrases "concerning the accounting" and

"any evaluation." Entech further objects to this request to the extent that it calls for the

production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 25:

25.    All documents concerning the accounting that is the subject of Outstanding Objection No. 20i, including, without limitation, documents concerning (i) the difference between the amount of $184,443 for "Deferred Revenue" at NWR recorded in the Interim Financial Statements and the corresponding obligation recorded on the Balance Sheet, and (ii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 25:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 26:

26.    All documents concerning the accounting that is the subject of Outstanding
Objection No. 20j, including, without limitation, documents concerning (i) the treatment in the
Interim Financial Statements of the amount of $2,416,619 for "Plant" at Basin as a deferred tax
asset, (ii) the book value of this asset, and (iii) any evaluation of Westmoreland's inquiries
about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate
and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 26:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents." Entech further objects to this request to the

extent it seeks the production of documents specific to the Closing Date Certificate, as the

Closing Date Certificate was addressed in the IAP. Entech further objects to this request as the

dollar amount listed was not in the Interim Financial Statements. Entech further objects to this

request to the extent it calls for the production of documents not in the possession, custody, or

control of Entech. Entech also objects to this request as unduly burdensome to the extent that it

seeks documents already in the possession, custody, or control of Westmoreland. Entech further

objects to this request as vague and ambiguous as to the phrases "concerning the accounting,"

"the treatment in" and "any evaluation." Entech further objects to this request to the extent that

it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 27:

27.    All documents concerning the accounting that is the subject of Outstanding Objection No. 20k, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $55,843 for "Account Maintenance and Post Employment Benefits" at Basin as a deferred tax asset, (ii) the book value of this asset, (iii) the timing of deductions after April 30, 2001 for account maintenance and post employment benefits at Basin, and (iv) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 27:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

**DOCUMENT REQUEST NO. 28:**

28.     All documents concerning the accounting that is the subject of Outstanding Objection No. 201, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $104,183 for "State Corporate License Tax" at Basin as a deferred tax asset, (ii) the absence in the Closing Date Certificate of a corresponding deferred tax liability, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to

34

this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 29:

29. All documents concerning the accounting that is the subject of Outstanding Objection No. 20m, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $173,060 for "State Corporate License Tax" at Syncoal as a deferred tax asset, (ii) the absence in the Closing Date Certificate of a corresponding deferred tax asset, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 29:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases

"concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 30:

30.    All documents concerning the accounting that is the subject of Outstanding Objection No. 20n, including, without limitation, documents concerning (i) the difference between the amount of $68,535 for "Future Operating Losses" at NCE recorded in the Interim Financial Statements and the corresponding obligation recorded on the Balance Sheet, and (ii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 30:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting" and

36

"any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 31:

31.    All documents concerning the accounting that is the subject of Outstanding Objection No. 20o, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $405,878 for "Deferred Revenue" at NCE as a deferred tax asset, (ii) the book value of this asset, (iii) the timing of deductions after April 30, 2001 for deferred revenue at NCE, and (iv) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 31:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

WP3:1091946.5                                                                     062207.1001

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 32:

32.     All documents concerning the accounting that is the subject of Outstanding Objection No. 20p, including, without limitation, documents concerning (i) the treatment in the Interim Financial Statements of the amount of $42,155 for "State Corporate License Tax" at NCE as a deferred tax asset, (ii) the absence of a corresponding deferred tax liability, and (iii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 32:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request as the dollar amount listed was not in the Interim Financial Statements. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

38

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 33:

33.    All documents concerning the accounting that is the subject of Outstanding
Objection No. 20q, including, without limitation, documents concerning (i) the treatment in the
Interim Financial Statements of the amount of $288,968 for "State Corporate License Tax" at
Horizon as a deferred tax asset, (ii) the absence of a corresponding deferred tax liability, and (iii)
any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount
as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 33:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents." Entech further objects to this request to the

extent it seeks the production of documents specific to the Closing Date Certificate, as the

Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this

objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further

objects to this request as the dollar amount listed was not in the Interim Financial Statements.

Entech further objects to this request to the extent it calls for the production of documents not in

the possession, custody, or control of Entech. Entech also objects to this request as unduly

burdensome to the extent that it seeks documents already in the possession, custody, or control of

Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases

"concerning the accounting," "the treatment in" and "any evaluation." Entech further objects to

this request to the extent that it calls for the production of confidential information of third-

parties.

WP3:1091946.5                                                                                           062207.1001

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 34:

34.    All documents concerning the accounting that is the subject of Outstanding
Objection No. 20r, including, without limitation, documents concerning (i) the treatment in the
Interim Financial Statements of the amount of $99,084 for "Other Current Liabilities" LT Debt-
Incent. Stock," "Deferred Post Employment Benefits" and "Deferred Pension" for Horizon as a
deferred tax asset, (ii) the book value of such asset, (iii) the timing of deductions after April 30,
2001 for other current liabilities, LT debt incent stock, deferred post employment benefits and
deferred pension at Horizon, and (iv) any evaluation of Westmoreland's inquiries about, or
objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the
Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 34:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents." Entech further objects to this request to the

extent it seeks the production of documents specific to the Closing Date Certificate, as the

Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the

extent it calls for the production of documents not in the possession, custody, or control of

Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks

documents already in the possession, custody, or control of Westmoreland. Entech further

objects to this request as vague and ambiguous as to the phrases "concerning the accounting,"

"the treatment in" and "any evaluation." Entech further objects to this request to the extent that

it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 35:

35.     All documents concerning the accounting that is the subject of Outstanding Objection No. 20s, including, without limitation, documents concerning (i) the tax accounting treatment in the Interim Financial Statements of the amount of $215,621 for "Plant" for Horizon, and (ii) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 35:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request as this objection was addressed in the IAP and therefore is not at issue in this litigation. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 36:

36.    All documents concerning the accounting that is the subject of Outstanding Objection No. 23a, including, without limitation, documents concerning (i) the calculation of the value of WECO's SFAS 106 obligation, (ii) the methodology used for measuring historical claims experience, (iii) all communications with any actuaries and/or consultants utilized by WECO in connection with this calculation, and (iv) any evaluation of Westmoreland's inquiries about, or objections to, the inclusion of this amount as an asset in the Closing Date Certificate and/or the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 36:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and "all communications." Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrases "concerning the accounting," "the methodology used" and "any evaluation." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 37:

37.     All documents concerning the Initial Transfer, including, without limitation, documents concerning the calculation of the Initial Transfer and all supporting materials for those calculations.

## RESPONSE TO DOCUMENT REQUEST NO. 37:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents" and "all supporting materials." Entech further

objects to this request to the extent it calls for the production of documents not in the possession,

custody, or control of Entech.  Entech also objects to this request as unduly burdensome to the

extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Entech further objects to this request to the extent that it calls for the production of confidential

information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 38:

38.     All documents concerning the True-Up Payment, including, without limitation, documents concerning the calculation of the True-Up Payment and all supporting materials for those calculations.

43

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and "all supporting materials." Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

**DOCUMENT REQUEST NO. 39:**

39.     All documents concerning the inclusion or non-inclusion of the Loan Factor in the Initial Transfer and/or the True-Up Payment and all supporting materials for those calculations.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and "all supporting materials." Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 40:

40.    All documents concerning Section 5.04(g) of the SPA, including, without limitation, documents concerning (i) Entech's responsibilities under Section 5.04(g) of the SPA; (ii) the proper treatment of non-vested benefits under Section 5.04(g) of the SPA; and (iii) the requirement under Section 5.04(g) of the SPA and the amount transferred to Westmoreland pursuant to that provision equal the value of accrued benefits of employees under the MPC Pension Plan as of April 30, 2001.

## RESPONSE TO DOCUMENT REQUEST NO. 40:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents." Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request as vague and ambiguous as to the phrase "the proper treatment of." Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

45

## DOCUMENT REQUEST NO. 41:

41.    For each person you intend to call as an expert witness at trial: (i) copies of all documents relied upon by such person in the course of formulating his or her opinions; (ii) copies of all documents provided to such person whether or not actually relied upon in formulating his or her opinions; (iii) a list of the publications authored by such person within the last 5 years; (iv) a list of all actions in which such person has offered expert testimony within the last 5 years; (v) a copy of the person's current *curriculum vitae*.

## RESPONSE TO DOCUMENT REQUEST NO. 41:

Entech objects to this request as premature on the ground that the Scheduling Order in this litigation provides deadlines for the disclosure of expert witnesses who will be testifying at trial. Entech further objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Entech also objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents, to the extent that such documents exist and are located after a reasonable search, at a time and in a manner consistent with Entech's obligations under the Scheduling Order.

## DOCUMENT REQUEST NO. 42:

42.    To the extent not sought by the document requests above, any documents upon which you intend to rely in the prosecution or defense of this action.

## RESPONSE TO DOCUMENT REQUEST NO. 42:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "any documents." Entech also objects to this request on the

ground that it seeks information protected from disclosure pursuant to the attorney work-product

immunity doctrine. Entech further objects to this request to the extent it calls for the production

of documents not in the possession, custody, or control of Entech. Entech also objects to this

request as unduly burdensome to the extent that it seeks documents already in the possession,

custody, or control of Westmoreland. Entech further objects to this request to the extent that it

calls for the production of confidential information of third-parties. Entech further objects to

this request as purporting to impose upon Entech obligations that exceed those imposed under

Rules 26 and 34 of the Federal Rules of Civil Procedure. Entech will disclose or identify any

trial exhibits as required and in the manner provided for by any applicable Court rules or any

scheduling order issued by the Court.

## DOCUMENT REQUEST NO. 43:

43.    All documents supporting any of Entech's allegations in its Reply to
Westmoreland's Second Amended Counterclaims, and in its First Amended Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 43:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "any documents." Entech also objects to this request as vague

and ambiguous. Entech further objects to this request to the extent it calls for the production of

documents not in the possession, custody, or control of Entech. Entech also objects to this

request as unduly burdensome to the extent that it seeks documents already in the possession,

custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

## DOCUMENT REQUEST NO. 44:

44.    For the period 1997 through the present, all documents concerning any accounting errors in any Entech financial statements, or in any financial statements including Entech's assets and liabilities and balance sheet.

## RESPONSE TO DOCUMENT REQUEST NO. 44:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "any documents" and seeks information concerning any purported "accounting errors" that are not part of this litigation. Entech further objects to this request to the extent it seeks production of documents not related to the Companies or items that are not the subject of Westmoreland's claims, or that concern items addressed in the IAP. Entech also objects to this request on the ground that it seeks information protected from disclosure pursuant to the attorney-client privilege and the attorney work-product immunity doctrine. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 45:

45.     For the period 1997 through the present, Entech's tax returns, or the tax returns of any entity that encompasses Entech's income and/or losses.

## RESPONSE TO DOCUMENT REQUEST NO. 45:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Entech did not file tax returns and Entech objects to providing its corporate parent's tax returns to the extent they contain information not related to the Companies or items that are not the subject of Westmoreland's claims, or that concern items otherwise addressed in the IAP. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech.

Subject to and without waiver of these specific objections and its General Objections, Entech will produce relevant and responsive, non-privileged documents to the extent that such documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 46:

46.     The personnel files for David S. Smith, Kenneth J. Palagi and Jerrold P. Pederson.

## RESPONSE TO DOCUMENT REQUEST NO. 46:

Entech objects to this request as overbroad, calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and being made solely for the purpose of harassing, annoying, and embarrassing Entech and Messrs. Smith, Palagi, and Pederson. Entech further objects to this request on the ground that it is being made   Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties, and to the

extent that it seeks material the production of which would be violative of any applicable federal or state laws.

## DOCUMENT REQUEST NO. 47:

47.    All documents concerning any attempts to sell the Companies, including, without limitation, all other offers for the Companies.

## RESPONSE TO DOCUMENT REQUEST NO. 47:

Entech objects to this request as overly broad, unduly burdensome, and calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it calls for the production of "all documents" and seeks information concerning "any attempts to sell" and "all other offers" for the Companies. Entech further objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech also objects to this request as unduly burdensome to the extent that it seeks documents already in the possession, custody, or control of Westmoreland. Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties.

## DOCUMENT REQUEST NO. 48:

48.    All documents relating to any work performed by PricewaterhouseCoopers LLC with respect to any of the Interim Financial Statements, or with respect to the subject matter of, or accounting reflected in, any of the Outstanding Objections.

## RESPONSE TO DOCUMENT REQUEST NO. 48:

Entech objects to this request to the extent it calls for the production of documents not in the possession, custody, or control of Entech. Entech further objects to this request to the extent it seeks the production of documents specific to the Closing Date Certificate, as the Closing Date

Certificate was addressed in the IAP. Entech further objects to this request to the extent it calls

for the production of documents unrelated to the subject of Westmoreland's claims, or that

concern items addressed in the IAP. Entech further objects to this request to the extent that it

calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

## DOCUMENT REQUEST NO. 49:

49.    All documents relating to the accounting and tax treatment, methods, or
procedures used with respect to the preparation or evaluation of the Interim Financial Statements.

## RESPONSE TO DOCUMENT REQUEST NO. 49:

Entech objects to this request as overly broad, unduly burdensome, and calling for the

production of documents and things that are neither relevant to any issue in this litigation nor

reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

that it calls for the production of "all documents." Entech further objects to this request to the

extent it seeks the production of documents specific to the Closing Date Certificate, as the

Closing Date Certificate was addressed in the IAP. Entech further objects to this request to the

extent it calls for the production of documents unrelated to the subject of Westmoreland's claims,

or that concern items addressed in the IAP. Entech also objects to this request on the ground that

it seeks information protected from disclosure pursuant to the attorney-client privilege and the

attorney work-product immunity doctrine. Entech further objects to this request to the extent it

calls for the production of documents not in the possession, custody, or control of Entech.

Entech also objects to this request as unduly burdensome to the extent that it seeks documents

already in the possession, custody, or control of Westmoreland.  Entech further objects to this

request to the extent that it calls for the production of confidential information of third-parties.

Subject to and without waiver of these specific objections and its General Objections,

Entech will produce relevant and responsive, non-privileged documents to the extent that such

documents exist and are located after a reasonable search.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Christian Douglas Wright (No. 3554)
Matthew B. McGuire (No. 4366)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600

-and-

WINSTON & STRAWN LLP
C. MacNeil Mitchell
Piero A. Tozzi
200 Park Avenue
New York, NY  10166-4193
(212) 294-6700

WINSTON & STRAWN LLP
Rolf S. Woolner
333 South Grand Avenue
Los Angeles, CA  90071-1543

Co-counsel to the Plaintiff

DATED:  April 6, 2005

52

## CERTIFICATE OF SERVICE

I hereby certify that on **April 6, 2005,** I electronically filed a true and correct copy of

**Plaintiff's Objections and Responses to Defendant's First Request for Production of**

**Documents** with the Clerk of the Court using CM/ECF, which will send notification that such

filing is available for viewing and downloading to the following counsel of record:

Laurie Selber Silverstein, Esq.          Christopher A. Ward, Esq.
Potter Anderson & Corroon LLP            The Bayard Firm
1313 N. Market Street                    222 Delaware Avenue, Suite 900
Hercules Plaza, 6th Floor                P.O. Box 25130
Wilmington, DE  19801                    Wilmington, DE 19899

I further certify that on April 6, 2005,  I caused a copy of **Plaintiff's Objections and**

**Responses to Defendant's First Request for Production of Documents** to be served by hand-

delivery on the following counsel of record:

Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801

Christopher A. Ward, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

62207.1001

I further certify that on April 6, 2005, I served **Plaintiff's Objections and Responses to Defendant's First Request for Production of Documents** on the following non-registered participants in the manner indicated below:

BY FIRST CLASS MAIL:

John G. Hutchinson, Esq.
Sidley Austin Brown & Wood LLP
787 Seventh Avenue
New York, NY 10019

C. MacNeil Mitchell, Esq.
Piero A. Tozzi, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

Rolf S. Woolner, Esq.
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543


Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Christian Douglas Wright (No. 3554)
Matthew B. McGuire (No. 4366)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Co-counsel to the Plaintiff

CM/ECF LIVE - U.S. District Court:ded

## Discovery Documents
1:04-cv-01336-SLR Entech LLC v. Westmoreland Coal, et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from McGuire, Matthew entered on 4/6/2005 at 5:53 PM CDT and filed on 4/6/2005

**Case Name:**      Entech LLC v. Westmoreland Coal, et al
**Case Number:**    1:04-cv-1336
**Filer:**          Entech LLC
**Document Number:** 27

**Docket Text:**
RESPONSE to Discovery Request from Entech, LLC [Plaintiff's Objections and Responses to Defendants' First Request for Production of Documents] by Entech LLC.(McGuire, Matthew)