# EXHIBIT No. 6

Westlaw.

Not Reported in F.Supp.2d

Page 1

2002 WL 424647 (S.D.N.Y.)

(Cite as: 2002 WL 424647 (S.D.N.Y.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
COOTES DRIVE LLC, Plaintiffs,
v.
INTERNET LAW LIBRARY, INC., Defendant.
No. 01 CIV. 0877(RLC).

March 19, 2002.

MEMORANDUM AND ORDER

HAIGHT, Senior District J.

*1 Plaintiff moved by letter dated March 11, 2002, to quash twelve subpoenas *duces tecum* served by defendant on third parties on March 7, 2002. That motion came before me as Part I judge in Judge Carter's absence. Each subpoena sought from its recipient virtually identical documents relating to the alleged fraudulent manipulation of the common stock of a company called Restaurant Teams International, Inc. ("RTIN") by entities other than the plaintiff. The events surrounding the alleged RTIN stock fraud are the subject of three other actions in this district, two before Judge Ward: *Restaurant Teams International, Inc. v. Sovereign Partners Limited Partnership,* No. 99 Civ. 4138, and *Sovereign Partners Limited Partnership v. Restaurant Teams International, Inc.,* No. 99 Civ. 0564; and one before Judge Leisure: *Aigner v. Hicks,* No. 01 Civ. 11486 (collectively, the "RTIN" cases).

Plaintiff objected to the issuance of the March 7 subpoenas on a number of grounds, including the lack of relevance of the documents sought and the fact that the subpoenas were issued without prior notice in violation of Fed.R.Civ.P. 45. Plaintiff also argued that the subpoenas were issued as an improper means of circumventing Magistrate Judge Francis' March 5, 2002 Order quashing substantively identical subpoenas issued in the RTIN cases.

The Court held a hearing on the motion to quash on March 15, 2002 which counsel for both defendant and plaintiff attended either in person or by teleconference. This Memorandum and Order memorializes the orders the Court issued on the record at that hearing. The orders themselves were effective when orally issued on March 15.

Counsel for defendant acknowledged at the hearing that plaintiff was not given prior notice of the twelve subpoenas served on March 7, 2002 which are the subject of this motion. Rather, counsel for plaintiff was served with copies of the subpoenas by overnight courier received on March 8, 2002, one day after the third-parties were served with the subpoenas. This behavior is a manifest violation of Rule 45. The plain language of subsection (b)(1) of the rule mandates that:

> Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

As Judge Larimer of the Western District of New York noted in a case in which he sanctioned an attorney for repeated failure to comply with the rule's notice provision:

> Without question, Rule 45(b)(1) requires a party issuing a subpoena for the production of documents to a non-party to "provide prior notice to all parties to the litigation." *Schweizer v. Mulvehill,* 93 F.Supp.2d 376, 4411 (S.D.N.Y.2000); *see Seewald v. IIS Intelligent Information Sys., Ltd.,* 1996 WL 612497, at *4 (E.D.N.Y. Oct. 16, 1996). "The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 2

2002 WL 424647 (S.D.N.Y.)

(Cite as: 2002 WL 424647 (S.D.N.Y.))

subpoena, not prior to its return date." *Id.* (citing *Biocore Med. Techonologies, Inc. v. Khosrowshahi,* 181 F.R.D. 660, 667 (D.Kan.1998); 9 Moore's Federal Practice, § 45.03[4][b] at 45-27 (3d Ed.2000).

*2 *Murphy v. Bd. of Educ. of Rochester School Dist.,* 196 F.R.D. 220, 222-23 (W.D.N.Y.2000). The requirement that *prior* notice must be given has important underpinnings of fairness and efficiency. As the Advisory Committee Notes to Rule 45(b) explain:

> The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things ... [W]hen production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.

Advisory Committee note to 1991 Amendment, subdivision (b).

In the present case, counsel for the defendant offered no explanation or excuse for their failure to comply with the rule's strictures. They did not attempt to defend the timeliness of their notice. The defendant's admitted violation of Rule 45(b)(1) cannot be countenanced. As a consequence of this violation, the Court made and now reiterates the following orders.

(1) All the March 7, 2002 subpoenas attached to plaintiff's letter brief dated March 11, 2002 are quashed. Counsel for defendant must inform the recipients that those subpoenas have been quashed. Counsel ARE further directed to return any documents received pursuant to the subpoenas and is enjoined from keeping copies of them. I deny plaintiff's request to be given copies of such documents. But counsel for defendant are directed to send to counsel for plaintiff an inventory of all documents returned to subpoena recipients pursuant to this Order, sufficiently detailed to allow the documents to be identified.

(2) Counsel for defendant are directed to inform counsel for plaintiff forthwith of any other subpoenas they have issued without prior notice in this case or in 01 Civ. 0600. If any other such subpoenas have been issued, counsel for plaintiff should inform the Court and the Court will then issue an order quashing those subpoenas.

(3) Defense counsel are enjoined from issuing any further third-party subpoenas in this case or the case bearing civil docket number 01 Civ. 0600(RLC), with or without prior notice under Rule 45(b)(1). If defendant wishes to issue additional subpoenas, counsel must apply to Judge Carter for permission to do so, on five days' written notice. I make this Order because of the substantive issues raised by the papers on this motion, although I intimate no view as to how those issues should be decided.

(4) Counsel for the defendant must order an expedited copy of the transcript of this hearing to be delivered to chambers.

Having made these rulings, it is important to note what the Court does not rule upon. The Court makes no ruling on plaintiff's motion to quash the subpoenas on the ground that the documents sought by the quashed subpoenas are irrelevant and the subpoenas were therefore improperly issued. The Court bases its order quashing the subpoenas solely on the lack of prior notice. Although the Court notes that plaintiff's motion raises serious questions concerning the relevance to this case of documents showing the short-selling by other entities of the stock of an altogether different company, it is the Court's view that the question of relevance is more appropriately decided by the trial judge. In a similar vein, the Court makes no ruling with respect to whether or not the issuance by counsel of the subpoenas that were the subject of this motion violated the order issued by Magistrate Judge Francis on March 5 quashing the identical subpoenas in the RTIN cases.

*3 It is SO ORDERED.

2002 WL 424647 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 3
2002 WL 424647 (S.D.N.Y.)

**(Cite as: 2002 WL 424647 (S.D.N.Y.))**

• 2002 WL 32631982 (Trial Motion, Memorandum and Affidavit) Sur-Reply Memorandum in Further Response to Motion to Consolidate (Jan. 23, 2002)

• 2001 WL 34636177 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Response to Motion to Consolidate (Dec. 28, 2001)

• 2001 WL 34636176 (Trial Pleading) Defendant's First Amended Answer (Jul. 20, 2001)

• 2001 WL 34636175 (Trial Pleading) Second Amended Complaint (Jun. 22, 2001)

• 2001 WL 34636174 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant's Motion to Transfer Pursuant to 28 USC § 1404(a) (May. 10, 2001)

• 2001 WL 34636171 (Trial Pleading) Answer (Mar. 27, 2001)

• 2001 WL 34129693 (Trial Pleading) Amended Complaint (Feb. 28, 2001)

• 2001 WL 34636169 (Trial Pleading) Amended Complaint (Feb. 28, 2001)

• 1:01CV00877 (Docket) (Feb. 05, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Attached Printing Summary Report for MICUN, BARBARA 2111538**

| | |
|---|---|
| Date/Time of Request: | Tuesday, May 17, 2005 13:29:00 Central |
| Client Identifier: | 28011000 |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 487 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.