IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In reply to:                                                   :   Chapter 11
                                                               :   Case No. 03-11915 (KJC)
TOUCH AMERICA HOLDINGS, INC., et al.,                          :
                                                               :   Jointly Administered
                              Debtors.                         :
---------------------------------------------------------------x
                                                               :
ENTECH LLC,                                                    :
                                                               :
                      Plaintiff,                               :
                  -- vs. --                                    :
                                                               :   C.A. 04-1336-SLR
WESTMORELAND COAL COMPANY, a                                   :
Delaware Corporation, and                                      :
WESTMORELAND MINING LLC, a Delaware                            :
Limited Liability Company,                                     :
                                                               :
                      Defendants.                              :
                                                               :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL RESPONSES
TO DISCOVERY REQUESTS AND TO DISCLOSE TRIAL WITNESSES**

Defendants Westmoreland Coal Company and Westmoreland Mining LLC (collectively, "Westmoreland"), by this motion, seek to compel the production of documents by Plaintiff Entech LLC ("Entech"), and to compel the disclosure of trial witnesses.

## FACTS[1]

Westmoreland served its First Request to Plaintiff Entech LLC for the Production of Documents of Defendants Westmoreland Coal Company and Westmoreland Mining LLC (the "Document Requests") on or about February 25, 2005. Entech served Plaintiff's Objections and Responses to Defendants' First Request for Production of Documents (the "Objections") on April 6, 2005.

Although Westmoreland has succeeded in narrowing the issues in dispute, Entech has refused to produce any documents pursuant to Request No. 46. As discussed in more detail below, Request No. 46 requires the production of a highly relevant, non-privileged category of documents. There is no excuse for Entech's refusal to produce these documents.

In addition, in preparing for depositions, counsel for Westmoreland requested that counsel for Entech identify which witnesses they were most likely to call at trial so that it would be in a position to use its 10 depositions to focus on those witnesses and avoid the surprise use of witnesses at trial who had not been deposed. Alternatively, if it were viewed as too early to identify trial witnesses, Westmoreland suggested requiring the parties at some point prior to trial to make any trial witnesses available for depositions if they had not already been deposed. Entech refused. Given the restrictions on the number of depositions each party may take, Westmoreland respectfully submits that the parties should be made to comply with one of these procedures.

---

[1] The facts underlying this action are set forth in detail in Westmoreland's Opposition to Entech's Motion to Compel (D.I. 42) (5/17/2005), and will not be repeated here, except as they are directly relevant to this motion.

**ARGUMENT**

There is no question that a party to litigation must produce documents pursuant to legitimate discovery requests propounded under the Federal Rules of Civil Procedure. "The general scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that a 'party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . We have noted before that this rule is 'to be construed broadly and encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in [the] case.'" *Hicks v. Big Brothers/Big Sisters of Amer.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996).

Westmoreland respectfully requests that this Court compel production of non-privileged documents responsive to Requests No. 46 and direct the parties at some point in the future to identify trial witnesses and make them available for a deposition if they have not already been deposed.

A.   **Personnel Files of Key Executives**

Document Request No. 46 calls for the production of: "The personnel files for David S. Smith, Kenneth J. Palagi and Jerrold P. Pederson." Entech objected as follows:

> Entech object to this request as overbroad, calling for the production of documents and things that are neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, and being made solely for the purpose of harassing, annoying, and embarrassing Entech and Messrs. Smith, Palagi, and Pederson. Entech further objects to this request on the ground that it is being made [sic] Entech further objects to this request to the extent that it calls for the production of confidential information of third-parties, and to the extent that it seeks material the production of which would be violative of any applicable federal or state laws.

Objections at 49.

David S. Smith was the controller of Entech and is identified in Plaintiff Entech LLC's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Entech's Initial

3

Disclosures") as an individual having relevant knowledge of "financial records, financial reporting, and accounting relative to the Coal Companies, closing of the Transaction and documents and agreements related to closing and post-closing activities relating to the Transaction." Kenneth J. Palagi is similarly identified as an individual with relevant knowledge of "taxes and related financial records relative to the Coal Companies." Jerrold P. Pederson is identified as an individual with relevant knowledge of the "Stock Purchase Agreement and related due diligence, negotiations, documents, and agreements, closing of the Transaction and documents and agreements related to closing, and post-closing activities relating to the Transaction." Westmoreland believes that these are the individuals most responsible for the accounting entries at issue in this proceeding.

Although courts have not been unmindful of the confidentiality concerns of employee personnel files, the law is clear: a party is entitled to the production of an employee's personnel files (or parts thereof) where the request is relevant to the action at hand. *See Jordan v. Bellinger,* No. 98 Civ. 230, 2001 WL 125338, at *1-2 (D. Del. Feb. 2, 2001) (ordering production of personnel files on grounds that files were relevant); *Hicks,* 168 F.R.D. at 529-30 (compelling production of personnel file where defendant did not meet "its burden of establishing that this request for document production is outside the scope of discovery"); *Rintchen v. Walker,* No. 95-cv-6861, 1996 U.S. Dist. LEXIS 6104, at *9-11 (E.D. Pa. May 7, 1996) (ordering production of personnel records, limiting production to that which is relevant to the claims); *Pagano v. Hadley,* 100 F.R.D. 758, 761 (D. Del. 1984) (ordering production of relevant personnel files).

A party's concerns regarding the confidentiality of information contained in an employee's personnel file can be addressed by way of a confidentiality agreement. *Morton v.*

4

*F.H. Paschen, Inc.,* No. 96 Civ. 7179, 1998 U.S. Dist. LEXIS 228, at *7 (E.D. Pa. Jan. 15, 1998) (compelling production of personnel files pursuant to "private agreement [between parties that] is sufficient to protect any privacy interests involved"). The *Morton* court found that the sensitive nature of personnel files was "good cause" for the issuance of a protective order that orders the nondisclosure of such documents to third parties outside the litigation.

Here, Westmoreland's requests for the personnel files of these three, key individuals is entirely reasonable and proper. Contrary to Entech's Objections, the request seeks relevant material. Each had extensive and detailed input into the preparation of the Financial Statements at issue in this case. Westmoreland is entitled to investigate each of these employee's qualifications for his position. For example, to the extent that the individuals had been found to engage in accounting improprieties, errors or mistakes in connection with this matter or other matters, it would bear on their competence with respect to the accounting at issue here, or to the deliberateness with which the mistakes were committed. Indeed, the employment files may refer directly to Westmoreland and to these individual's conduct in connection with the transaction at issue. There can be no possible dispute that a review of these files could very well lead to the discovery of admissible evidence for trial.

Entech's Objection, regarding the confidentiality of the personnel files, is now baseless. The parties entered into the Stipulation and (Proposed) Protective Order Governing the Production of Confidential Materials (the "Stipulation") on May 2, 2005 (D.I. 34). On May 3, 2005 the Court entered the Order approving the Stipulation. The Stipulation protects parties and non-parties alike when producing confidential information. *See* Stipulation ¶ 1. To the extent that Entech previously refused to produce documents on this basis, the Stipulation should now

alleviate any concerns that confidential information might be disseminated. Thus, confidentiality is not a basis for refusing to produce these documents.

**B.      Entech's List of Likely Trial Witnesses**

Entech served Plaintiff Entech LLC's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), dated February 1, 2005, Plaintiff Entech LLC's First Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(e), dated March 1, 2005, and Plaintiff Entech LLC's Second Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(e), dated May 2, 2005 (together "Entech's Initial Disclosures"), in which it identified more than thirty-five individuals as persons who may have information regarding the issues in the case and, consequently, who may potentially be called at trial. The Court's scheduling order of December 29, 2004, restricts to ten the number of depositions that each party may take. Given the number of potential witnesses identified by Entech, in order to be able to adequately prepare for trial, Westmoreland must be given an opportunity to carefully select who to depose. If Westmoreland guesses wrong, Entech will be free to produce witnesses at trial who have not been deposed. Entech should be required to identify all of its trial witnesses now and Westmoreland should be given an opportunity to depose all of them, regardless of number. Alternatively, and equally acceptable to Westmoreland, Entech should be required to identify trial witnesses at some point before trial and Westmoreland given an opportunity to depose any witnesses who have not already been deposed, regardless of number.

## CONCLUSION

For the foregoing reasons, Westmoreland respectfully requests that the Court grant its Motion to Compel Discovery Responses and to Disclose Trial Witnesses.

Dated: June 1, 2005

POTTER ANDERSON & CORROON LLP

By: *Rebecca S. Beste*
Laurie Selber Silverstein (No. 2396)
Rebecca S. Beste (No. 4154)
Hercules Plaza
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
(302) 658-1192 (Fax)

AND

SIDLEY AUSTIN BROWN & WOOD LLP
John G. Hutchinson
Elizabeth M. Zito
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (Fax)

*Attorneys for Defendants and Counterclaim Plaintiffs Westmoreland Coal Company and Westmoreland Mining, LLC*

PAC684373