**ATTACHMENT**
**UNREPORTED DECISIONS**

**Westlaw.**

Not Reported in F.Supp.2d  
2001 WL 125338 (D.Del.)

**(Cite as: 2001 WL 125338 (D.Del.))**

Page 1

H  
Only the Westlaw citation is currently available.

United States District Court, D. Delaware.  
Michael JORDAN, Plaintiff,  
v.  
Captain BELLINGER, et al., Defendants.  
**No. Civ.A. 98-230-GMS.**

Feb. 2, 2001.

Michael Jordan, Plaintiff, pro se.

Ophelia M. Waters, State of Delaware Department of Justice, Wilmington, DE, for Defendants.

*MEMORANDUM AND ORDER*

SLEET, J.

*1 On November 27, 2000, the court ordered, inter alia, the plaintiff in this case, Michael Jordan, to file an amended complaint further specifying (1) the basis for his unreasonable search and seizure claim, (2) the basis for his conversion claim, and (3) relief he seeks. *See Jordan v. Bellinger,* 123 F.Supp.2d 228, 233 (D.Del.2000). Jordan timely filed a revised amended complaint on January 3, 2001 (D.I.59). [FN1] The court considers Jordan's amended complaint sufficient for this case to proceed. Therefore, the court will order the defendants to comply with the terms of its previous order. Since this order--as well as previous ones--renders other outstanding motions moot, the court will deny them as well. Finally, court will not grant the defendants' request to quash to subpoena duces tecum but will apply several restrictions. (D.I.58).

> FN1. The court gave Jordan 30 days to file an amended complaint. Jordan filed a motion to extend time on December 5, 2000 (D.I.57). Jordan filed his amended complaint on January 3, 2001 (D.I.59). The court did not grant Jordan an extension until January 9, 2000. Although there may be a timing issue with respect to the court's prior order, the grant of the extension renders the issue moot.

On or about December 6, 2000, counsel for the defendants received a subpoena from Jordan for documents and testimony. Among other things, Jordan seeks (1) all tangible documents pertaining to the alleged incident in his cell and the action of the grievance committee, (2) all behavior reports done on Jordan, and (3) all write-ups of his cellmate, Roger Boatswain. [FN2] In response to the subpoena, the defendants assert the state privilege codified at Del.Code Ann. tit. 11, § 4322(a). [FN3] In their motion, the defendants assert that since the requested records "were obtained by DOC [Department of Correction] staff in the performance and discharge of their official duties," they are privileged.

> FN2. Jordan also seeks to have Lt. Burton bring all the property he allegedly confiscated from Jordan on November 11, 1997 to trial. The defendants' motion does not attempt to quash this aspect of the subpoena. Even if it did, this request does not appear to fall within the privilege asserted. Therefore, the court will not quash this request. Finally, the court will order Jordan to show cause why it should not quash his subpoena for the testimony of 10 inmates at trial.

> FN3. 11 Del.Code Ann. tit. 11, § 4322(a) states, in pertinent part, "[t]he presentence report ... the preparole report, the supervision history and all other case records obtained in the discharge of official duty by any member or employee of the Department [of Correction] shall be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2001 WL 125338 (D.Del.)  
**(Cite as: 2001 WL 125338 (D.Del.))**

Page 2

> privileged and shall not be disclosed directly or indirectly to anyone other than the courts...."

There is no federal privilege which protects the defendants from producing the requested documents. Furthermore, the court is not bound to recognize a state privilege, especially when a "civil rights action [i]s instituted in federal court under a federal statute which was enacted particularly to vindicate federal rights against deprivation by state action. *See Kerr v. United States District Court,* 511 F.2d 192, 197 (9th Cir.1975); *see also Zukoski v. Phila. Elec. Co.,* Civ. A. No. 93-4780, 1994 WL 637345, at n. 4 (E.D.P.A. Nov. 14, 1994) (stating that numerous district courts have rejected assertions that personnel records are per se privileged under federal law) (citing cases). In the *Kerr* case--also a prisoner civil rights action--the Ninth Circuit refused to recognize a state law evidentiary privilege which would have shielded numerous prison records from disclosure and found that federal law controlled. *See Kerr,* F.2d 511 at 197-98. Since the information contained within the requested files was relevant to the issues raised in the case, the Ninth Circuit ordered its production. *See id.* at 196-97.

Several documents Jordan seeks are clearly relevant to his action. Indeed, the requested documents appear to encompass several issues raised by Jordan's discovery requests the court already found to be relevant. On the other hand, it is unclear how the "write-ups" of Boatswain are relevant. The record does not indicate whether Boatswain was present in Jordan's cell at the time of the alleged incident. Jordan appears to assert that Boatswain's property was returned to him while Jordan's was not. Even if this was true, Jordan does not demonstrate how this information is relevant to his surviving claims of unreasonable search and seizure and conversion. [FN4]

> FN4. As mentioned above, since there is no evidence that Boatswain was present at the time of the alleged search, it is unclear how the requested "write-ups" are relevant to the reasonableness of the search and seizure. Additionally, even assuming Boatswain and Jordan's property was treated differently, there is no evidence to suggest Boatswain's "write-ups" will shed any light on whether the defendants wrongfully exercised dominion and control over Jordan's property.

*2 Although the court declines to recognize the privilege the defendants assert, the court understands that production of the requested documents might place another person's health or safety in jeopardy or compromise present or past investigations. In light of this legitimate concern, the court will allow the defendants to redact the requested documents before producing them to Jordan. The Ninth Circuit (and later the Supreme Court) approved of this approach, recognizing that particular documents, parts of documents, or categories of documents might contain sensitive information which would warrant its protection. *See Kerr v. United States District Court,* 426 U.S. 394, 404 (1976). The court will address any dispute over the redactions as the need arises.

Therefore, IT IS HEREBY ORDERED THAT:
1. Jordan's complaint is deemed amended (D.I.28) as of the date of this order.
2. Within thirty (30) days of the date of this order, the defendants shall answer or otherwise respond to the revised amended complaint.
3. Within sixty (60) days of the date of this order, the defendants shall file their responses to Item Nos. 1-8, 11, 13-15, 17-19, 21-23, 26-32 contained in Jordan's discovery request of March 29, 1999 (D.I.14).
4. Within sixty (60) days of the date of this order, the defendants shall file their responses to Item Nos. 1-12, 14, 16-27 contained in Plaintiff's discovery request of April 2, 1999 (D.I.15).
5. The defendants' motion to quash Jordans's subpoena (D.I.58) is DENIED in part and GRANTED in part:
a. The defendants shall comply with requests 2-4 but redact all information that might place another person's health or safety in jeopardy or compromise past investigations.
b. The defendants shall not be required to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3
2001 WL 125338 (D.Del.)
**(Cite as: 2001 WL 125338 (D.Del.))**

produce the "write-ups" of Boatswain unless Jordan shows good cause therefor.

c. Within 30 days from the date of this order, Jordan shall show cause as to why the court should not quash the subpoena for 10 inmates to appear at trial. If Jordan fails to respond, the defendants will not have to produce the 10 defendants to testify at trial.

6. The following motions are DENIED as moot:

a. The defendants' motions for a protective order (D.I.18) and to strike (D.I.27)

b. Jordan's motion to stay and to compel (D.I.19).

2001 WL 125338 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Service: **Get by LEXSEE®**
Citation: **1998 U.S. Dist. LEXIS 228**

*1998 U.S. Dist. LEXIS 228, \*; 39 Fed. R. Serv. 3d (Callaghan) 1232;
76 Fair Empl. Prac. Cas. (BNA) 415*

CLAYBORN MORTON v. F.H. PASCHEN, INC., et al.

CIVIL ACTION No. 96-7179

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1998 U.S. Dist. LEXIS 228; 39 Fed. R. Serv. 3d (Callaghan) 1232; 76 Fair Empl. Prac. Cas. (BNA) 415

January 14, 1998, Decided
January 15, 1998, Filed, Entered

**DISPOSITION:** [\*1] Defendant's Motion DENIED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** In an action by plaintiff employee against defendant employer, the employer sought a protective order to prevent the public disclosure of confidential and proprietary employee records.

**OVERVIEW:** The employer claimed that the court should grant its motion to prevent the public dissemination of personnel and payroll records, arguing that the personnel records should be subject to a confidentiality order because of the privacy interests involved. The court denied the motion as to both personnel and privacy records. As to payroll records, the court found that the employer had not articulated reasons constituting good cause to justify a confidentiality order and that the information sought to be discovered by the employe related to salary information. As to personnel records, the employer argued that its employees were private individuals with a privacy interest in their records that could be embarrassed by the release of this information. The employee agreed with the employer that a confidentiality agreement was warranted. The court found that privacy considerations weighed in favor of a confidentiality agreement and that a private agreement was sufficient to protect any privacy interests involved. The court held that the employer failed to show the need for further protection that a court order may provide.

**OUTCOME:** The court found that the employer had not shown good cause to justify a protective order and so denied the employer's motion.

**CORE TERMS:** confidentiality, personnel, disclosure, protective order, confidential, good cause, privacy, payroll, information contained, access to information, articulated, specificity, discovery, confidentiality agreement, dissemination, balancing

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Disclosure & Discovery > Protective Orders
Evidence > Privileges > Trade Secrets
Trade Secrets Law > Civil Actions > Discovery
**HN1** Fed. R. Civ. P. 26(c)(7) allows a court, upon good cause shown, to order that a trade secret or other confidential research, development, or commercial

information not be disclosed or be disclosed only in a designated way. Nevertheless, such orders of confidentiality cannot be granted arbitrarily. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders

HN2± A party wishing to obtain a confidentiality order over discovery materials must demonstrate that good cause exists for the order of protection. Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders

HN3± In determining whether good cause exists for a protective order, the federal courts have adopted a balancing approach, considering whether disclosure will violate any privacy interests, whether the information is being sought for a legitimate purpose or for an improper purpose, whether disclosure of the information will cause a party embarrassment, whether confidentiality is being sought over information important to public health and safety, whether the sharing of information among litigants will promote fairness and efficiency, whether a party benefitting from the order of confidentiality is a public entity or official, and whether the case involves issues important to the public. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders

HN4± Whether disclosure under a protective order will be limited depends on a judicial balancing of the harm to the party seeking protection or third persons and the importance of disclosure to the public. More Like This Headnote

Civil Procedure > Disclosure & Discovery > Protective Orders

HN5± A general allegation of potential harm is insufficient to grant a confidentiality order. More specificity is needed. The interest of the public to have access to information concerning judicial proceedings is a strong one. More Like This Headnote

Labor & Employment Law > Employee Privacy > Disclosure of Employee Information
Civil Procedure > Disclosure & Discovery > Protective Orders

HN6± Although the employment information contained in an employer's personnel files may be discoverable, personnel files are confidential and discovery should be limited. Moreover, there exists a strong public policy against the disclosure of personnel files. Employees justifiably expect their personnel files to be kept confidential. The disclosure of personnel files and evaluations would discourage the candid evaluations of employees and thereby hamper the ability of companies to maintain their standard and improve their performance. More Like This Headnote

**COUNSEL:** FOR CLAYBORN MORTON, PLAINTIFF: EDWARD J. CARREIRO, JR., HATBORO, PA USA.

For F.H. PASHCEN, INC., DEFENDANT: PETER F. VAIRA, VAIRA, BACKSTROM, RILEY & SMITH, PHILA, PA USA. JOHN E. RILEY, JAMES A. GEORGES, VAIRA BACKSTROM RILEY & SMITH, PHILADELPHIA, PA USA.

For ARTIS T. ORE, INC., ARTIS T. ORE, INDIVIDUALLY, DEFENDANTS: JODEEN M. HOBBS,

MILLER, ALFANO & RASPANTI, P.C., PHILA, PA USA. GINO J. BENEDETTI, MILLER, ALFANO & RASPANTI, P.C., PHILA, PA USA.

**JUDGES:** HERBERT J. HUTTON, J.

**OPINIONBY:** HERBERT J. HUTTON

**OPINION: MEMORANDUM AND ORDER**

HUTTON, J.

January 14, 1998

Presently before the Court is the Motion by Defendant Artis T. Ore, Inc. for Protective Order to Prevent the Public Disclosure of Confidential and Proprietary Employee Records (Docket No. 19). For the reasons stated below, the defendant's motion is **DENIED**.

## I. BACKGROUND

In this matter, defendant Artis C. Ore, Inc. (the "defendant") argues that certain information requested by the plaintiff from the defendant should be protected by a confidentiality order. More specifically, the defendant contends that this Court should grant the defendant's motion to prevent **[*2]** the public dissemination of personnel and payroll records. The defendant asserts that the personnel records should be subject to a confidentiality order because of the privacy interests involved. Similarly, the defendant argues that the dissemination of the defendant's payroll records has the potential to harm the defendant if the defendant's competitors learn of the information.

## II. DISCUSSION

**HN1** Federal Rule of Civil Procedure 26(c)(7) allows a court, "upon good cause shown," to order that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994) (quoting Fed. R. Civ. P. 26(c)(7)). Nevertheless, such orders of confidentiality cannot be granted arbitrarily. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785-86 (3d Cir. 1994). "Disturbingly, some courts routinely sign orders which contain confidentiality clauses without considering the propriety of such orders, or the countervailing public interests which are sacrificed by the orders." Id. Therefore, this Court will carefully scrutinize the request for the confidentiality **[*3]** order.

**HN2** A party wishing to obtain a confidentiality order over discovery materials must demonstrate that "good cause" exists for the order of protection. Pansy, 23 F.3d at 786; Miles, 154 F.R.D. at 114.

> "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a good cause showing. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976, 98 L. Ed. 2d 485, 108 S. Ct. 487 (1987). The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains

on the party seeking the order. 785 F.2d at 1122.

Pansy, 23 F.3d at 786-87 (footnote omitted).

HN3 In determining whether good cause exists, the federal courts have adopted a balancing approach, under which the following factors may be considered:

   1) whether disclosure will violate any privacy interests;

   2) whether [*4] the information is being sought for a legitimate purpose or for an improper purpose;

   3) whether disclosure of the information will cause a party embarrassment;

   4) whether confidentiality is being sought over information important to public health and safety;

   5) whether the sharing of information among litigants will promote fairness and efficiency;

   6) whether a party benefitting from the order of confidentiality is a public entity or official; and

   7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).

HN4 "Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public." Pansy, 23 F.3d at 787 (citing Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 435 (1991)).

A. Payroll Records

This Court finds that the defendant has not articulated reasons that constitute good cause to justify a confidentiality order with respect to the defendant's payroll records. The information sought to be discovered [*5] by the plaintiff relates to the defendant's salary information. The defendant argues that a confidentiality order is necessary to prevent the information from public disclosure, thereby "destroying any competitive advantage that [the defendant] has worked hard to establish." Def.'s Mem. at 7. HN5 This general allegation of potential harm is insufficient to grant the confidentiality order. More specificity is needed. The interest of the public to have access to information concerning judicial proceedings is a strong one. Pansy, 23 F.3d at 789. This Court will not eviscerate this interest by granting a confidentiality order based on such general allegations of harm as submitted by the defendant.

Moreover, the Third Circuit has cautioned against orders of confidentiality "by recognizing the enduring beliefs underlying freedom of information laws: that an informed public is desirable,

that access to information prevents governmental abuse and helps secure freedom, and that, ultimately, government must answer to its citizens." Id. at 792. As such, this Court must exercise the appropriate restraint in considering the defendant's request by requiring more than the general allegations [*6] of harm offered by the defendant.

**B. Personnel Records**

The defendant also argues that its personnel records are confidential and should be subject to a protective order. The defendant states that its "employees . . . are private individuals with a privacy interest in their records who could be embarrassed by the release of this information." Def.'s Mem. at 6. The defendant does not attempt to prevent the plaintiff's access of the personnel records; instead, the defendant "merely seeks to minimize any harm that may result to itself or [its] employees if information from the employee records is made public during the course of this litigation." Id. The plaintiff agrees with the defendant's assertions that a confidentiality agreement is warranted.

HN6 Although the employment information contained in the defendant's personnel files may be discoverable, "personnel files are confidential and discovery should be limited." Miles, 154 F.R.D. at 115 (citing Orbovich v. Macalester College, 119 F.R.D. 411, 415 (D. Minn. 1988)). Moreover,

> There exists a strong public policy against the disclosure of personnel files. In re the One Bancorp Securities Litigation, [*7] 134 F.R.D. 4 (D. Me. 1991). Employees "justifiably expect [their personnel files] to be kept confidential." New York Stock Exch. v. Sloan, 1976 U.S. Dist. LEXIS 12655, 22 Fed. R. Serv. 2d 500, 503 (S.D.N.Y. 1976). "The disclosure of personnel files and evaluations would discourage the candid evaluations of employees and thereby hamper the ability of companies to maintain their standard and improve their performance." Id.

Closterman v. Liberty Mut. Ins. Co., 1995 U.S. Dist. LEXIS 11356, No.CIV.A.93-4458, 1995 WL 472105, at *1 (E.D. Pa. Aug. 9, 1995). Accordingly, this Court finds that privacy considerations weigh in favor of a confidentiality agreement.

However, this Court notes that the parties have the option of agreeing privately to keep information concerning the defendant's personnel records confidential, and may enforce such an agreement in a separate contract action. Id. at 788; see, e.g., Marine Midland Realty Credit Corp. v. LLMD of Michigan, Inc., 821 F. Supp. 370, 371-74 (E.D. Pa. 1993). In fact, the language of the parties' memorandums indicates that the parties are amenable to such an agreement. n1 This Court finds that a private agreement is sufficient to protect any privacy interests involved. [*8] The defendant has failed to show the need for further protection that an Order of this Court may provide.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The plaintiff states that he "would agree to the confidentiality of information contained in the personnel files of co-employees of plaintiff." Pl.'s Mem. at 2.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

### III. CONCLUSION

Consequently, the defendant has not shown "good cause" to justify a protective order. Accordingly, this Court denies the defendant's Motion.

An appropriate Order follows.

### ORDER

AND NOW, this 14th day of January, 1998, upon consideration of the Motion by Defendant Artis T. Ore, Inc. for Protective Order to Prevent the Public Disclosure of Confidential and Proprietary Employee Records (Docket No. 19), IT IS HEREBY ORDERED that the Defendant's Motion is DENIED.

BY THE COURT:

HERBERT J. HUTTON, J.

Service: **Get by LEXSEE®**
Citation: **1998 U.S. Dist. LEXIS 228**
View: Full
Date/Time: Tuesday, May 31, 2005 - 7:07 PM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
▇ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 6104 Page 1 of 5

Case 1:04-cv-01336-SLR   Document 46-2   Filed 06/01/2005   Page 11 of 15

Service: **Get by LEXSEE®**
Citation: **1996 U.S. Dist. LEXIS 6104**

*1996 U.S. Dist. LEXIS 6104, \**

STACEY RINTCHEN, Plaintiff v. CHARLES W. WALKER and MIKE FALCONE, JR. & SONS, Inc., Defendants

CIVIL ACTION NO. 95-cv-6861

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1996 U.S. Dist. LEXIS 6104

May 7, 1996, Decided
May 7, 1996, Filed

**DISPOSITION:** [\*1] Plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff's request for the written accident report is GRANTED. Plaintiff's request for the Accord Loss Notice is GRANTED. Plaintiff's request for a transcript of the statement is DENIED. Plaintiff's request for the log book is DENIED AS MOOT. Plaintiff's request for defendant Walker's personnel record is GRANTED in part.

**CORE TERMS:** discovery, driving, insurer, anticipation of litigation, work product doctrine, skill, disciplinary, discoverable, course of business, accident report, Local Rule, insurance carrier, motion to compel, personnel file, interrogatories, occurrence, relevance, hired, moot, failure to respond, requesting, trucking, truck

**COUNSEL:** For STACEY RINTCHEN, PLAINTIFF: MICHAEL G. SABO, RAPP, WHITE, JANSSEN & GERMAN, LTD., PHILA, PA USA.

For CHARLES W. WALKER, MIKE FALCONE, JR. & SONS, INC., DEFENDANTS: EDWARD L. MC CANDLESS, JR, MC CANDLESS & ASSOCIATES, PHILA, PA USA.

**JUDGES:** JUDGE RONALD L. BUCKWALTER

**OPINIONBY:** RONALD L. BUCKWALTER

**OPINION: MEMORANDUM**

BUCKWALTER, J.

May 7, 1996

This action involves an automobile accident in which defendant Mike Falcone, Jr. & Sons, Inc.'s truck, driven by defendant Charles W. Walker, and plaintiff's car collided while travelling in the same direction on a bridge in Philadelphia County. Currently before the court is plaintiff's motion to strike defendants' objections to a number of discovery requests, and to compel the production of those requested items.

Preliminarily, plaintiff argues that defendants have [\*2] waived their objections to these items by failing to respond to the requests within the thirty (30) day time limit prescribed by Federal Rules of Civil Procedure 33(b)(3) and 34(b). Plaintiff served the interrogatories and request for production of documents on defendants on December 26, 1995. Defendants failed to respond. On February 6, 1996, plaintiff's counsel contacted defendants' attorney by letter

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 6104    Page 2 of 5

Case 1:04-cv-01336-SLR    Document 46-2    Filed 06/01/2005    Page 12 of 15

in an effort to gain compliance with the discovery requests. (See Pl.'s Mot. Local Rule 26.1(g) at Ex. A (docket number 6)). A week later, plaintiff filed a motion to compel defendants' compliance with these requests. That motion was denied because in part it became moot, as defendants finally responded to many of the requests in late February 1996, and because plaintiffs had not yet had the opportunity to address any of defendants' objections to certain items. (See Pl.'s Mot. Local Rule 26.1(g) (docket number 6); defendants' response thereto (docket number 10); and Order of this court dated March 27, 1996).

Defendants' only explanation for their failure to respond to any of plaintiff's interrogatories and document requests until late February is that the requests served on defendant [*3] in December had some pages missing. (Defs.' Ans. to Opp. Pl.'s Mot. Strike Defs.' Objections, at 2).

The record indicates a consistent mishandling of the discovery process by the defendants in this case. The court previously found it necessary to comment on defendants' inappropriate involvement in the subpoenaing of a third party in the case. (See Order of this court dated February 22, 1996 (docket number 9)). Defendants did not respond to discovery requests actually aimed at them until one month after the thirty (30) day deadline. The defendants' failure to respond appropriately to plaintiff's requests until faced with a motion to compel is troubling to this court. This is especially so since defendants have offered no reasonable excuse for their inaction; and to fulfill their responsibility -- whether it be by answering and/or objecting within the specified time limit to those pages defendants did receive, or by requesting a complete copy of the requests while also requesting an extension from the court if necessary -- would have been a small matter. Nevertheless, the relief requested by plaintiff in this matter requires careful evaluation and may not be granted as a matter of [*4] course.

The failure to object to a discovery request in a timely fashion may constitute a waiver of the objection. Stanley v. Chester County Prison Farm, et al., LEXIS GENFED Library, DIST File, 1986 WL 305, at * 2 (E.D.Pa. Sept. 16, 1986); see also 4A Moore's Federal Practice § 33.27, at 33-161. However, it is within the Court's discretion not to compel discovery which is improper. Stanley, LEXIS GENFED Library, DIST File, 1986 WL 305, at * 2. "Objections based on strong public policies . . . which would preclude disclosure of the information requested should not be deemed waived." Id. at * 2- * 3 citing Shenker v. Sportelli, 83 F.R.D. 365, 367 (E.D.Pa. 1979). The first objection at issue in this current motion is that three of the documents requested are protected under the work product doctrine because they were prepared in anticipation of litigation. n1 Second, defendants object to the production of defendant Walker's personnel file on the grounds that the material contained therein is irrelevant to the current action and that Walker's privacy outweighs any need plaintiff may have for the information.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -


n1 The requested documents are: the written accident report provided by defendant, Charles W. Walker, to defendant, Mike Falcone, Jr. & Sons, Inc., on the date of the accident; the Accord Loss Notice provided by defendant, Mike Falcone, Jr., & Sons, Inc., to its insurer; and a transcript of the statement provided by defendant, Charles W. Walker, to Curley Adjustment Bureau, Inc. on October 16, 1996.


- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*5]

1. The Work Product Doctrine

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 6104    Page 3 of 5

Case 1:04-cv-01336-SLR    Document 46-2    Filed 06/01/2005    Page 13 of 15

The Supreme Court case of Hickman v. Taylor, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947) was the seminal case in the development of what is now termed the work product doctrine. In Hickman, the Supreme Court created a limited immunity from discovery for the written statements, private memoranda, and personal recollections prepared by an adverse party's counsel in anticipation of litigation. Carver v. Allstate Ins. Co., 94 F.R.D. 131, 133 (S.D.Ga. 1982). Federal Rule of Civil Procedure 26(b)(3) codifies the essential portion of the doctrine as announced in Hickman and expands it by extending discovery protection of the work product of a party or his agents and representatives as well as that party's attorney. Id.; Fed. R. Civ. P. 26(b)(3) (1996).

The first issue in this case, then, is whether the three documents in question were prepared in anticipation of litigation. Defendants seem to argue that, because the collision in question was defendant Walker's first accident while a Falcone employee, and because accidents do not happen every day, any and all documents related to the accident cannot be considered created in the ordinary course of business **[*6]** and are presumed to be made in anticipation of litigation. This argument ignores defendants' burden of proof on this issue.

In order for the work product privilege to apply, the party opposing discovery must show that the document requested was obtained or created "because of the prospect of litigation, not in the regular course of business. . . ." Raso v. CMC Equipment Rental, Inc., 154 F.R.D. 126, 127-128 (E.D.Pa. 1994) (citations omitted). The part can rely on the nature of the document and the facts of the case in order to meet its burden. Id. However, the party must do more than simply argue that accidents are unusual occurrences and that the first two documents were generated for submission to its insurance company. Jet Plastica Indus. Inc. v. Goodson Polymers, Inc., 1992 U.S. Dist. LEXIS 449, 1992 WL 10474, at * 1- * 2 (E.D.Pa. Jan. 15, 1992) citing Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26 (D.Mass. 1987). "While it may be true that 'federal courts have consistently ruled that the work product doctrine is not inapplicable merely because the material was prepared by or for a party's insurer or agents of the insurer,' United Coal Companies v. Powell Const. Co., 839 **[*7]** F.2d 958 (3d Cir. 1988), it is equally clear that Rule 26(b)(3) 'was not intended to protect all insurance claim files from discovery. . . ." Jet Plastica, 1992 U.S. Dist. LEXIS 449, 1992 WL 10474 at * 2, citing Basinger v. Glacier Carriers, Inc., 107 F.R.D. 771, 774 (M.D.Pa. 1985). "An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate and make a decision with respect to claims made on it by its insureds." Lyvan D.D.S. v. Harleysville Ins. Co., et al., 1994 WL 533907 (E.D.Pa. Sept. 29, 1994) citing Rinaldi's Fast Foods, Inc. v. Great American Ins. Co.'s, 123 F.R.D. 198, 202 (M.D.N.C. 1988). "The mere conclusory assertion that documents prepared by [or for] an insurance carrier after an accident were made with an 'eye toward litigation,' by itself, is insufficient to establish that the documents were in fact generated for such a purpose." Jet Plastica, 1992 U.S. Dist. LEXIS 449, 1992 WL 10474 at * 2.

Thus, defendants have not met their burden with regard to defendant Walker's written accident report which was submitted to defendant Falcone on the date of the accident. Walker testified in his deposition **[*8]** that this report is a form, ordinarily kept in the cab of every one of Falcone's trucks, and is meant to be completed upon the occurrence of an accident; and that the form is one made available by Falcone's insurance company. The logical inference from this is that these forms are used to notify the trucking company of the potential need to filed an indemnity claim with its insurer, and that the forms are the basis of the Accord Loss Notice provided by Falcone to its insurer shortly thereafter. The Accord Loss Notice appears to be a request for payment from the insurance company for loss incurred by the trucking company. Defendants have provided no evidence to the contrary which would indicate that these forms were obtained and completed because defendants believed litigation to be imminent. Rather, they appear to have been produced in the ordinary course of business between the defendants and Falcone's insurer.

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 6104 Page 4 of 5

Case 1:04-cv-01336-SLR   Document 46-2   Filed 06/01/2005   Page 14 of 15

By contrast, the statement provided to Curley Adjustment Bureau, Inc. appears to have been provided by defendant Walker to an investigative agency, hired by defendant Falcone's insurer. "Unlike an insurance agency, which conducts investigations both in the ordinary course **[*9]** of business and in anticipation of litigation, an investigation agency is more likely to be hired in anticipation of litigation. This is particularly so when there is already an insurance carrier investigating the same claim." Jet Plastica, 1992 U.S. Dist. LEXIS 449, 1992 WL 10474 at * 2. Thus, the transcript of the statement provided by Walker to Curley Adjustment Bureau is not discoverable.

2. Walker's Personnel Record

Plaintiff's second set of document requests includes a request for: "The complete personnel files maintained by defendant, Mike Falcone, Jr. & Sons, Inc., concerning defendant, Charles W. Walker, including but not limited to disciplinary records, driving records, health records, driver's abstract, accident reports and any other document from which information may be gathered." (Pl.'s Mot. Compel, Ex. E). The test of discoverability is the relevance standard of FRCP 26(b)(1), which provides, in part: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery **[*10]** of admissible evidence." Fed. R. Civ. P. 26(b)(1) (1996). The facts and circumstances of the case determine the relevancy of information sought in discovery. Forrest v. United States, 1996 U.S. Dist. LEXIS 4589, 1996 WL 171539, at * 1 (E.D. Pa. 1996) (citation omitted). It is within the court's discretion to determine the relevance of the information sought in light of the particular facts of the case before it. Id.

The current cause of action is a personal injury claim, where plaintiff has alleged negligence against defendant Walker, and vicarious liability against defendant Falcone. In response, defendants have alleged contributory negligence. There have been no claims of injury or for damages by defendant Walker. Nor is his health or medical history at issue for any other reason. However, it seems clear that records relating to defendant Walker's driving and safety history, and disciplinary records as they relate to Walker's driving skill, are directly relevant for determining defendants' liability in this matter. Therefore, defendants must make available all information contained in Walker's personnel file relating to his driving skills, including but not limited to his driver's abstract, driving **[*11]** records, accident reports and disciplinary records related to his driving skills only. Defendant Walker's health records are not discoverable in these circumstances.

An appropriate order follows.

**ORDER**

AND NOW, this 7th day of May, 1996, upon consideration of Plaintiff, Stacey Rintchen's, Motion to Strike Defendants' Objections to Discovery and to Compel Full and Complete Answers to Same (docket number 14), and defendants' answer thereto (docket number 15), it is hereby **ORDERED** that plaintiff's motion is **GRANTED in part** and **DENIED in part**.

1. Plaintiff's request for the written accident report provided by defendant Charles W. Walker to defendant Mike Falcone, Jr. & Sons, Inc. ("Falcone"), on the date of the accident is **GRANTED**.

2. Plaintiff's request for the Accord Loss Notice provided by defendant Falcone to its insurer is **GRANTED**.

3. Plaintiff's request for a transcript of the statement provided by defendant, Charles W.

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 6104   Page 5 of 5

Case 1:04-cv-01336-SLR   Document 46-2   Filed 06/01/2005   Page 15 of 15

Walker, to Curley Adjustment Bureau, Inc. on October 16, 1996 is **DENIED**.

4. Plaintiff's request for the log book maintained by defendant Walker for the time period September 19, 1995 to September 20, 1995 is **DENIED [*12] AS MOOT.**

5. Plaintiff's request for defendant Walker's personnel record is **GRANTED** in part: defendant shall produce all information relating to defendant's driving and safety history, and disciplinary record as they relate to Walker's driving skill. Defendant's medical records and/or history are not discoverable.

BY THE COURT:

RONALD L. BUCKWALTER, J.

Service: **Get by LEXSEE®**
Citation: **1996 U.S. Dist. LEXIS 6104**
View: Full
Date/Time: Tuesday, May 31, 2005 - 6:59 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
■ - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
Ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.