# EXHIBIT "A"

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

### Issued by the
## UNITED STATES DISTRICT COURT

| **SOUTHERN** | **DISTRICT OF** | **CALIFORNIA** |
|---|---|---|

In re:
Touch America Holdings, et al., Debtors

### V.

WESTMORELAND COAL COMPANY, and
WESTMORELAND MINING LLC

TO:    Goldman, Sachs & Co.
Fox Plaza, Suite 2600, 2121 Avenue of the Stars
Los Angeles, California 90067

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   03-11915 (KJC)
United States District Court,
District of Delaware

Adversary Proceeding No. 04-52935(KJC)
C.A. No. 04-1336-SLR
United States District Court,
District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

listed in the attached Schedule A at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Sidley Austin Brown & Wood LLP, 555 W. Fifth Street, 4th Floor, Los Angeles, California 90013 (213) 896-6600 | June 23, 2005- 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Rebecca S. Beste, Counsel for Defendant* | 6.9.05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rebecca S. Beste (RB 4154), Potter Anderson & Corroon LLP, 1313 N. Market Street, Wilmington, Delaware 19801 (302) 984-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

A.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all topics that may otherwise be construed to be outside their scope.

B.      "Companies" means Basin Resources, Inc., Horizon Coal Services, Inc., North Central Energy Company, Northwestern Resources Co. and Western Energy Company.

C.      "Concerning" means, directly or indirectly, relating to, describing, evidencing, recording, or constituting.

D.      "Entech" shall mean Entech, LLC, and its current and former corporate parents, divisions, subsidiaries, affiliates, principals, officers, directors, employees, agents, representatives, independent consultants, and other persons or entities acting on their behalf or under its control, including without limitation, Entech, Inc., the Montana Power Company, Touch America, Inc. and/or Touch America Holdings.

E.      "Interim Financial Statements" means each and all of the unaudited balance sheet of the Companies on a consolidated basis as of July 31, 2000, the unaudited balance sheet of the Companies on a consolidated basis as of December 31, 1999, and the related unaudited consolidated statement of operations for the Companies for the fiscal years of 1997, 1998 and 1999.

F.      "Goldman Sachs," "you" or "your" means The Goldman Sachs Group, Inc., and its current and former corporate parents, divisions, subsidiaries, affiliates, principals, officers, directors, employees, agents, representatives, independent consultants, and other persons or entities acting on their behalf or under its control.

G.    "SPA" means the document entitled "Stock Purchase Agreement dated as of September 15, 2000 by and between Westmoreland Coal Company and Entech, Inc. with respect to all outstanding capital stock of Basin Resources, Inc., Horizon Coal Services, Inc., North Central Energy Company, Northwestern Resources Co. and Western Energy Company."

## INSTRUCTIONS

A.    The definitions, instructions, and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of Procedure of the United States District Court for the District of Delaware, are incorporated herein by reference.

B.    This document request requires the production of all documents called for herein that you created or originated, or that came into your possession, custody, or control from all files or other sources that contain responsive documents, wherever located and whether active, in storage, or otherwise.

C.    Unless specified otherwise, all documents requested are for the period from January 1, 1999 through and including the present.

D.    The obligation to produce the documents requested below is of a continuing nature; your responses to these document requests are to be supplemented to the full extent required by Rule 26(e) of the Federal Rules of Civil Procedure and if at any time you acquire possession, custody, or control of any additional documents specified below, such documents are to be furnished promptly to counsel for Westmoreland.

E.    Where only a portion of a document contains information responsive to the requests set forth below, produce the entire document along with all attachments, appendices, and exhibits.

F.    If any document is withheld in whole under a claim of attorney-client privilege or any other applicable privilege or immunity from disclosure provide the following information:

a)    The date of the document;

b)    The name and title of the person who sent, authored, prepared, signed, or originated the document, or of the person who knows about the information contained therein;

c)    The name and title of the recipient or recipients of the document;

d)    All persons to whom copies of the document were furnished, along with such persons' job titles or positions;

e)    A description of the subject matter or nature of the document sufficient to assess whether the assertion of privilege is valid;

f)    The specific basis upon which the privilege is claimed; and

g)    With respect to any claim of privilege relating to an attorney, or advice or work product of an attorney, the identity of the attorney involved.

G.    If any document is withheld in part under a claim of attorney-client privilege or any other applicable privilege or immunity from disclosure, produce so much of the document as is not subject to the possible claim of privilege or immunity from disclosure indicating clearly on the face of the document where material contained in the document has been redacted or deleted and provide the following information:

a)    A description of the subject matter or nature of the document sufficient to assess whether the assertion of privilege is valid;

b)    The specific basis upon which the privilege is claimed; and

3

c)     With respect to any claim of privilege relating to an attorney, or advice or work product of an attorney, the identity of the attorney involved.

H.     All documents shall be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features. If there are no documents responsive to a category specified below, Plaintiff shall so state in a writing produced at the time and place that documents are demanded to be produced by this request.

I.     If any document requested herein has been lost, discarded, or destroyed, identify the document so lost, discarded, or destroyed in a writing (produced at the time and place that documents are demanded to be produced by this request) as completely as possible, together with the following information: the date the document was lost, discarded or destroyed; the manner in which the document was lost, discarded or destroyed, the reason that the document was lost, discarded or destroyed; the identity of the person who authorized the disposal of the document; and the identity of the person who actually disposed of the document.

## DOCUMENTS REQUESTED

1.      All documents concerning any information transmitted by Goldman Sachs to prospective purchasers of the Companies.

2.      All documents concerning the May, 2000 Offering Memorandum prepared by Goldman Sachs concerning the Companies, including any drafts.

3.      All documents concerning any offer to purchase the Companies.

4.      All communications with Entech or any other person or entity regarding the Companies.

5.      All internal communications at Goldman Sachs concerning the Companies.

6.      All documents concerning the Interim Financial Statements, including, without limitation, the accounting in the Interim Financial Statements.

*PAC 685323*