IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TOUCH AMERICA HOLDINGS, INC., et al., | ) | Bk. No. 03-11915 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ENTECH LLC, | ) | |
| | ) | Adv. No. 04-52935 (KJC) |
| Plaintiff, | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1336-SLR |
| | ) | |
| WESTMORELAND COAL COMPANY, a Delaware corporation, and WESTMORELAND MINING LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF ENTECH LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

WINSTON & STRAWN LLP
C. MacNeil Mitchell
Piero A. Tozzi
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

Rolf S. Woolner
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP
Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Christian Douglas Wright (No. 3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Co-counsel to the Plaintiff

Dated: June 15, 2005

-i-

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

SUMMARY OF THE ARGUMENT ......................................................................................1

COUNTER-STATEMENT OF FACTS .................................................................................2

ARGUMENT............................................................................................................................2

    I.    WESTMORELAND'S MOTION TO COMPEL SHOULD BE DENIED AS TO ITS REQUEST SEEKING PRODUCTION OF PERSONNEL FILES...................................................2

        A.    The Personnel Files Are Protected From Disclosure Under Montana Law ...........................................................................3

        B.    The Personnel Files Are Neither Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence. ...............................................................4

    II.    WESTMORELAND'S MOTION TO COMPEL SHOULD BE DENIED AS TO THE REQUEST FOR AN IDENTIFICATION OF ENTECH'S TRIAL WITNESSES .......................7

CONCLUSION........................................................................................................................9

-ii-

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Hicks v. Big Brothers/Big Sisters of Amer.*,
   168 F.R.D. 528 (E.D. Pa. 1996)..................................................................................6

*Jordan v. Bellinger*,
   2001 WL 125338 (D. Del. Feb. 2, 2001)....................................................................6

*Montana Human Rights Div. v. City of Billings*,
   649 P.2d 1283 (Mont. 1982)..................................................................................3, 4

*Pagano v. Hadley*,
   100 F.R.D. 7589 (D. Del. 1984) ..................................................................................6

*Rintchen v. Walker*,
   1996 U.S. Dist. LEXIS 6104 (E.D. Pa. May 7, 1996) ................................................6

*State v. Hyem*,
   630 P. 2d 202 (Mont. 1981)........................................................................................4

**Constitutions**

Mont. Const., Art. II, Sec. 10..............................................................................................3

**Rules**

Fed. R. Civ. P. 30(a)(2)(A) ................................................................................................7

**Law Reviews**

Patricia A. Cain, *The Right to Privacy Under the Montana Constitution:*
   *Sex and Intimacy*, 64 MONT. L. REV. 99 (2003)........................................................3

Defendants Westmoreland Coal Company and Westmoreland Mining LLC (jointly, "Westmoreland") have moved to compel plaintiff Entech LLC ("Entech") to (i) produce copies of the personnel files of Jerrold Pederson, David Smith, and Kenneth Palagi, each a current or former employee of Entech (or Touch America), and (ii) identify now those individuals Entech intends to call as witnesses at trial. This is Entech's answering brief in opposition to Westmoreland's motion to compel.

## SUMMARY OF THE ARGUMENT

Westmoreland's motion should be denied. Westmoreland's demand for copies of the personnel files of Messrs. Pederson, Smith, and Palagi (the "Personnel Files") seeks information which is specifically protected under Montana state law, and which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Westmoreland's demand that Entech be compelled to identify its trial witnesses now should also be denied. There is no basis in the law for this request, nor does Westmoreland identify one. No depositions have occurred in this case, and Westmoreland still has not completed its document production (it has taken nearly three months for Westmoreland to produce approximately 25,000 pages of documents). Westmoreland cannot seriously and in good faith expect Entech to be in a position to know for certain at this time who its trial witnesses will be.

## COUNTER-STATEMENT OF FACTS[1]

Westmoreland is correct in asserting that Entech has refused to produce the Personnel Files. However, Westmoreland fails to inform the Court that in addition to asserting that the demand for the Personnel Files seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, Entech also told Westmoreland that it was unable to produce the Personnel Files because Messrs. Pederson, Smith, and Palagi have privacy rights with respect to the information contained in those files that is protected under Montana law, and Entech would not produce the Personnel Files in the absence of a court order.

Westmoreland is also incorrect in stating that it requested that Entech identify which witnesses it was "most likely" to call at trial. On the contrary, in each of the meet-and-confer discussions counsel had on this issue, Westmoreland demanded that Entech identify the witnesses it *would* call at trial.

## ARGUMENT

I.   **WESTMORELAND'S MOTION TO COMPEL PRODUCTION OF THE PERSONNEL FILES SHOULD BE DENIED**

Request No. 46 of Westmoreland's first set of requests for the production of documents demanded "[t]he personnel files for David S. Smith, Kenneth J. Palagi and Jerrold P. Pederson." That request, as drafted, demands the Personnel Files in their entirety, with no limitations on the scope of what is sought. That is what Westmoreland demanded during the parties' meet-and-confer. At no time during the meet-and-confer

---

[1] To the extent that a more general statement of the facts of this case is relevant to this motion to compel, Entech respectfully refers the Court to the Statement of Facts contained in Entech's Opening Brief in support of its Motion to Compel (D.I. 32).

process did Westmoreland ever suggest that it would be willing to accept just a subset of the Personnel Files. In any event, disclosure of the Personnel Files, or even some undefined subset thereof, should not be compelled, for at least two reasons.

### A. The Personnel Files Are Protected From Disclosure Under Montana Law

As a threshhold matter, the personnel records in question are protected from disclosure by Montana's state constitutional right of individual privacy.[2] Montana has a far-reaching constitutional right of privacy. Article II, Section 10 of Montana's constitution provides: "The right of individual privacy is essential to the well-being of a free society and shall not be infringed without the showing of a compelling state interest." This provision has recently been described as "the strongest protection for privacy rights of any state in this country." Patricia A. Cain, *The Right to Privacy Under the Montana Constitution: Sex and Intimacy*, 64 MONT. L. REV. 99, 101 (2003).

That this privacy right extends to personnel records was established by the Montana Supreme Court in *Montana Human Rights Div. v. City of Billings*, 649 P.2d 1283 (Mont. 1982). That case recognized that personnel records may contain sensitive information that the individuals would not wish or expect to be disclosed to third parties, and that such records are protected by Montana's constitutional right of privacy. *Id.* at 1287-88. The court also held that the employer, the City of Billings, had standing to assert the rights of its employees because the disclosure of personal information about

---

[2] Montana law applies as the records have always been located in Montana, the individuals involved are residents of Montana, and their entire work career with Montana Power Company or Touch America was in Montana.

employees without their consent or without a court order places the employer in jeopardy of being sued by the individuals for revealing private information. *Id.* at 1288.

Like the employer in *City of Billings*, Entech is constrained from producing the personnel records in question without consent or a court order. A court order may issue only if the court finds there is a compelling state interest. *State v. Hyem*, 630 P. 2d 202, 205-06 (Mont. 1981) ("Under the 1972 Montana Constitution, the only exception to the restriction against the invasion of individual privacy is a compelling state interest."), *quoted in Montana Human Rights Div. v City of Billings*, 649 P.2d at 1288. And Westmoreland cannot articulate any compelling state interest with respect to the Personnel Files. Westmoreland's effort to force the production of the personnel records in question should be rejected.[3]

**B.   The Personnel Files Are Neither Relevant Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.**

The Court should also deny Westmoreland's motion to compel, as a factual matter, because the Personnel Files are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Westmoreland has failed to articulate an appropriate basis on which any information in the Personnel Files could be needed, because none of the possible uses it identifies have any bearing on this litigation.

---

[3]  In its memorandum, Westmoreland states that Entech's objection regarding the confidentiality of the Personnel Files is baseless because the parties have entered into and the Court has granted an order protecting confidential materials. (Westmoreland Mem. at 5.) As this discussion of Montana's privacy law establishes, Westmoreland completely misapprehends the nature of Entech's confidentiality concerns. Messrs. Pederson, Smith, and Palagi cannot be required to forego their privacy rights in the Personnel Files for what is nothing more than a fishing expedition by Westmoreland.

First, Westmoreland asserts that it needs the Personnel Files because it "is entitled to investigate each of these employee's qualifications for his position." (Westmoreland Memorandum of Law ("Westmoreland Mem.") at 5.) The qualifications of Messrs. Pederson, Smith, or Palagi can be explored at these individuals' depositions, but in any event are irrelevant to the issues in this case – either as Westmoreland or Entech has framed them (*see* parties' briefs on Entech's Motion to Compel, D.I. 32, 42, and 44). Whether or not Messrs. Pederson, Smith, or Palagi were "qualified" for their positions simply cannot make more or less likely Westmoreland's argument that the only question this Court need consider is the question of whether Entech's accounting for the Coal Companies was correct (under the Stock Purchase Agreement and applicable accounting rules).

Second, Westmoreland's reference to whether Messrs. Pederson, Smith, or Palagi made any accounting mistakes in connection with "other matters" (Westmoreland Mem. at 5) further illustrates the irrelevance of Westmoreland's demand. Whether Messrs. Pederson, Smith, and Palagi made accounting mistakes in connection with some other unidentified matter does not make what Westmoreland must prove here either more or less likely to be true.

Third, Westmoreland asserts that the Personnel Files are relevant because they might bear on "the deliberateness with which the mistakes were committed." (Westmoreland Mem. at 5.) The intent of Messrs. Pederson, Smith, or Palagi, or anyone else at Entech for that matter, with respect to the accounting for the Coal Companies is not an issue in this case. Westmoreland has *never* claimed that the intent of Entech or

any of its employees or agents matters. Westmoreland is not entitled to engage in a fishing expedition on matters that have no bearing on this case.

Moreover, the cases cited by Westmoreland do not support its arguments. *Jordan v. Bellinger*, which Westmoreland cites as a case "ordering production of personnel files on grounds that files were relevant" (Westmoreland Mem. at 4), has nothing to do with personnel files at all. At issue in *Jordan* was whether *prison records*, not personnel files, of an inmate in a state prison should be compelled. *See generally Jordan v. Bellinger*, 2001 WL 125338 (D. Del. Feb. 2, 2001) (attached to Westmoreland's Memorandum). And the other cases cited by Westmoreland in support of its claim, *Hicks v. Big Brothers/Big Sisters of Amer.*,[4] *Rintchen v. Walker*,[5] and *Pagano v. Hadley*,[6] are all similarly unhelpful to Westmoreland's demand for the entire Personnel Files. In each of those cases, the courts ordered only that documents relevant to the issues in those cases needed to be produced. Here, as noted, Westmoreland has demanded the entirety of the Personnel Files, a request that goes far beyond what the courts in those cases held was relevant or needed to be produced. And even were this Court inclined to review the documents *in camera*, Westmoreland would still get nothing – counsel for Entech has reviewed the personnel files within Entech's possession, custody, or control, and there is nothing in those files which bears on the claims or defenses in this case.

---

[4] 168 F.R.D. 528 (E.D. Pa. 1996).

[5] 1996 U.S. Dist. LEXIS 6104 (E.D. Pa. May 7, 1996) (attached to Westmoreland's Memorandum).

[6] 100 F.R.D. 7589 (D. Del. 1984).

## II. WESTMORELAND'S MOTION TO COMPEL IMMEDIATE IDENTIFICATION OF ENTECH'S TRIAL WITNESSES SHOULD BE DENIED

Westmoreland's Motion to Compel also requests that the Court order Entech to identify, now, those persons Entech intends to call as witnesses at trial. This request should be denied.

First, such a request has no basis in the Federal Rules of Civil Procedure, the District Court Local Rules, or the Scheduling Order in this case. No depositions have been taken in this case, and Westmoreland's document production is still not complete (it has taken Westmoreland nearly 3 months to produce approximately 25,000 pages of documents). Entech does not know for certain at this time who its trial witnesses will be.

Second, as to Westmoreland's alternative request that Entech be compelled to disclose its trial witnesses "at some point before trial" and that Westmoreland be granted a blank check to pursue additional depositions, that request should be denied as both premature and as inappropriate for a motion to compel. If Westmoreland needs relief from the ten deposition limit imposed by Federal Rule of Civil Procedure 30(a)(2)(A) and the Scheduling Order in this case, it may seek leave of Court if and when the situation actually arises – *i.e.*, at the point in time following the close of discovery when the Court requires the parties to disclose their trial witnesses. But that situation has not arrived yet, and it very well never may, given that this case is scheduled for a one week bench trial in December and there is simply no way either side can expect to call all of the witnesses they have identified in their initial disclosures within that short a time frame.

Moreover, a motion to compel is not the appropriate mechanism by which Westmoreland should seek such relief. Whether Westmoreland should be granted leave to depose any witness identified by Entech which Westmoreland has not previously

7

deposed is a matter entrusted to this Court's discretion, and is not within Entech's power to grant or refuse, whether by way of a discovery meet-and-confer or this response to Westmoreland's motion to compel. Limits on the number of depositions are common in litigation, and it is by no means uncommon for a party to go to trial without having deposed all of the witnesses the other side will call at trial. Nevertheless, if the Court, upon an appropriate and timely application by Westmoreland, believes that some measure of relief is appropriate, Entech is amenable to an approach similar to the one the Court uses in its patent cases, as reflected in paragraph 2(g) of the Court's form scheduling order for patent cases (*see* http://www.ded.uscourts.gov/SLR/Form/SchedOrder-Patent.pdf), tailored, of course, to the applicable deadlines in this case.

## CONCLUSION

For all of the foregoing reasons, Entech respectfully requests that Westmoreland's Motion to Compel be denied.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Christian Douglas Wright_
Robert S. Brady (No. 2847)
John T. Dorsey (No. 2988)
Christian Douglas Wright (No. 3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com

-and-

WINSTON & STRAWN LLP
C. MacNeil Mitchell
Piero A. Tozzi
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

Rolf S. Woolner
333 South Grand Avenue
Los Angeles, CA 90071-1543
(213) 615-1700

Co-counsel to the Plaintiff

DATED: June 15, 2005

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2005, I caused to be electronically filed a true and correct copy of *Plaintiff Entech LLC's Answering Brief in Opposition to Defendants' Motion to Compel* with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Laurie Selber Silverstein, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street
>Wilmington, DE  19801

I further certify that on June 15, 2005, I caused a copy of the *Plaintiff Entech LLC's Answering Brief in Opposition to Defendants' Motion to Compel* to be served by hand-delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDEX**

>John G. Hutchinson, Esquire
>Sidley Austin Brown & Wood LLP
>787 Seventh Avenue
>New York, NY  10019

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ Christian Douglas Wright
>Christian Douglas Wright (No. 3554)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>P.O. Box 391
>Wilmington, DE 19899-0391
>(302) 571-6600
>cwright@ycst.com

*Attorneys for Entech LLC*