IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOUCH AMERICA HOLDINGS, INC., et al., | ) Bk. No. 03-11915 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| ENTECH LLC, | ) Adv. No. 04-52935 (KJC) |
| | ) |
| Plaintiff, | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) |
| | ) |
| Plaintiff-Intervenor,[1] | ) |
| | ) |
| v. | ) C.A. 04-1336-SLR |
| | ) |
| WESTMORELAND COAL COMPANY, a Delaware Corporation, and WESTMORELAND MINING LLC, a Delaware Limited Liability Company, | ) |
| | ) **Hearing Date:** To be scheduled only if the Court determines a hearing is necessary |
| | ) **Response Deadline:** September 1, 2005 at 4:00 p.m. (ET) |
| Defendants. | ) |

**MOTION OF PLAN TRUSTEE FOR APPROVAL OF STIPULATION
AND SETTLEMENT AGREEMENT BY AND BETWEEN THE
PLAN TRUST AND WESTMORELAND PURSUANT TO BANKRUPTCY RULE 9019**

Brent C. Williams, plan trustee (the "Plan Trustee") for the liquidating trust (the "Plan Trust") established in the above-captioned cases pursuant to the confirmed Debtors' Amended Liquidating Chapter 11 Plan, by and through his counsel, submits this motion (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking approval of the stipulation and settlement agreement (the "Stipulation"), a copy of which is attached as <u>Exhibit A</u>, between Westmoreland Coal Company and Westmoreland

---

[1] As of the Effective Date of the Plan, the Plaintiff-Intervenor was dissolved. All references herein to the Debtors and the Plan Trust shall include the Plaintiff-Intervenor because the Plan Trust is the successor in interest and has authority to take all acts on behalf of the Plaintiff-Intervenor.

Mining LLC (collectively, "Westmoreland") and the Plan Trustee (collectively, the "Parties"). In support of this Motion, the Plan Trustee respectfully represents as follows:

## JURISDICTION

1. This court has jurisdiction over this matter pursuant to the order entered by this Court on October 22, 2004, withdrawing the reference with respect to aspects of this Adversary Proceeding (defined below) from the United States Bankruptcy Court for the District of Delaware. Venue of these chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Rule 9019.

## BACKGROUND

2. On or about September 15, 2000, Entech LLC ("Entech") and Westmoreland Coal Company entered into a Stock Purchase Agreement (the "SPA") wherein Entech agreed to sell and Westmoreland Coal Company agreed to purchase all outstanding capital stock owned by Entech in Basin Resources, Inc., Horizon Coal Services, Inc., North Central Energy Company, Northwestern Resources Co., and Western Energy Company ("the Companies"). After the April 30, 2001 Closing Date, Entech presented Westmoreland with a "Closing Date Certificate." Westmoreland objected to the Closing Date Certificate and sought to have its objections reviewed by an independent accountant.

3. On August 16, 2001, a class of current and former shareholders of Montana Power Company,[2] filed an action in Montana state court, *McGreevey v. Montana Power Co.*, Case No. DV-01-141, Montana Second Judicial District Court, Butte-Silver Bow County (the "McGreevey Action") seeking damages in excess of $3 billion, the alleged loss in the value of their stock in the Montana Power Company based upon the sale of various energy businesses, including the sale to Westmoreland. While the parties to the McGreevey Action have reached a tentative

---

[2] At that time, Entech was a wholly-owned subsidiary of Montana Power Company.

agreement to have most defendants to the action dismissed with prejudice, including Westmoreland, the parties have yet to finalize such an agreement and the litigation continues.

4. On June 19, 2003 (the "Petition Date"), Entech filed a voluntary petition (along with several other co-debtors, the "Debtors") for relief under chapter 11 of title 11 of the United States Code, §§ 103-1130 (the "Bankruptcy Code").

5. On December 10, 2003, Westmoreland filed a proof of claim (the "POC") against Entech seeking recovery of damages allegedly suffered under the SPA, including an indemnification claim against Entech with respect to the McGreevey Action, and indemnity or a purchase price adjustment in the approximate amount of $30 million.

6. On or about March 5, 2004, Entech filed its complaint in the above-captioned adversary proceeding (the "Adversary Proceeding"), seeking the turnover of approximately $6.9 million plus additional interest that Entech contended was property of the estate that was being held by Westmoreland, as well as the disallowance of the Westmoreland POC.

7. On August 17, 2004, the Debtors filed their Amended Liquidating Chapter 11 Plan (the "Plan"). On October 6, 2004, the Court entered the Findings of Fact, Conclusions of Law and Order Under 11 U.S.C. § 1129 (a) and (b) Confirming Debtors' Amended Liquidating Chapter 11 Plan (the "Confirmation Order").

8. On August 19, 2004, Westmoreland filed its counterclaims in the Adversary Proceeding.

9. On October 19, 2004, the Plan became effective (the "Effective Date"). Pursuant to the terms of the Plan and the Confirmation Order, the Official Committee of Unsecured Creditors (the "Committee") was dissolved as of the Effective Date, the Plan Trust was established,

and Chanin Capital Partners[3] was appointed Plan Trustee and vested with the administration of the Debtors' post-confirmation estates, including this action.

10. On October 22, 2004, the United States District Court for the District of Delaware ("District Court") entered a consent order granting a joint motion to withdraw the reference.

11. The Plan Trust filed its First Amended Complaint in the Adversary Proceeding on November 10, 2004. Westmoreland filed its Amended Answer and Counterclaims on December 20, 2004.

12. On April 5, 2005, the Parties participated in a mediation before Magistrate Judge Thynge.

### Requested Relief

13. In order to avoid further litigation, and the fees and expenses associated therewith, the Plan Trustee and Westmoreland have engaged in arms length and good faith settlement negotiations regarding their disputes including, without limitation, those at issue in the Adversary Proceeding. Following negotiations over a period of many months, and document discovery in this action, the Parties ultimately reached agreement and entered into the attached Stipulation, which includes the following terms and conditions:[4]

    a. The Stipulation is subject to approval of the District Court. The date on which a District Court order approving the Stipulation becomes final and non-appealable shall be the "Effective Date."

---

[3] In May 2005, Brent Williams resigned from Chanin Capital Partners and relocated his practice to Saybrook Capital, LLC. Given his in-depth knowledge of these cases and thus the benefit to the Debtors' estate to have him continue to act in this matter, the Plan Oversight Committee agreed by written resolution, in accordance with the Plan Trust Agreement, that Brent Williams would act as Plan Trustee, effective as of May 1, 2005.

[4] While the Plan Trustee has summarized the terms of the Stipulation for purposes of this Motion, the summary of the Stipulation is qualified in its entirety by the Stipulation itself and terms and conditions listed therein shall govern if the Motion is approved by the Court.

b. Westmoreland shall pay to the Plan Trust the sum of one million, one hundred fifty thousand dollars ($1,150,000.00) (the "Settlement Payment") by wire transfer on or before five (5) business days after the Effective Date. Interest will begin to accrue at the statutory rate set forth in 6 Del. C. § 2301, compound interest calculated monthly, if the Settlement Payment is not received by the Plan Trust within that period.

c. Upon the Effective Date, except as set forth in paragraph 6 of the Stipulation, the POC is disallowed in its entirety. The Plan Trust is not required to hold in reserve any amount with respect to the POC after the Effective Date absent further order of the District Court.

d. Upon the Effective Date, the Adversary Proceeding shall be dismissed with prejudice, and the parties shall submit whatever additional stipulations are necessary to dismiss the Adversary Proceeding with prejudice in accordance with the terms of the Stipulation.

e. Except as provided in paragraph 8 of the Stipulation, Westmoreland releases, acquits and forever discharges the Plan Trust and Entech, and any of their current or former legal representatives, agents, assigns, affiliates, parents, subsidiaries, directors, employees, attorneys, successors, and predecessors from any and all claims, debts, demands, actions, causes of action, suits, dues, sums and sums of money, accountings, reckoning, bonds, specialties, indemnities, exonerations, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, extents, executions and liabilities of whatsoever nature, whether accrued or unaccrued, whether known or unknown, whether now existing or that might arise hereafter based on facts existing as of the date hereof, for or on account of or by reason of any act, omission, event, transaction or matter whatsoever including, without limitation, any matter alleged or which

could have been alleged in the Adversary Proceeding, or arising under the Closing Date Certificate or the SPA, for the period from the beginning of the world to this date. It is acknowledged and agreed that this release does not discharge or release the Plan Trust from performance of the undertakings of the Stipulation.

      f. Except as provided in paragraph 2 and paragraph 8 of the Stipulation, the Plan Trust, on behalf of itself and Entech, releases, acquits and forever discharges Westmoreland and any of its current or former legal representatives, agents, assigns, affiliates, parents, subsidiaries, directors, employees, attorneys, successors and predecessors from any and all claims, debts, demands, actions, causes of action, suits, dues, sums and sums of money, accountings, reckoning, bonds, specialties, indemnities, exonerations, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, extents, executions and liabilities of whatsoever nature, whether accrued or unaccrued, whether known or unknown, whether now existing or that might arise hereafter based on facts existing as of the date hereof, for or on account of or by reason of any act, omission, event, transaction or matter whatsoever including, without limitation, any matter alleged or which could have been alleged in the Adversary Proceeding, or arising under the Closing Date Certificate or the SPA, for the period from the beginning of the world to this date. It is acknowledged and agreed that the release does not discharge or release Westmoreland from performance of the undertakings of the Stipulation.

      g. The parties agree that, except as set forth in the Stipulation, neither Westmoreland, on the one hand, nor Entech nor the Plan Trust, on the other hand, shall owe the other any additional sums, or have any remaining payment obligations to the other

under the SPA or the Closing Date Certificate, or in connection with the Adversary Proceeding, or in connection with any other matter.

h. If Westmoreland is not dismissed with prejudice as a defendant in the McGreevey Action, all rights of both Westmoreland and the Plan Trust are reserved with respect to any claims purportedly arising therefrom. In the event the McGreevey Action is not settled, but results in a final judgment against Westmoreland, Westmoreland must, within twenty (20) days of that judgment becoming final, file a statement of particularized damages. A timely statement shall be treated as a permissible amendment to the POC. The Plan Trust reserves the right to oppose, reduce, or subordinate the amended POC on any and all grounds.

## BASIS FOR RELIEF

14. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement." The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *In re Penn Cent. Transp. Co.*, 596 F.2d 1002, 1113 (3d Cir. 1979) ("in administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts"), quoting *In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

15. Moreover, approval of a proposed settlement is within the "sound discretion" of the Bankruptcy Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in *In re Martin*, 91 F.3d at 393. The Bankruptcy Court should not substitute its judgment for that of the debtor. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803. Thus, the Court is not to decide the numerous questions of law or fact raised by litigation, but rather should

canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803 (citation omitted); see also *In re Martin*, 91 F.3d at 393 (noting that the standard of review of bankruptcy settlements on appeal is abuse of discretion).

16. In determining the fairness and equity of a compromise in bankruptcy, the Third Circuit has stated that it is important that the Bankruptcy Court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probability of ultimate success should the claims be litigated, and estimate the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment." *In re Penn Cent. Transp. Co.*, 596 F.2d 1127, 1146 (3d Cir. 1979). The District Court, as the intermediate bankruptcy appellate court, "has described the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'" *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (McKelvie, J.), quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997) (Farnan, J.).

17. More recently, the Third Circuit has enumerated a four-factor test that should be employed in deciding whether a bankruptcy settlement should be approved or disapproved, namely "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3d Cir. 2002), citing *Meyers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996).

18. The Plan Trustee believes that the compromises embodied in the Stipulation are fair, reasonable and in the best interests of the Debtors, their estates and creditors. Moreover,

the Plan Trustee submits that the Stipulation satisfies the four-factor test enumerated by the Third Circuit in *Martin*. The Parties have already expended time and estate resources reaching the resolution of the Adversary Proceeding embodied in the Stipulation. Since the latter part of 2004, the Parties have participated in numerous settlement discussions, including a mediation before Magistrate Judge Thynge. As a result of these discussions, the Plan Trustee believes the compromises reached between the Parties are in the best interests of the Debtors, their estates and creditors.

19. Despite its belief in the merits of Entech's case, the Plan Trustee believes that ensuring an immediate payment from Westmoreland of $1.15 million is fair and reasonable. Further litigation of the Parties' disputes will certainly be very costly, as it will involve additional factual and expert discovery concerning complex commercial and accounting issues. Moreover, as with most litigation, the outcome of the present dispute is uncertain. If Westmoreland is successful and its POC were allowed, it would result in over $30 million worth of claims being asserted against the Plan Trust. For all of these reasons, the Plan Trustee believes receiving the immediate payment of $1.15 million is in the best interests of the Debtors, their estates and creditors.

20. Accordingly, because the Stipulation is fair and reasonable and in the best interests of the Debtors' estates and creditors and meets the requirements under the Third Circuit's test, the Plan Trustee respectfully requests that this Court enter an order approving the Stipulation.

## WAIVER

The Plan Trustee waives his right to file a brief in support of the Motion pursuant to D. Del. LR 7.1.2(a).

DB01:1771606.6

062207.1001

WHEREFORE, the Plan Trustee respectfully requests that this Court enter the proposed form of order, submitted herewith, approving this Motion and the terms of the attached Stipulation.

Dated: Wilmington, Delaware
August 12, 2005

                WINSTON & STRAWN LLP
                Michael E. Emrich, Esq. (ME-4041)
                200 Park Avenue
                New York, New York 10166-4193
                Telephone: (212) 294-6700
                Facsimile: (212) 294-4700

                and

                Eric E. Sagerman
                Rolf S. Woolner
                333 South Grand Avenue, 38th Floor
                Los Angeles, California 90071
                Telephone: (213) 615-1700
                Facsimile: (213) 615-1750

                and

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                */s/ [signature]*
                Robert S. Brady (No. 2847)
                Edmon L. Morton (No. 3856)
                Erin Edwards (No. 4392)
                The Brandywine Building
                1000 West Street, 17th Floor
                P.O. Box 391
                Wilmington, Delaware 19899-0391
                Telephone: (302) 571-6600
                Facsimile: (302) 571-1253

                Co-Counsel for the Plan Trustee

DB01:1771606.6                  062207.1001

-11-

# **EXHIBIT A**

DB01:1771606.6                                                                                                                    062207.1001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOUCH AMERICA HOLDINGS, INC., et al., | ) Bk. No. 03-11915 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| ENTECH LLC, | ) Adv. No. 04-52935 (KJC) |
| | ) |
| Plaintiff, | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) C.A. 04-1336-SLR |
| | ) |
| WESTMORELAND COAL COMPANY, a Delaware Corporation, and WESTMORELAND MINING LLC, a Delaware Limited Liability Company, | ) |
| | ) **Reference Docket No.**___ |
| Defendants. | ) |

**ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING STIPULATION
AND SETTLEMENT AGREEMENT BY AND BETWEEN THE PLAN TRUST
AND WESTMORELAND PURSUANT TO BANKRUPTCY RULE 9019**

Upon consideration of the motion (the "Motion")[1] of Brent C. Williams, plan trustee for the liquidating trust established pursuant to the confirmed Debtors' Amended Liquidating Chapter 11 Plan (the "Plan Trustee"), for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Stipulation and Settlement Agreement By and Between Westmoreland and the Plan Trust (the "Stipulation") attached as <u>Exhibit A</u> to the Motion; and it appearing that the Court has jurisdiction to consider the Motion; and the Court having determined that the relief requested in the Motion is in the best

-2-

interests of the estates and creditors; and it appearing that due and adequate notice and disclosure of the Motion has been given; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Stipulation is approved pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated:   Wilmington, Delaware
         _____, 2005

                                    _____
                                    Sue L. Robinson
                                    Chief United States District Judge

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.